**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:24-Civ-81472-ROSENBERG-REINHART**

SHELBY TOWNSHIP POLICE & FIRE
RETIREMENT SYSTEM, Individually
and On Behalf of All Others Similarly
Situated,

                                         Plaintiff,

        vs.

CELSIUS HOLDINGS, INC., JOHN
FIELDLY, and JARROD LANGHANS,

                                         Defendants.

**CASE NO. 9:25-Civ-80053-MIDDLEBROOKS**

ANTHONY M. ABRAHAM, Individually
and On Behalf of All Others Similarly
Situated,

                                         Plaintiff,

        vs.

CELSIUS HOLDINGS, INC., JOHN
FIELDLY, and JARROD LANGHANS,

                                         Defendants.

**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MOVANT
DAVID W. KENDALL TO (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT
LEAD PLAINTIFF; AND (3) APPROVE SELECTION OF LEAD COUNSEL**

1

## MOTION

Movant David W. Kendall ("Movant"), pursuant to Section 21D of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), hereby moves this honorable Court on a date and at such time as may be designated by the Court, for an Order: (1) consolidating the related Securities Class Actions (defined below); (2) appointing Movant as Lead Plaintiff for the class of all purchasers of Celsius stock and put options sellers of Celsius Holdings, Inc., ("Celsius" or the "Company") between February 29, 2024 and September 4, 2024, both dates inclusive (the "Class Period"); (3) approving the Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (4) granting such other and further relief the Court may deem just and proper.

In support of this Motion, Movant submits herewith a Memorandum of Law, the Declaration of Laurence M. Rosen (with attachments), and a [Proposed] Order, all dated January 21, 2025.

## INTRODUCTION AND BACKGROUND

This action was commenced on November 22, 2024, against Celsius Holdings, Inc., ("Celsius" or the "Company") John Fieldly, and Jarrod Langhans (together "Defendants") for violations under the Exchange Act. That same day, an early notice pursuant to the PSLRA advising class members of, among other things, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff, was issued. *See* Declaration of Laurence M. Rosen ("Rosen Decl."), Ex. 1, filed herewith.

On January 14, 2025, the related action, *Abraham v. Celsius Holdings, Inc. et al*, Case No. 9:25-Civ-80053 (the "Abraham Action"), was commenced alleging substantially similar claims under the Exchange Act against the same defendants, expanding the class to include put sellers as part of the class.

Defendant Celsius, incorporated in Nevada and headquartered in this District, is a holding company that develops, processes, markets, distributes, and sells energy drinks and liquid supplements in the United States and internationally. Celsius common stock trades on the NASDAQ under the ticker symbol "CELH."

The complaint alleges that throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Celsius materially oversold inventory to Pepsi far in excess of demand, and faced a looming sales cliff during which Pepsi would significantly reduce its purchases of Celsius products; (2) as Pepsi drew down significant amounts of inventory overstock, Celsius' sales would materially decline in future periods, hurting the Company's financial performance and outlook; (3) Celsius' sales rate to Pepsi was unsustainable and created a misleading impression of Celsius' financial performance and outlook; (4) as a result, Celsius' business metrics and financial prospects were not as strong as indicated in defendants' Class Period statements; and (5) as a result of the foregoing, defendants' statements regarding the Company's outlook and expected financial performance were false and misleading at all relevant times.

On May 27, 2024, the price of Celsius stock surprisingly dropped as analysts and investors digested some of the latest retail store trends reported by Nielsen. Morgan Stanley noted that Celsius' sales growth slowed sequentially in weekly retail data – slowing to 39% year-over-year in the week ended May 18, down from 50% in the week ended May 4 – that its market share dipped, and that pricing for Celsius' products was down 7.2% year-over-year. Morgan Stanley cautioned that Celsius faced difficult sales comparisons over the next several quarters as it rolled over the anniversary of its Distribution Agreement with Pepsi. Similarly, Stifel warned sales could be dramatically diminished as Pepsi reduced the amount of Celsius inventory it held, noting that

Pepsi's reduction of its Celsius product inventories could result in "2Q24 sales below end-demand."

On this news, Celsius' stock price fell $12.23, or nearly 13% to close at $82.92 per share on May 28, 2024, on unusually heavy trading volume.

Defendants continued to issue misleading statements, until on September 4, 2024, when Defendant Fieldly and Celsius Chief of Staff Toby David ("David") presented at the Barclays 17th Annual Global Consumer Staples Conference.  Fieldly revealed that Celsius' sales to Pepsi were "roughly around [$]100 million to [$]120 million . . . from what [Pepsi] ordered last quarter" and Celsius was "still seeing these inventory levels being reduced" and that it had "increased" in the third quarter of 2024.  Adding on, David stated: "[J]ust to be precise with the [$]100 million to [$]120 million figure, . . . we're seeing approximately [$]100 million to [$]120 million less in orders to Pepsi in Q3 this year versus Q3 last year."  David added that because Celsius recognizes revenue when Celsius products are delivered to Pepsi – not when sold in stores to consumers – that store-level sales were not capable of capturing the lost revenue.  David went on to say: "What we are seeing correlate is depletions out of the Pepsi warehouse" which "simply means that they were holding to several million more cases over the past 1.5 years than they really needed to hold, and they're optimizing their network now."

On this news, Celsius' stock price fell, falling 11.6% to close at $32.39 per share on unusually high trading volume.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned related actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by substantially similar Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

### II.     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA set forth procedures for the selection of Lead Plaintiff in class actions brought under the Act.  The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group…" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Sherleigh Associates, LLC v. Windmere-Durable Holdings, Inc.*, 184 F.R.D. 688, 693 (S.D. Fla. 1999).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the class and, therefore, should be appointed Lead Plaintiff.

## A.   MOVANT IS WILLING TO SERVE AS CLASS REPRESENTATIVE

Movant has filed herewith a PSLRA certification attesting that Movant is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

## B.   MOVANT HAS THE LARGEST FINANCIAL INTEREST IN THE ACTION

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person … that … has the largest financial interest in the relief sought by the class" 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc.*, 2007 WL 170556, at *3 (M.D. Fla. Jan. 18, 2007). In determining the movant with the largest financial interest, Courts have employed the *Olsten/Lax* analysis: (1) the number of shares purchased during the class period; (2) the net number of shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period. *In re Comverse Technology, Inc. Secs. Litig.*, 2007 WL 680779 * 3

(E.D.N.Y. Mar. 2, 2007) (*citing Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036 * 5 (N.D. Ill. Aug. 11, 1997)); *In re Olsten Corp. Secs. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998).

Of the *Lax/Olsten*-styled factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $110,665.79 in connection with his purchases of Celsius securities. *See* Rosen Decl. Ex. 3. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

## C.      MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *In Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy of representation are

7

the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

**1. Movant's Claims are Typical**

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.,* 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Movant's claims are typical of the claims asserted by the Class Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about Celsius' business and financial condition. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

**2. Movant Is Adequate**

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Celsius securities and is therefore, extremely motivated to pursue claims in this action.

**D.      MOVANT IS PRESUMPTIVELY THE MOST ADEQUATE PLAINTIFF**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Movant has suffered substantial financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against it that would render Movant inadequate to represent the Class.

Thus, the close alignment of interests between Movant and other class members, as well as his strong desire to prosecute this action on behalf of the class, provides ample reason to grant Movant's motion to serve as Lead Plaintiff.

Further, Movant is a retired carpenter and has been investing for over twenty years. Movant has a college degree and resides in Durango, Colorado.

**III.     MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Plumbers & Pipefitters Local 51 Pension Fund v. Darden Restaurants, Inc.,*

No. 608-CV-388-ORL-19DAB, 2008 WL 2608111, at *2 (M.D. Fla. July 1, 2008) (when a law firm has prosecuted securities class actions in the past successfully, courts will generally not interfere with a lead plaintiff movant's choice of counsel.).

Movant has selected Rosen Law as Lead Counsel. Rosen Law has been actively researching the class plaintiffs' claims, reviewing financial and legal documents, and gathering other information in support of the claims against the Defendants. Furthermore, Rosen Law is experienced in the area of securities litigation and class actions and has successfully prosecuted securities litigation and securities fraud class actions on behalf of investors in courts across the country. *See* Rosen Decl., Ex. 4.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: ((1) consolidating the related Securities Class Actions; (2) appointing Movant as Lead Plaintiff for the class; (3) approving Movant's selection of Rosen Law as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

## COMPLIANCE WITH CIVIL LOCAL RULE 7.1(a)(2)

Local Rule 7.1(a)(2) requires a conference of counsel prior to filing motions. Due to the lead plaintiff procedure of the PSLRA, however, Movant does not yet know which other entities or persons plan to move for appointment as lead plaintiff until after all movants have filed

10

their respective motions. Under these circumstances, Movant respectfully requests that the conferral requirement of Local Rule 7.1(a)(2) be waived.

Dated: January 21, 2025    Respectfully submitted,

           **THE ROSEN LAW FIRM, P.A.**

           /s/Laurence M. Rosen
           Laurence M. Rosen, Esq., Fla. Bar No. 0182877
           275 Madison Avenue, 40th Floor
           New York, New York 10016
           Telephone: (212) 686-1060
           Fax: (212) 202-3827
           Email: lrosen@rosenlegal.com

           *[Proposed] Lead Counsel for Lead Plaintiff*

11

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 21, 2025, a true and correct copy of the foregoing document

was served by CM/ECF to the parties registered to the Court's CM/ECF system.


*/s/Laurence M. Rosen*
Laurence M. Rosen