## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SHELBY TOWNSHIP POLICE & FIRE RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CELSIUS HOLDINGS, INC., JOHN FIELDLY, and JARROD LANGHANS,<br><br>Defendants. | Case No. 9:24-cv-81472-RLR<br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF FRANCIS BAYOG FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL** |
| ANTHONY M. ABRAHAM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CELSIUS HOLDINGS, INC., JOHN FIELDLY, and JARROD LANGHANS,<br><br>Defendants. | Case No. 9:25-cv-80053-DMM |

Francis Bayog ("Bayog" or "Movant") respectfully submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) consolidating the above-captioned actions; (2) appointing Bayog as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Bayog's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel, and Kozyak Tropin Throckmorton, LLP ("KTT") as Liaison Counsel for the class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## PRELIMINARY STATEMENT

These class actions allege claims on behalf of persons who purchased or otherwise acquired Celsius Holdings, Inc. ("Celsius" or the "Company") common stock or sold put options between February 29, 2024 and September 4, 2024, inclusive (the "Class Period").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff.

Bayog believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Bayog satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims, and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Bayog

1

respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class, and his selection of GPM as lead counsel and KTT as liaison counsel should be approved. GPM has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## STATEMENT OF FACTS

Celsius is a offers various products in the functional energy drink category in the United States and internationally. The Company's flagship asset is CELSIUS, a no-sugar fitness drink or supplement the Company states is designed (with exercise) to accelerate metabolism and burn body fat while providing energy. CELSIUS comes in a ready-to-drink form and a powdered form, as well as various flavors and carbonated and noncarbonated options under the CELSIUS Originals and Vibe names. In 2023, the Company introduced a new CELSIUS Essentials line, which contains essential amino acids and is available in 16-ounce cans. The Company distributes its products through direct-to-store delivery, distributors, supermarkets, convenience stores, drug stores, nutritional stores, and mass merchants, as well as health clubs, gyms, the military, and e-commerce websites.

On May 27, 2024, Morgan Stanley reported that weekly retail data showed Celsius with slowed sales growth and cautioned that the Company faced difficult sales comparisons over the next several quarters as it rolled over the anniversary of its Distribution Agreement with Pepsi.

On this news, Celsius' stock price fell $12.23, or 12.9%, to close at $82.92 per share on May 28, 2024, thereby injuring investors.

Then, on September 4, 2024, the Company disclosed during a conference that Celsius' sales to Pepsi were reduced from "roughly around [$]100 million to [$]120 million . . . from what

[Pepsi] ordered last quarter," and that Celsius was "still seeing these inventory levels being reduced" and that it had "increased" in the third quarter of 2024.

On this news, Celsius' stock price fell $4.11, or 11.3%, to close at $32.39 per share on September 4, 2024.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (1) Celsius materially oversold inventory to Pepsi far in excess of demand, and faced a looming sales cliff during which Pepsi would significantly reduce its purchases of Celsius products; (2) as Pepsi drew down significant amounts of inventory overstock, Celsius' sales would materially decline in future periods, hurting the Company's financial performance and outlook; (3) Celsius' sales rate to Pepsi was unsustainable and created a misleading impression of Celsius' financial performance and outlook; (4) as a result, Celsius' business metrics and financial prospects were not as strong as indicated in defendants' Class Period statements; and (5) as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis at all relevant times.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Bayog and other class members have suffered significant losses and damages.

## PROCEDURAL BACKGROUND

On November 22, 2024, Plaintiff Shelby Township Police & Fire Retirement System commenced the first class action in this District against Celsius and certain of its officers, captioned

3

*Shelby Township Police & Fire Retirement System v. Celsius Holdings, Inc., et al.*, Case No. 9:24-cv-81472-RLR (the "*Shelby Township* Action").

On January 14, 2025, Plaintiff Anthony M. Abraham commenced a second substantially similar action against Celsius in this District captioned *Anthony M. Abraham v. Celsius Holdings, Inc., et al.*, Case No. 9:25-cv-80053-DMM (the "*Abraham* Action," and together with the *Shelby Township* Action, the "Related Actions").

**ARGUMENT**

**I.      The Related Actions Should Be Consolidated**

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact.

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal conclusions. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Kornfield v. Opteum Inc.*, No. 07-cv-14278, 2008 WL 11408525, at *2 (S.D. Fla. Sept. 29, 2008).

**II.     Bayog Should Be Appointed as Lead Plaintiff**

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a

"rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Bayog satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Bayog has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Bayog is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Bayog respectfully submits that he should be appointed lead plaintiff.

### A.   Bayog Filed a Timely Motion

Bayog has made a timely motion in response to a PSLRA early notice. On November 22, 2024, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Benjamin J. Widlanski in Support of Motion ("Widlanski Decl."),

Ex. A. Therefore, Bayog had sixty days (until January 21, 2025) to file a motion to be appointed as lead plaintiff. As a purchaser of Celsius securities during the Class Period, Bayog is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in Bayog's PSLRA certification, Bayog attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. Widlanski Decl., Ex. B. Accordingly Bayog satisfies the first requirement to serve as lead plaintiff for the class.

### B.       Bayog Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Bayog believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Bayog purchased Celsius securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $97,889.83. *See* Widlanski Decl., Ex. C. To the best of his knowledge, Bayog is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Bayog believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

### C.      Bayog Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, at the lead plaintiff stage of the litigation, "[t]he movant need only make a prima facie showing that the Rule 23(a) requirements of typicality and adequacy are met." *Okaro v. Icahn Enterprises L.P.*, 702 F. Supp. 3d 1296, 1300 (S.D. Fla. 2023).

### 1.      Bayog's Claims Are Typical

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Prado-Steinman ex rel. Prado v. Bush*, 22 F.3d 1266, 1279 (11th Cir. 2000); *Icahn Enterprises*, 702 F. Supp. 3d at 1301 (same).

Bayog's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Bayog alleges that Defendants' material misstatements and omissions concerning Celsius' business, operations, and financial prospects violated the federal securities laws. Bayog, like all members of the class, purchased Celsius securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Bayog's interests and claims are "typical" of the interests and claims of the class.

### 2. Bayog Is an Adequate Representative

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." "To satisfy the adequacy requirement, [the movant] must make a preliminary showing that '(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has sufficient interest in the outcome of the case to ensure vigorous advocacy.'" *Icahn Enterprises*, 702 F. Supp. 3d at 1301 (citation omitted).

Bayog has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Widlanski Decl., Ex. C. Bayog resides in Carrboro, North Carolina, and has a Bachelor of Arts in English from the University of North Carolina at Pembroke. Bayog is an owner, journalist, and social media manager at Epicflix LLC, and he has been managing his own investments for more than 4 years. Bayog is not aware of any conflict between his claims and those asserted on behalf of the class. As such, Bayog has demonstrated that he meets all of the PSLRA's requirements for appointment as a lead plaintiff, and his request for appointment should therefore be granted.

## III. Lead Plaintiff's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also Mulvaney v. GEO Group, Inc.*, 16-cv-81494, 2016 WL 10519276, at *3 (S.D. Fla. Nov. 18, 2016). Here, Bayog has selected GPM as lead counsel for the class and KTT as liaison counsel. The firms have collectively prosecuted numerous securities fraud class actions on behalf of injured investors. As reflected by the firms' resumes, *see* Widlanski Decl., Exs. D & E, the Court may be assured that, by granting

the Motion, the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Bayog's selection of counsel.

**CONCLUSION**

For the foregoing reasons, Bayog respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Bayog as Lead Plaintiff for the class; and (3) approving Lead Plaintiff's selections of GPM as Lead Counsel and Widlanski as Liaison Counsel for the Class.

Dated:  January 21, 2025                               Respectfully submitted,

**KOZYAK TROPIN THROCKMORTON, LLP**

*/s/ Benjamin J. Widlanski*
BENJAMIN J. WIDLANSKI, Esq.
Florida Bar No. 1010644
bwidlanski@kttlaw.com

MEAGHAN E. GOLDSTEIN, Esq.
Florida Bar No. 1024796
mgoldstein@kttlaw.com

2525 Ponce de Leon Boulevard, 9th Floor
Miami, FL 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508

*Liaison Counsel for Francis Bayog and
Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310-201-9150
Facsimile: 310-201-9160
Email: clinehan@glancylaw.com

9

*Counsel for Francis Bayog and*
*Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
2121 Avenue of the Stars, Suite 800
Century City, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

## CERTIFICATE OF SERVICE

I, Benjamin J. Widlanski, hereby certify that on January 21, 2025, a true and accurate copy

of the above document was electronically filed with the Clerk of the Court by using the CM/ECF

system which will send Notice of Electronic Filing (NEF) to all counsel of record.

_s/ Benjamin J. Widlanski_
Benjamin J. Widlanski

11