UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:24-81472-CV-ROSENBERG/REINHART

| | |
|---|---|
| SHELBY TOWNSHIP POLICE & FIRE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> -v- <br><br> CELSIUS HOLDINGS, INC., JOHN FIELDLY, and JARROD LANGHANS, <br><br> Defendants. | <u>CLASS ACTION</u> |

Case No. 9:25-80053-CV-MIDDLEBROOKS/MATTHEWMAN

| | |
|---|---|
| ANTHONY M. ABRAHAM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> -v- <br><br> CELSIUS HOLDINGS, INC., JOHN FIELDLY, and JARROD LANGHANS, <br><br> Defendants. | <u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
THE ZARABI FAMILY TRUST DATED SEPTEMBER 3, 1992
FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD
<u>PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

## TABLE OF CONTENTS

                                                                                       **Page**

TABLE OF AUTHORITIES ................................................................................................... ii

I. PRELIMINARY STATEMENT ................................................................................. 1

II. FACTUAL BACKGROUND ...................................................................................... 3

III. ARGUMENT ............................................................................................................... 4

    A. THE RELATED ACTIONS SHOULD BE CONSOLIDATED .............................................. 4

    B. THE TRUST'S MOTION IS TIMELY ............................................................................ 6

    C. THE TRUST IS THE PRESUMPTIVE LEAD PLAINTIFF AND
       SHOULD BE APPOINTED LEAD PLAINTIFF ................................................................ 7

         1. The Trust Has the Largest Financial Interest of Any
           Lead Plaintiff Movant ..................................................................................... 7

    D. THE TRUST SATISFIES RULE 23'S TYPICALITY AND ADEQUACY
       REQUIREMENTS ....................................................................................................... 9

         1. The Trust's Claims Are Typical ..................................................................... 9

         2. The Trust Will Fairly and Adequately Protect the Interests
           of the Class ..................................................................................................... 10

    E. THE COURT SHOULD APPROVE THE TRUST'S SELECTION
       OF COUNSEL .......................................................................................................... 11

IV. CONCLUSION .......................................................................................................... 12

CERTIFICATE REGARDING GOOD FAITH CONFERENCE. .................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aleman on behalf of Ryder Sys., Inc. v. Sancez*,
   No. 21-CV-20539, 2021 WL 917969 (S.D. Fla. Mar. 10, 2021)..............................................5

*Brustein v. Lampert*,
   No. 04-61159-CIV, 2005 WL 8154797 (S.D. Fla. June 16, 2005) ..........................................9

*Carvelli v. Ocwen Fin. Corp.*,
   No. 17-80500-CIV, 2017 WL 11068524 (S.D. Fla. July 14, 2017) .........................................9

*Einhorn v. AxoGen, Inc.*,
   No. 8:19-cv-69-EAK-AAS, 2019 WL 5636382 (M.D. Fla. Apr. 30, 2019)......................11, 12

*In re General Motors Corp. Sec. Litig.*,
   MDL No. 1749 (E.D. Mich.) ................................................................................................12

*In re Global Crossing, Ltd. Sec. Litig.*,
   No. 02-cv-910 (S.D.N.Y.)......................................................................................................12

*Jahm v. Bankrate, Inc.*,
   No. 14-cv-81323, 2015 WL 13650037 (S.D. Fla. Jan. 16, 2015)...........................................10

*Jastram v. Nextera Energy, Inc.*,
   No. 23-80833-CIV, 2023 WL 11885983 (S.D. Fla. Oct. 26, 2023) .........................................8

*In re Jan. 2021 Short Squeeze Trading Litig.*,
   No. 21-02989-MDL, 2023 WL 6534502 (S.D. Fla. Sept. 7, 2023)..........................................6

*In re Jan. 2021 Short Squeeze Trading Litig.*,
   No. 21-2989-MDL, 2021 WL 4840857 (S.D. Fla. Oct. 15, 2021) .....................................7, 11

*Kornfield v. Opteum Inc.*,
   No. 07-14278-CIV, 2008 WL 11408525 (S.D. Fla. Sept. 29, 2008)........................................7

*Lewitter v. Terran Orbital Corp., et al.*,
   No. 24-cv-81191-RLR (S.D. Fla. Jan. 2, 2025)........................................................................8

*Luczak v. Nat'l Beverage Corp.*,
   No. 0:18-CV-61631, 2018 WL 9847842 (S.D. Fla. Oct. 12, 2018) ...................................9, 10

*In re Marsh & McLennan Cos. Sec. Litig.*,
   MDL No. 1744 (S.D.N.Y.) ....................................................................................................12

*McIlvaine v. ArthroCare Corp.*,
    No. 08-80343-CIV, 2008 WL 11331999 (S.D. Fla. July 16, 2008) ..........................................9

*Miller v. Dyadic Int'l, Inc.*,
    No. 07–80948–CIV, 2008 WL 2465286 (S.D. Fla. Apr. 18, 2008) ............................... *passim*

*Mulvaney v. The GEO Grp., Inc.*,
    No. 16-cv-81494, 2016 WL 10519276 (S.D. Fla. Nov. 21, 2016) .........................................11

*Newman v. Eagle Bldg. Techs.*,
    209 F.R.D. 499 (S.D. Fla. 2002) ..............................................................................................6

*Okaro v. Icahn Enterprises L.P.*,
    702 F. Supp. 3d 1296 (S.D. Fla. 2023) ....................................................................................8

*Oklahoma Firefighters Pension & Ret. Sys. v. Rayonier Advanced Materials, Inc.*,
    No. 3:15-cv-546, 2015 WL 4730383 (M.D. Fla. Aug. 10, 2015)...........................................12

*In re Oxford Health Plans, Inc., Sec. Litig.*,
    MDL No. 1222 (S.D.N.Y.) .....................................................................................................12

*In re Pfizer Inc. Sec. Litig.*,
    No. 1:04-cv-9866 (S.D.N.Y.).................................................................................................11

*In re Refco, Inc., Sec. Litig.*,
    No. 05-cv-8626 (S.D.N.Y.) ....................................................................................................12

*In re Safety-Kleen Corp. Bondholders Litig.*,
    No. 00-cv-1145-17 (D.S.C.) ..................................................................................................12

*In re Tyco Int'l Ltd. Sec. Litig.*,
    No. 02-cv-1335 (D.N.H.).......................................................................................................11

**Statutes**

15 U.S.C. § 78j(b) ..........................................................................................................................1

15 U.S.C. § 78t(a) ..........................................................................................................................1

15 U.S.C. § 78u-4(a)(3) ....................................................................................................... *passim*

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) ..................................................................................................7

**Other Authorities**

Fed. R. Civ. P. 23................................................................................................................ *passim*

Fed. R. Civ. P. 42(a) ......................................................................................................................5

Loc. Civ. R. 7.1 ................................................................................................................................13

## I.   PRELIMINARY STATEMENT

The Zarabi Family Trust Dated September 3, 1992 (the "Trust"), by Trustees Frank Zarabi and Desiree Zarabi ("Trustees"), respectfully submits this memorandum of law in support of its motion, pursuant to Section 21D of the Securities Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an order (i) consolidating the above-captioned related securities class actions (the "Related Actions"); (ii) appointing the Trust as Lead Plaintiff in the class action pending against Celsius Holdings, Inc. ("Celsius" or the "Company"), John Fieldly ("Fieldly"), and Jarrod Langhans ("Langhans") (collectively, the "Defendants"); (iii) approving its selection of Grant & Eisenhofer P.A. ("G&E") as Lead Counsel for the Class and Josh Dubin, P.A. as Liaison Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper.

Pending before this Court are two related securities class actions, which assert that Celsius and certain of its officers violated Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78t(a), and Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. These claims are asserted on behalf of all persons and entities, other than Defendants, who purchased or otherwise acquired common stock issued by Celsius, or sold Celsius puts,[1] between February 29, 2024 and September 4, 2024, inclusive (the "Class Period"). The Related Actions allege that Defendants issued false and misleading statements regarding (i) the Company's inventory levels as they pertained to its partnership with Pepsi and (ii) demand for Celsius products and the Company's skyrocketing growth. When Defendants disclosed during the

---

[1] Two related complaints have been filed: *Shelby Township Police & Fire Retirement System v. Celsius Holdings, Inc. et al.*, No. 9:24-cv-81472-RLR (S.D. Fla.) and *Abraham v. Celsius Holdings, Inc. et al.*, No. 9:25-cv-80053-DMM (S.D. Fla.). The *Shelby Township* action was brought on behalf of purchasers of Celsius common stock. The *Abraham* action was brought on behalf of purchasers of Celsius common stock and sellers of Celsius puts.

1

Barclays 17th Annual Global Consumer Staples Conference, held on September 4, 2024, that the foregoing statements were false, Celsius's stock price dropped 11.6% to close at $32.39 per share on unusually high trading volume, causing the Trust and the Class to incur substantial damages.

The PSLRA governs the lead plaintiff selection process in class actions asserting claims under the federal securities laws.  Under the PSLRA, the Court is required to appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4 (a)(3)(B)(i).  The "most adequate plaintiff" is the movant with the "largest financial interest in the relief sought by the class" who can make a *prima facie* showing of the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  The Trust has incurred total losses of **nearly $44 million** on both its purchases of Celsius common stock and sales of Celsius put options[2] during the Class Period in connection with Defendants' false and misleading statements.  Because the Trust has good reason to believe that it possesses the largest financial interest in the Related Actions, it is the "most adequate plaintiff."

The Trust satisfies Rule 23's requirements because its claims are typical of those of the Class, and it will fairly and adequately represent the interests of the Class.  The Trust has a substantial financial interest in the Related Actions.  The Trust recognizes the PSLRA's requirements for Lead Plaintiff and is fully prepared to vigorously advocate on behalf of the Class to achieve the most desirable outcome for all Class members.  *See* Exhibit A to Declaration of Karin E. Fisch dated January 21, 2025 ("Fisch Decl.").

---

[2] During the Class Period, the Trust lost $44,599,802 in connection with its purchases of Celsius common stock.  The Trust had a **gain** of $730,711 in connection with its sales of Celsius put options.  Its total net losses for the classes as defined in the *Shelby Township* and *Abraham* actions are $43,869,091.  In addition, the Trust lost $3,331,284 in connection with its purchases of call options for Celsius common stock, which are included for the sake of completeness.  Thus, the Trust's total losses in connection with its Celsius investments during the Class Period are $47,201,185.

The Trust's selection of G&E as Lead Counsel further exemplifies its adequacy. As further outlined in Section III(E), *infra*, G&E is a preeminent firm nationally recognized for recovering billions of dollars on behalf of defrauded investors in an array of complex securities class actions. This Court should grant the Trust's motion for appointment as Lead Plaintiff.

## II.     FACTUAL BACKGROUND

As alleged in the complaints filed in the Related Actions, Celsius offers various products in the functional energy drink category in the United States and internationally. Compl. at ¶ 18, ECF No. 1.[3]  Celsius distributes its products through direct-to-store delivery, distributors, supermarkets, and convenience stores, among other channels. *Id.*  During the Class Period, Defendant Fieldly was the Company's Chief Executive Officer and Defendant Langhans was the Company's Chief Financial Officer. *Id.* at ¶¶ 7-8.

The complaints filed in the Related Actions allege that throughout the Class Period, Defendants made materially false and misleading statements and omitted to disclose material information regarding Celsius's financial performance.  In particular, Defendants routinely attributed Celsius's financial performance to its partnership with its largest distributor, Pepsi, which resulted in rapid and expansive growth in customer awareness and demand for Celsius's products. *Id.* at ¶¶ 30-40.

The truth was revealed to investors on September 4, 2024, when, during the Barclays 17th Annual Global Consumer Staples Conference, Fieldly announced that Celsius was "seeing approximately [$]100 million to [$]120 million less in orders to Pepsi in Q3 this year versus Q3

---

[3] References to "ECF No. 1" are to the first-filed complaint captioned, *Shelby Township Police & Fire Retirement System v. Celsius Holdings, Inc. et al.*, No. 9:24-cv-81472-RLR (S.D. Fla.).  For ease, unless otherwise indicated, we have cited only to the complaint filed in the *Shelby Township* Action; however, as indicated herein, the allegations in the *Abraham* complaint are nearly identical.

3

last year," and that Pepsi was "holding to several million more cases over the past 1.5 years than they really needed to hold." *Id.* at ¶ 53.  In other words, Celsius admitted that its sales to Pepsi did not accurately reflect market demand for Celsius products, and thus Pepsi was drawing down excess inventory from its warehouses.  *Id.*  In reaction to the Company's announcement, Celsius's stock price fell 11.6% over the next two days.  *Id.* at ¶ 25.  As a result of Defendants' false and misleading statements, Celsius shareholders suffered significant financial losses, including the Trust, whose losses amounted to **nearly $44 million.**

### III.     ARGUMENT

The PSLRA requires courts to consider motions filed on behalf of individuals or entities seeking to be appointed lead plaintiff of a class action in response to a published notice of class action by the later of (i) 60 days after the date of publication or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B).  The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that: (1) has either filed the complaint or made a motion in response to a notice; (2) has the "largest financial interest in the relief sought by the class"; and (3) otherwise satisfies the requirements of Rule 23.  *Id.*

#### A.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Two related securities class actions have been filed in this Court: *Shelby Township Police & Fire Retirement System v. Celsius Holdings, Inc. et al.*, No. 9:24-cv-81472-RLR (S.D. Fla.) (the "*Shelby Township* Action" and the complaint filed therein at ECF No. 1, the "*Shelby Township* Compl.") and *Anthony M. Abraham v. Celsius Holdings, Inc. et al.*, No. 9:25-cv-80053-DMM (S.D. Fla) (the "*Abraham* Action" and the complaint filed therein at ECF No. 1, the "*Abraham* Compl."). Aside from the fact that the *Abraham* Compl. alleges claims on behalf of shareholders who purchased Celsius common stock or sold Celsius puts, and the *Shelby Township* Compl.

4

alleges claims solely on behalf of shareholders who acquired Celsius common stock, the Related Actions are substantially similar and should thus be consolidated.

*First*, the nature of the fraud is identical in the Related Actions. The Related Actions both allege that Defendants defrauded investors when they repeatedly told investors that Celsius's 2023 record revenues and expansion were driven by the availability of its energy drinks in distribution channels and Pepsi's continued demand for Celsius's products, when, in actuality, Celsius had only achieved record revenues because of Pepsi's one-time stock up of Celsius product in 2023, which did not represent ongoing demand for Celsius. (*Shelby Township* Compl. ¶ 25; *Abraham* Compl. ¶ 25). *Second*, the Related Actions challenge many of the same statements as false and misleading. For instance, both Actions challenge the statement that revenues were "driven by expanded availability of our products and increased consumer awareness" (*Shelby Township* Compl. ¶ 26; *Abraham* Compl. ¶ 26) as well as the statement "Celsius is now truly a $1 billion brand" (*Shelby Township* Compl. ¶ 27; *Abraham* Compl. ¶ 27). *Third*, the Related Actions contain the same exact corrective disclosure, i.e., the September 4, 2024 news that Celsius was experiencing approximately $100 to $120 million less in orders to Pepsi in the third quarter of 2024 versus the third quarter of 2023. *Shelby Township* Compl. ¶ 53; *Abraham* Compl. ¶ 53. *Finally*, the Class Periods are the same. *Compare Shelby Township* Compl. ¶ 1 (alleging a class period of February 29, 2024 through September 4, 2024) *with Abraham* Compl. ¶ 1 (same).

Where, as here, the actions involve common questions of law or fact, consolidation of the related actions is appropriate. *See* Fed. R. Civ. P. 42(a); *Aleman on behalf of Ryder Sys., Inc. v. Sancez*, No. 21-CV-20539, 2021 WL 917969, at *2 (S.D. Fla. Mar. 10, 2021). The PSLRA provides that: "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under [the Exchange Act] has been filed," the court must decide the motion for

consolidation before appointing a lead plaintiff. *See In re Jan. 2021 Short Squeeze Trading Litig.*, No. 21-02989-MDL, 2023 WL 6534502, at *3 (S.D. Fla. Sept. 7, 2023) (quoting 15 U.S.C. § 78u-4(a)(3)(A)(ii)). "Consolidation of shareholder class actions is recognized as benefitting the court and the parties by expediting pretrial proceedings, reducing case duplication, and minimizing the expenditure of time and money by all persons concerned." *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 502 (S.D. Fla. 2002) (citation omitted).

Here, the Related Actions were both filed in this District and assert the same exact wrongdoing. Indeed, the "complaints present virtually identical claims for relief" and thus consolidation is appropriate. *See Eagle Bldg.*, 209 F.R.D. at 502 (holding that consolidation of two securities class actions alleging "similar issues of law and fact" was appropriate, and noting that consolidation "promotes judicial economy" and "reduce[s] waste, confusion, and delay."). For these reasons, the *Shelby Township* and *Abraham* Actions should be consolidated.

### B.     THE TRUST'S MOTION IS TIMELY

On November 22, 2024, notice was published on *Business Wire* alerting investors that a class action lawsuit was filed against Celsius and the Individual Defendants for violating the Exchange Act, and of the right to move the Court to be appointed as Lead Plaintiff by January 21, 2025. *See* Fisch Decl. Ex. C. Because the Trust's motion for appointment as Lead Plaintiff has been filed by the statutory deadline, its motion is timely. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) (providing that any class member may move for appointment as lead plaintiff within 60 days of publication of notice that the action was filed).

### C. THE TRUST IS THE PRESUMPTIVE LEAD PLAINTIFF AND SHOULD BE APPOINTED LEAD PLAINTIFF

The Trust should be appointed Lead Plaintiff because it is the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). Pursuant to the PSLRA, there is a rebuttable presumption that the "most adequate plaintiff" is the "person or group of persons" with the "largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Miller v. Dyadic Int'l, Inc.*, No. 07-80948-CIV, 2008 WL 2465286, at *3 (S.D. Fla. Apr. 18, 2008) (quoting statute).

The Trust is the "most adequate plaintiff" because it has the largest financial interest of any qualified movant, satisfies Rule 23's typicality and adequacy requirements, and possesses the willingness and resources to effectively oversee and litigate this action on behalf of the Class.

#### 1. The Trust Has the Largest Financial Interest of Any Lead Plaintiff Movant

The Trust has the "largest financial interest in the relief sought by the class" and should thus be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Under the PSLRA, determining which movant possesses the "largest financial interest in the relief sought by the class" is the most significant factor in determining who is the "most adequate" lead plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); *In re Jan. 2021 Short Squeeze Trading Litig.*, No. 21-2989-MDL, 2021 WL 4840857, at *2 (S.D. Fla. Oct. 15, 2021) ("Given the PSLRA's framework, the person(s) or entity with the greatest financial interest generally enjoys the rebuttable presumption that he, she, or it is the most adequate plaintiff to serve as lead plaintiff."); *Kornfield v. Opteum Inc.*, No. 07-14278-CIV, 2008 WL 11408525, at *3 (S.D. Fla. Sept. 29, 2008) ("[T]he most important factor in determining the lead plaintiff is the amount of financial interest claimed."). In determining the largest financial interest in the relief sought, "[c]ourts in this circuit have considered four factors: (1) the number of shares purchased during the class period; (2) the number of net shares purchased;

7

(3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Jastram v. Nextera Energy, Inc.*, No. 23-80833-CIV, 2023 WL 11885983, at *2 (S.D. Fla. Oct. 26, 2023). "Of the four factors, most courts give the greatest weight to estimated losses." *Okaro v. Icahn Enterprises L.P.*, 702 F. Supp. 3d 1296, 1300 (S.D. Fla. 2023).

The last-in, first-out ("LIFO") basis for calculating losses is the commonly accepted methodology in this circuit. *See Lewitter v. Terran Orbital Corp. et al.*, No. 24-cv-81191-RLR, slip op. at 4 (S.D. Fla. Jan. 2, 2025) (Rosenberg, J.) (considering LIFO method in determining the movant with the greatest losses); *Okaro*, 702 F. Supp. 3d at 1300 (same). Under the LIFO method, the Trust has losses of ***$43,869,091*** resulting from its purchases of Celsius common stock and sales of Celsius put options during the Class Period. To the Trust's knowledge, there is no other investor who has higher losses. *See* Fisch Decl. Ex. B (Loss Charts).

| Type of Security | Total Number of Shares Purchased | Net Shares Purchased | Net Funds Gain / (Expense) | LIFO Gain / (Loss) |
|---|---|---|---|---|
| Common Stock | 1,741,073 | 800,000 | ($69,411,415) | ($44,599,802) |
| Put Options | n/a | n/a | $730,711 | $730,711 |
| **Total** | **1,741,073** | **800,000** | **($68,680,704)** | **($43,869,091)** |
| Call Options[4] | n/a | n/a | ($3,331,284) | ($3,331,284) |

During the Class Period, the Trust: (1) purchased a total of 1,741,037 shares of Celsius common stock; (2) expended $68,680,704 on its transactions of common stock and put options; and (3) retained 800,000 shares of Celsius common stock. These facts, combined with the Trust's

---

[4] Celsius's losses in connection with its call options for Celsius common stock are included in the chart for the sake of completeness, but have not been included in the totals provided in the chart.

8

LIFO losses of $43,869,091 demonstrate that the Trust has the largest financial interest in the litigation, and is therefore the "most adequate plaintiff."

To the Trust's knowledge, no other movant has a larger financial interest in the relief sought by the Class.

**D.     THE TRUST SATISFIES RULE 23'S TYPICALITY AND ADEQUACY REQUIREMENTS**

The party moving for lead plaintiff need not only demonstrate that it has the largest financial interest, but also that it satisfies the typicality and adequacy requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *Carvelli v. Ocwen Fin. Corp.*, No. 17-80500-CIV, 2017 WL 11068524, at *6 (S.D. Fla. July 14, 2017) ("At this early stage of the litigation, only the Rule 23 requirements of typicality and adequacy must be fulfilled.") (citation omitted); *Miller*, 2008 WL 2465286, at *6 ("Of [Rule 23's] prerequisites, only two – typicality and adequacy – are relevant in deciding a motion for appointment of lead plaintiff."). "The movant need only make a *prima facie* showing that Rule 23(a)'s requirements of typicality and adequacy are met." *Luczak v. Nat'l Beverage Corp.*, No. 0:18-CV-61631, 2018 WL 9847842, at *2 (S.D. Fla. Oct. 12, 2018) (citing *Brustein v. Lampert*, No. 04-61159-CIV, 2005 WL 8154797, at *7 (S.D. Fla. June 16, 2005)).

**1.     The Trust's Claims Are Typical**

Rule 23(a)(3) requires a lead plaintiff movant to demonstrate that its defenses are typical of those of the class. "Typicality is established where the proposed lead plaintiff has sustained the same injuries as the proposed class members resulting from the same course of conduct by the defendants." *McIlvaine v. ArthroCare Corp.*, No. 08-80343-CIV, 2008 WL 11331999, at *4 (S.D. Fla. July 16, 2008). Here, the Trust's claims arise from the same fraudulent conduct that injured the other Class members. Namely, the Trust, like the other Class members: (1) purchased shares of Celsius stock, and sold Celsius puts, during the Class Period; (2) at prices that were artificially inflated by Defendants' materially false and misleading statements; and (3) suffered damages

9

when the false and misleading nature of those statements became publicly known and the value of Celsius's stock fell in response. *See, e.g.*, *Luczak*, 2018 WL 9847842, at *2 ("Luczak, like all members of the class, alleges that Defendants made false statements and omissions of material fact in violation of federal securities laws, and that Luczak, like all members of the class, suffered damages as a result of these violations. Luczak's claims therefore appear typical of the purported class as a whole") (citation and internal quotations omitted)); *Miller*, 2008 WL 2465286, at *6 (finding movant satisfied typicality requirement based on similar facts). Accordingly, the Trust satisfies Rule 23's typicality requirement.

> **2.    The Trust Will Fairly and Adequately Protect the Interests of the Class**

The Trust also satisfies the adequacy requirement of Rule 23. Rule 23(a)(4) provides that a representative party must "fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4). "The Eleventh Circuit has instructed that adequacy of representation is primarily based on the forthrightness and vigor with which the representative party can be expected to assert and defend the interests of the class and whether plaintiffs have interests antagonistic to those of the rest of the class." *Jahm v. Bankrate, Inc.*, No. 14-cv-81323, 2015 WL 13650037, at *2 (S.D. Fla. Jan. 16, 2015) (cleaned up). The adequacy requirement is satisfied by showing that: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Miller*, 2008 WL 2465286, at *6 (internal quotations and citations omitted).

The Trust satisfies these elements. The Trust has chosen G&E—a highly qualified and experienced securities litigation firm that has consistently achieved success for defrauded investors—as Lead Counsel. *See* Section III(E), *infra*. The Trust's interests are aligned with those

10

of the other class members and are not antagonistic in any way. Further, the Trust will vigorously advocate on behalf of other Class members as it has incurred substantial financial losses as a result of Defendants' misrepresentations and omissions. For the foregoing reasons, the Trust is an adequate Class representative under Rule 23.

### E. THE COURT SHOULD APPROVE THE TRUST'S SELECTION OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the entire class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Trust has selected G&E to serve as Lead Counsel and Josh Dubin, P.A. to serve as Liaison Counsel in this case.

Unless adverse to the interests of the class, a court should not interfere with a lead plaintiff's selection of counsel. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(a); *see also In re January 2021 Short Squeeze Trading Litig.*, 2021 WL 4840857, at *6 ("The district court should generally employ a deferential standard in reviewing the lead plaintiff's choice [of counsel].") (citing *Einhorn v. AxoGen, Inc.*, No. 8:19-cv-69-EAK-AAS, 2019 WL 5636382, at *3 (M.D. Fla. Apr. 30, 2019); *Mulvaney v. The GEO Grp., Inc.*, No. 16-cv-81494, 2016 WL 10519276, at *3 ("The Court should interfere with lead plaintiff's selection only when necessary to protect the interests of the class.") (internal quotations omitted).

The Trust has selected G&E as counsel, an esteemed plaintiffs' firm that is highly experienced in litigating securities class actions. G&E has adequate resources to prosecute this action and obtain the best outcome for the Class. Moreover, G&E has served as lead or co-lead counsel in several of the largest securities class actions in history, including: *In re Tyco International Ltd. Securities Litigation*, No. 02-cv-1335 (D.N.H.) ($3.2 billion recovery); *In re Pfizer Inc. Securities Litigation*, No. 1:04-cv-9866 (S.D.N.Y.) ($486 million recovery); *In re Global Crossing, Ltd. Securities Litigation*, No. 02-cv-910 (S.D.N.Y.) ($448 million recovery);

11

*In re Refco, Inc., Securities Litigation*, No. 05-cv-8626 (S.D.N.Y.) ($367 million recovery); *In re Marsh & McLennan Cos. Securities Litigation*, MDL No. 1744 (S.D.N.Y.) ($400 million recovery); *In re General Motors Corp. Securities Litigation*, MDL No. 1749 (E.D. Mich.) ($303 million recovery); *In re Oxford Health Plans, Inc., Securities Litigation*, MDL No. 1222 (S.D.N.Y.) ($300 million recovery); and *In re Safety-Kleen Corp. Bondholders Litigation*, No. 00-cv-1145-17 (D.S.C.) ($276 million recovery). *See also* Fisch Decl. Ex. D (G&E Firm Resume). Because of G&E's preeminence and tenure in representing investors in securities class actions, this Court should approve the Trust's selection of G&E as Lead Counsel. *See AxoGen*, 2019 WL 5636382, at *3 ("Grant & Eisenhofer P.A. possess[es] the requisite experience in the area of securities class actions to represent the interests of the putative class"); *Oklahoma Firefighters Pension & Retirement Sys. v. Rayonier Advanced Materials, Inc.*, No. 3:15-CV-546-J-32PDB, 2015 WL 4730383, at *2 (M.D. Fla. Aug. 10, 2015) (determining that G&E has "substantial experience in securities class actions," and approving movants' selection of G&E as lead counsel); *Miller*, 2008 WL 2465286, at *10 ("Because there is nothing to suggest that Movant or its counsel will not fairly and adequately represent the Class, the Court will not interfere with the Lead Plaintiff's selection of counsel . . . .").

Based on G&E's experience and track record as counsel in securities class actions, the Trust's selection of G&E as Lead Counsel is reasonable and should be approved.

### IV. CONCLUSION

For the foregoing reasons, the Trust respectfully requests that this Court: (1) consolidate the Related Actions; (2) grant its motion to be appointed Lead Plaintiff; and (3) approve its choice of counsel as Lead Counsel for the Class.

## CERTIFICATE REGARDING GOOD FAITH CONFERENCE

Pursuant to Local Civil Rule 7.1(a)(3), counsel for the Trust state that they could not confer with counsel for the opposing movants prior to filing this motion. The PSLRA requires all motions seeking appointment as lead plaintiff to be filed within 60 days of the publication of the notice of pendency of the action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Because no such motions were filed meaningfully in advance of the Trust's motion, it was therefore not possible to confer with counsel for the other movants to assess whether the instant motion would be opposed or to attempt to resolve the issues raised by the motion.

Dated: New York, New York
January 21, 2025

Respectfully submitted,

/s/ Joshua. E. Dubin
Joshua E. Dubin (Florida Bar #48865)
**JOSH DUBIN, P.A.**
201 South Biscayne Boulevard
Suite 1210
Miami, Florida 33131
Tel.: (212) 219-1469
Fax: (212) 219-1897
Email: josh@jdubinlaw.com

*Liaison Counsel for the Trust and Proposed Liaison Counsel for the Class*

/s/ Karin E. Fisch
Karin E. Fisch (*pro hac vice* application forthcoming)
Mica A. Cocco (*pro hac vice* application forthcoming)
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: kfisch@gelaw.com
Email: mcocco@gelaw.com

*Counsel for the Trust and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2025, I caused the forgoing to be filed electronically with the Court's Case Management/Electronic Case Filing System ("CM/ECF"). Notice of those filings was sent to all parties of record by operation of the Notice of Electronic Filing System, and the parties to this action may access the filings through CM/ECF.

*/s/ Joshua E. Dubin*
Joshua E. Dubin