UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:24-Civ-81472-RLR and Case No. 9:25-cv-80053-DMM

| | |
|---|---|
| SHELBY TOWNSHIP POLICE & FIRE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | CLASS ACTION |

Plaintiff,

vs.

CELSIUS HOLDINGS, INC., et al.,

Defendants.

_____/

| | |
|---|---|
| ANTHONY M. ABRAHAM, Individually and on Behalf of All Others Similarly Situated, | CLASS ACTION |

Plaintiff,

vs.

CELSIUS HOLDINGS, INC., et al.,

Defendants.

_____/

**PROPOSED LEAD PLAINTIFF ANTHONY M. ABRAHAM AND ANNA HANDY'S
MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD
PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD
COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF**

4897-9751-7329.v1

Case No. 9:24-Civ-81472-RLR and Case No. 9:25-cv-80053-DMM

**MOTION**

Proposed lead plaintiff Anthony M. Abraham and Anna Handy hereby move this Court for an Order: (1) consolidating the Related Actions;[1] (2) appointing Mr. Abraham and Ms. Handy as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (3) approving Mr. Abraham and Ms. Handy's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel.

**MEMORANDUM OF LAW**

## I.   INTRODUCTION

Two related securities class action lawsuits brought on behalf of investors of Celsius Holdings, Inc. ("Celsius" or the "Company") securities alleging claims under the Securities Exchange Act of 1934 (the "Exchange Act") are pending before this Court.  The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires district courts to resolve consolidation before appointing a lead plaintiff in securities cases.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Here, the Related Actions should be consolidated because they are based on the same core set of facts and assert nearly identical claims against the same defendants on behalf of a proposed class of investors in Celsius securities during identical class periods alleging the same violations of the federal securities laws. *See* Fed. R. Civ. P. 42(a).

As soon as practicable after consolidating the Related Actions, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions."  15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court

---

[1]     The Related Actions are *Shelby Township Police & Fire Ret. Sys. v. Celsius Holdings, Inc.*, No. 9:24-cv-81472 (filed November 22, 2024) and *Abraham v. Celsius Holdings, Inc.*, No. 9:25-cv-80053 (filed January 14, 2025).  Unless otherwise noted, all emphasis is added and citations are omitted.

4897-9751-7329.v1

Case No. 9:24-Civ-81472-RLR and Case No. 9:25-cv-80053-DMM

determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Here, Mr. Abraham and Ms. Handy should be appointed lead plaintiff because they filed a timely motion, have a significant financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Mr. Abraham and Ms. Handy's selection of Robbins Geller to serve as lead counsel is reasonable and should be approved. *See* 15 U.S.C. §78u-4 (a)(3)(B)(v).

## II.     FACTUAL BACKGROUND

Celsius is a holding company that develops, processes, markets, distributes, and sells energy drinks and liquid supplements. Celsius stock trades on the NASDAQ under the symbol CELH.

The complaints allege that throughout the Class Period defendants made false and/or misleading statements and/or failed to disclose that: (i) Celsius materially oversold inventory to PepsiCo, Inc. ("Pepsi") far in excess of demand, and faced a looming sales cliff during which Pepsi would significantly reduce its purchases of Celsius products; (ii) as Pepsi drew down significant amounts of inventory overstock, Celsius' sales would materially decline in future periods, hurting the Company's financial performance and outlook; (iii) Celsius' sales rate to Pepsi was unsustainable and created a misleading impression of the Company's financial performance and outlook; (iv) as a result, Celsius' business metrics and financial prospects were not as strong as indicated in defendants' Class Period statements; and (v) consequently, defendants' statements regarding Celsius' outlook and expected financial performance were false and misleading at all relevant times.

The complaints allege that on May 27, 2024, the price of Celsius stock fell nearly 13% as analysts and investors digested some of the latest retail store trends reported by Nielsen, including that Celsius' sales growth slowed in retail data. The complaints further allege that on September 4,

Case No. 9:24-Civ-81472-RLR and Case No. 9:25-cv-80053-DMM

2024, defendants revealed, among other things, that Celsius' sales to Pepsi were reduced from "roughly around [$]100 million to [$]120 million . . . from what [Pepsi] ordered last quarter," that Celsius was "still seeing these inventory levels being reduced" and that it had "increased" in the third quarter of 2024, and that "just to be precise with the [$]100 million to [$]120 million figure, . . . we're seeing approximately [$]100 million to [$]120 million less in orders to Pepsi in Q3 this year versus Q3 last year." ECF 1 at ¶53. On this news, the price of Celsius stock fell more than 11%.

The complaints allege that on November 6, 2024, Celsius reported its third quarter 2024 results, disclosing "[p]ronounced supply chain optimization" by Pepsi that "'had an outsized and adverse impact on [Celsius'] operating results'" and negatively impacted Celsius' orders, margins, and revenues. ECF 1 at ¶55. Celsius stock fell another 5% in response to these disclosures.

As a result of defendants' alleged wrongful acts and omissions and the decline in the value of Celsius securities, Mr. Abraham and Ms. Handy and other class members have suffered significant losses and damages.

## III.    LEGAL ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). Under Rule 42(a), consolidation is appropriate when actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The Related Actions allege the same claims on behalf of Celsius investors, name the same defendants, and arise out of the same facts and circumstances regarding defendants' alleged wrongdoing. *See Newman v. Eagle Building Techs.*, 209 F.R.D. 499, 501-02 (S.D. Fla. 2002). Thus, the Related Actions should be consolidated.

4897-9751-7329.v1

Case No. 9:24-Civ-81472-RLR and Case No. 9:25-cv-80053-DMM

**B.      Mr. Abraham and Ms. Handy Are the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff**

The PSLRA established a procedure governing the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(A)(i).  The plaintiff in the *Shelby Township* action, the first-filed action, caused a notice regarding the pendency of the action to be published on *Business Wire*, a national, business-oriented newswire service, on November 22, 2024.  *See* Declaration of Robert J. Robbins in Support of Proposed Lead Plaintiff Anthony M. Abraham and Anna Handy's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Counsel ("Robbins Decl."), Ex. A.

Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  In determining the "most adequate plaintiff," the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa)     has either filed the complaint or made a motion in response to a notice . . . ;

- 4 -

4897-9751-7329.v1

Case No. 9:24-Civ-81472-RLR and Case No. 9:25-cv-80053-DMM

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Mr. Abraham and Ms. Handy meet these requirements and should therefore be appointed Lead Plaintiff.

### a.    Mr. Abraham and Ms. Handy's Motion Is Timely

According to the published notice, the time period in which class members may move to be appointed lead plaintiff herein under the PSLRA expires on January 21, 2025, the same day this Motion is being filed.  *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).  In addition, Mr. Abraham and Ms. Handy duly signed Certifications stating that they are willing to serve as the representative party on behalf of the class.  *See* Robbins Decl., Ex. B.  Accordingly, because Mr. Abraham and Ms. Handy have complied with the PSLRA's procedural requirements, Mr. Abraham and Ms. Handy are entitled to have their application for appointment as lead plaintiff considered and approved by the Court.

### b.    Mr. Abraham and Ms. Handy Have the Largest Financial Interest in the Relief Sought by the Class

As evidenced by their Certifications and loss chart, Mr. Abraham and Ms. Handy suffered approximately $976,825 in losses as a result of defendants' alleged misconduct pursuant to the Exchange Act.  *See* Robbins Decl., Exs. B, C.  To the best of Mr. Abraham and Ms. Handy's counsel's knowledge, there are no other plaintiffs with a larger financial interest during the Class Period.  Therefore, Mr. Abraham and Ms. Handy satisfy the PSLRA's prerequisite of having the largest financial interest.

4897-9751-7329.v1

Case No. 9:24-Civ-81472-RLR and Case No. 9:25-cv-80053-DMM

### c. Mr. Abraham and Ms. Handy Otherwise Satisfy Rule 23's Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this stage, the lead plaintiff movant need only make a preliminary showing that the Rule 23(a) requirements of typicality and adequacy are met. *Jahm v. Bankrate, Inc.*, 2015 WL 13650037, at *2 (S.D. Fla. Jan. 16, 2015). "The typicality requirement of Rule 23(a)(3) is satisfied where 'the claims or defenses of the representative parties are typical of the claims or defenses of the class.'" *Id.* "The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party 'will fairly and adequately protect the interests of the class.' Fed. R. Civ. P. 23(a)(4). The Eleventh Circuit has instructed that adequacy of representation is primarily based on 'the forthrightness and vigor with which the representative party can be expected to assert and defend the interests of the . . . class' and 'whether plaintiffs have interests antagonistic to those of the rest of the class.'" *Id.* Mr. Abraham and Ms. Handy satisfy these requirements.

Here, Mr. Abraham and Ms. Handy, like other class members: (1) purchased Celsius stock or sold Celsius puts during the Class Period; (2) were adversely affected by defendants' false and misleading statements; and (3) suffered damages therefrom. Thus, Mr. Abraham and Ms. Handy's claims are typical of those of other class members because their claims and the claims of other class members arise out of the same course of events and are based on the same legal theories. Mr. Abraham and Ms. Handy's significant financial interest ensures that they will vigorously represent the class. Moreover, Mr. Abraham and Ms. Handy executed a Joint Declaration detailing their commitment to working together to control the litigation and maximize the recovery for the class.

4897-9751-7329.v1

Case No. 9:24-Civ-81472-RLR and Case No. 9:25-cv-80053-DMM

*See* Robbins Decl., Ex. D.  As attorneys and experienced investors, Mr. Abraham and Ms. Handy are well-situated to oversee counsel and ensure zealous advocacy on behalf of the class.  Finally, as set forth in more detail below, Mr. Abraham and Ms. Handy have retained Robbins Geller as proposed lead counsel, a law firm with vast experience prosecuting securities class actions.

Because Mr. Abraham and Ms. Handy filed a timely Motion, have the largest financial interest in the relief sought by the class, and are typical and adequate of the putative class, the Court should adopt the presumption that they are the presumptive lead plaintiff.

### C.    The Court Should Approve Mr. Abraham and Ms. Handy's Choice of Counsel

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  In this regard, Mr. Abraham and Ms. Handy selected Robbins Geller to serve as Lead Counsel.

Robbins Geller, a 200-attorney firm with offices nationwide, including in this District, regularly represents clients in complex class action litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[2]  District courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *City of Hollywood Police Officers' Ret. Sys. v. Citrix Sys., Inc.*, No. 0:21-cv-62380-AHS, ECF 51 at 7 (S.D. Fla. Mar. 1, 2022) (appointing Robbins Geller as lead counsel and noting that "Robbins Geller possesses significant experience in litigating complex

---

[2]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com.  A copy of Robbins Geller's firm resume is available upon the Court's request, if preferred.

- 7 -

Case No. 9:24-Civ-81472-RLR and Case No. 9:25-cv-80053-DMM securities actions, having been appointed to lead counsel roles in hundreds of securities class actions").

Notably, Mr. Abraham and Ms. Handy selected in this case a law firm which obtained a historic $671 million settlement in *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.), the largest securities class action settlement ever in the Eleventh Circuit. Additionally, Robbins Geller has obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, and Tenth Circuits.[3]  Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, Mr. Abraham and Ms. Handy's selection of Robbins Geller as lead counsel is reasonable and should be approved.

## IV.    CONCLUSION

The Related Actions are substantially similar and should be consolidated.  In addition, Mr. Abraham and Ms. Handy satisfy each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, Mr. Abraham and Ms. Handy respectfully request that the Court grant their motion for consolidation of the Related Actions, appointment as lead plaintiff, and approval of their selection of lead counsel.

---

[3]     *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit).

- 8 -

Case No. 9:24-Civ-81472-RLR and Case No. 9:25-cv-80053-DMM

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(2), I hereby certify that prior to filing this motion, Mr. Abraham and Ms. Handy's counsel conferred with counsel for defendants pursuant to Local Rule 7.1(a)(2). However, because the PSLRA permits any "purported class member . . . including any motion by a class member who is not individually named as a plaintiff in the complaint" to file a motion for appointment as lead plaintiff, 15 U.S.C. §78u-4(a)(3)(B)(i), Mr. Abraham and Ms. Handy cannot ascertain whether any other parties will also seek appointment as lead plaintiff until after the deadline expires on January 21, 2025. Accordingly, at this time defendants take no position on the relief requested herein, but reserve all rights.

DATED: January 21, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT J. ROBBINS
Florida Bar No. 0572233
STEPHEN R. ASTLEY
Florida Bar No. 139254

s/ Robert J. Robbins
ROBERT J. ROBBINS

225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000
rrobbins@rgrdlaw.com
sastley@rgrdlaw.com

- 9 -

4897-9751-7329.v1

Case No. 9:24-Civ-81472-RLR and Case No. 9:25-cv-80053-DMM

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

*Proposed Lead Counsel for Proposed Lead Plaintiff*

- 10 -