UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:24-cv-81472-ROSENBERG/Reinhart

SHELBY TOWNSHIP POLICE & FIRE
RETIREMENT SYSTEM, Individually and
on Behalf of All Others Similarly Situated,

                  Plaintiff,

v.

CELSIUS HOLDINGS, INC., JOHN
FIELDLY, and JARROD LANGHANS,

                  Defendants.

Case No. 9:25-cv-80053-MIDDLEBROOKS

ANTHONY M. ABRAHAM, Individually
and on Behalf of All Others Similarly
Situated,

                  Plaintiff,

v.

CELSIUS HOLDINGS, INC., JOHN
FIELDLY, and JARROD LANGHANS,

                  Defendants.

**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
JOEL TODD MULL FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................... 1

II. ARGUMENT ............................................................................................................. 3

    A. The Related Actions Should Be Consolidated ......................................................... 3

    B. Movant is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff. ................................................................................................ 4

        1. The Procedure Required by the PSLRA. ...................................................... 4

        2. Movant Satisfies the "Lead Plaintiff" Requirements of the PSLRA. ........................................................................................................ 5

            a. Movant Has Timely Filed a Lead Plaintiff Motion. ....................... 5

            b. Movant Has the Largest Financial Interest in the Relief Sought by the Class. .............................................................. 6

            c. Movant Satisfies the Adequacy and Typicality Requirements. ................................................................................... 6

    C. The Court Should Approve Movant's Choice of Counsel. ..................................... 8

III. CONCLUSION .......................................................................................................... 8

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Luczak v. Nat'l Beverage Corp.*,
   2018 WL 9847842 (S.D. Fla. Oct. 12, 2018) .......................................................................7, 9

*Miller v. Dyadic Intern., Inc.*,
   2008 WL 2465286 (S.D. Fla. Apr. 18, 2008) ...........................................................................7

*Mulvaney v. Geo Grp., Inc.*,
   2016 WL 10519276 (S.D. Fla. Nov. 21, 2016) ........................................................................7

*Newman v. Eagle Building Technologies*,
   209 F.R.D. 499 (S.D. Fla. 2002) ...........................................................................................4, 5

### STATUTES

15 U.S.C. § 78u-4 *et seq.* ................................................................................................ *passim*

### OTHER AUTHORITIES

17 C.F.R. § 240.10b-5 ..........................................................................................................1

Joel Todd Mull ("Movant") hereby respectfully moves the Court for an Order: (1) consolidating the related actions; (2) appointing him as Lead Plaintiff; (3) approving his selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel for the class; and (4) granting such other and further relief as the Court may deem just and proper. In support of this Motion, the undersigned submits the below memorandum and attached exhibits, along with a Proposed Order.

## MEMORANDUM OF LAW

### I.     INTRODUCTION

Presently pending before this Court are two securities class actions brought on behalf of investors in Celsius Holdings, Inc. ("Celsius" or the "Company") pursuing remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5 against the Company and certain of its senior executives.

The actions commonly allege that Defendants made false and misleading statements and omissions about the Company's business, operations, and prospects. Specifically, Defendants misrepresented and concealed: (1) Celsius significantly oversold inventory to Pepsi beyond demand, leading to a potential drastic reduction in future purchases; (2) as Pepsi depleted its overstock, Celsius' sales were projected to decline, impacting its financial health and outlook; (3) the sales rates to Pepsi were unsustainable and created a misleading impression of the company's performance; and (4) consequently, Celsius' business metrics and financial prospects were overstated.

Proposed Lead Plaintiff Joel Todd Mull ("Movant") now hereby moves this Court for an order: (1) consolidating the above-captioned related actions; (2) appointing Movant as Lead

- 1 -

Plaintiff; (3) approving Movant's selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel for the class; and (4) granting any such further relief as the Court may deem just and proper.

The portion of this motion to consolidate is made on the grounds that the Related Actions arise from the same operative facts, name identical defendants, and are appropriate for consolidation.

The portion of this motion for appointment as Lead Plaintiff is made on the grounds that Movant is the most adequate plaintiff, as defined by the PSLRA. The PSLRA provides that the "most adequate plaintiff" is to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). Under the PSLRA, the most adequate plaintiff is the movant who has the "largest financial interest" in the relief sought by the Class in this litigation and that also makes a *prima facie* showing that the Movant is a typical and adequate class representative under Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, Movant is the "most adequate plaintiff" by virtue of, among other things, his class period investment losses of $163,405.04 in Celsius.

In addition to asserting the largest financial interest, Movant readily satisfies the relevant requirements of Rule 23 because his claims are typical of those of all members of the Class and Movant will fairly and adequately represent the interests of the Class. *See* Declaration of Reed R. Kathrein ("Kathrein Decl.") in Support of Motion to Consolidate Related Actions, Appoint Joel Todd Mull as Lead Plaintiff, and Approve the Selection of Lead Counsel, Exhibit ("Ex.") D filed concurrently herewith. As set forth in greater detail in his Declaration submitted herewith, Movant fully understands the Lead Plaintiff's obligations to the Class under the PSLRA and is committed to fulfilling those responsibilities to guarantee zealous prosecution of this action. *Id*. at ¶ 4.

Movant has further demonstrated his adequacy through his selection of Hagens Berman as Lead Counsel for the Class. Hagens Berman has an established track record of achieving substantial recoveries for the benefit of investors and are qualified to prosecute this action.

Based on Movant's financial interest in the outcome of this action, Movant's commitment to act in the best interests of the Class to maximize the recovery in this case, and Movant's ability to oversee counsel, Movant respectfully requests that the Court appoint him as Lead Plaintiff and otherwise grant his Motion.

## II. ARGUMENT

### A. The Related Actions Should Be Consolidated

Federal Rule of Civil Procedure 42(a) states: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

In *Hendrix v. Raybestos–Manhattan, Inc.*, the Eleventh Circuit noted that Rule 42 "is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" 776 F.2d 1492, 1495 (11th Cir.1985) (quoting *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1012 (5th Cir.1977)).  In determining whether to employ the consolidation provisions of Rule 42(a), the trial court must assess:

> [W]hether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix*, 776 F.2d at 1495.

Here, the Related Actions present virtually identical factual and legal issues, assert identical claims under the securities laws, and name the same defendants. Because these Related Actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits. Thus, consolidation is appropriate here.

**B.     Movant is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff.**

**1.     The Procedure Required by the PSLRA.**

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); *Newman v. Eagle Building Technologies*, 209 F.R.D. 499, 502 (S.D. Fla. 2002).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff here caused the first notice regarding the pendency of the Action to be published on *Business Wire*, a national, business-oriented newswire service, on November 22, 2024. *See* Kathrein Decl. Ex. C. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under [the Securities Act] is the person or group of persons that –
>
> (aa)   has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *Newman,* 209 F.R.D. at 502 (describing PSLRA standards for appointment of lead plaintiff).

### 2. Movant Satisfies the "Lead Plaintiff" Requirements of the PSLRA.

#### a. Movant Has Timely Filed a Lead Plaintiff Motion.

According to the published notice, the time period in which class members may move to be appointed lead plaintiff herein under the PSLRA expires on January 21, 2025. *See* 15 U.S.C. § 78u-4(a)(3)(A) & (B); Kathrein Decl. Ex. C. Pursuant to the provisions of the PSLRA, and within the requisite timeframe after publication of the required notice (published on November 22, 2024), Movant timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Movant has duly signed a certification stating that he is willing to serve as the representative party on behalf of the class. *See* Kathrein Decl. Ex. A. In addition, Movant has submitted a Declaration attesting that he understands the responsibilities as Lead Plaintiff, and wishes to pursue this motion for the benefit of the class. *See* Kathrein Decl. Ex. D. Finally, Movant has selected and retained competent counsel to represent him and the class. Kathrein Decl. Exs. E, F. Accordingly, Movant is entitled to have his application for appointment as Lead Plaintiff considered and approved by the Court.

      **b.**    **Movant Has the Largest Financial Interest in the Relief Sought by the Class.**

During the Class Period, as evidenced by, among other things, the accompanying signed Certification and loss chart, *see* Kathrein Decl. Exs. A, B, Movant incurred losses of approximately $163,405.04 on Class Period transactions in Celsius securities in reliance upon the materially false and misleading statements issued by defendants.

      **c.**    **Movant Satisfies the Adequacy and Typicality Requirements.**

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."

Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the class representative, rather than the class as a whole. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *Mulvaney v. Geo Grp., Inc.,* 2016 WL 10519276, at *2 (S.D. Fla. Nov. 21, 2016) ("[A]t the lead plaintiff selection stage, all that is required is a preliminary showing that the lead plaintiff's claims are typical and adequate."). Here, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying Movant's appointment as Lead Plaintiff in this action.

"The typicality requirement is satisfied where the 'named representatives'' claims share the same essential characteristics as the claims of the class at large." *Luczak v. Nat'l Beverage Corp.*, No. 0:18-CV-61631-KMM, 2018 WL 9847842, at *2 (S.D. Fla. Oct. 12, 2018) (quoting *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000)). "'A sufficient nexus is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory.'" *Luczak*, 2018 WL 9847842, at *2. (quoting *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984)). Movant, like all members of the class, alleges that Defendants made false statements and omissions of material fact in violation of federal securities laws, and that Movant, like all members of the class, suffered damages as a result of these violations. Kathrein Decl. Exs. A, D. Accordingly, Movant has made a prima facie showing of typicality. *Luczak*, 2018 WL 9847842, at *2.

To satisfy the adequacy requirement, a lead plaintiff movant must make a preliminary showing that "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Miller v. Dyadic Intern., Inc.*, No. 07–80948-CIV, 2008 WL 2465286, at *6 (S.D. Fla. Apr. 18, 2008).

Here, the Declaration submitted by Movant demonstrates he is capable of representing the Class. Kathrein Decl. Ex. D. Mr. Mull resides in Waxhaw, North Carolina, has approximately 20 years of investing experience and is a director of IT. *See* Ex. D at ¶ 2. Mr. Mull holds a bachelor's degree. *Id.*

Similarly, there is no indication that Movant "would have a particular conflict between [their] own interests and those of the class, generally," or that Movant's financial interest in the litigation would be insufficient to ensure vigorous advocacy. *Springer*, 2017 WL 838197, at *3;

Kathrein Decl. Ex. D. Finally, there is no reason to believe that Movant "will not fairly and adequately protect the interests of the class or is subject to unique defenses" that would render Movant incapable of adequately representing the class. *Id*. Accordingly, Movant should be appointed lead plaintiff.

**C.    The Court Should Approve Movant's Choice of Counsel.**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class.

Hagens Berman has an extensive history of bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions throughout the country. *See* Kathrein Decl., Ex. E. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors. *Id*.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Hagens Berman has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Hagens Berman as Lead Counsel, the members of the class will receive the best legal representation available. Because Movant's selection of counsel is reasonable, his motion should be granted. *Luczak*, 2018 WL 9847842, at *2.

### III.    CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court: (1) consolidate the related actions; (2) appoint Movant as Lead Plaintiff in this action; (3) approve Movant's selection of Lead Counsel as set forth herein; and (4) grant such other relief as the Court may deem just and proper.

- 9 -

## **CERTIFICATE OF CONFERRAL**

Local Rule 7.1(a)(2) requires a conference of counsel prior to filing motions. Pursuant to the PSLRA, however, if any class member desires to be appointed lead plaintiff, the class member must file a motion within a certain period of time. U.S.C. § 78u-4(a)(3). Thus, Movant is presently unaware of the other entities or persons who plan to move for appointment as lead plaintiff and will not know their identities until after all the movants have filed their respective motions. Under these circumstances, Movant respectfully requests that the conferral requirement of LR 7.1 be waived.

DATED: January 21, 2025                     Respectfully submitted,

                                              HAGENS BERMAN SOBOL SHAPIRO LLP

By */s/ Reed R. Kathrein*
Reed Kathrein (262161)
715 Hearst Avenue, Suite 300
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff*
*Joel Todd Mull*

Brian J. Schall (*pro hac vice* forthcoming)
THE SCHALL LAW FIRM
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Facsimile:  (310) 388-0192
brian@schallfirm.com

*Additional Counsel for [Proposed] Lead Plaintiff*
*Joel Todd Mull*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Reed R. Kathrein*
REED R. KATHREIN
