# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 9:24-CV-81472-ROSENBERG/REINHART
Case No. 9:25-CV-80053-MIDDLEBROOKS/MATTHEWMAN

| | |
|---|---|
| SHELBY TOWNSHIP POLICE & FIRE RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CELSIUS HOLDINGS, INC., JOHN FIELDLY, and JARROD LANGHANS,<br><br>Defendants. | CLASS ACTION |
| ANTHONY M. ABRAHAM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CELSIUS HOLDINGS, INC., JOHN FIELDLY, and JARROD LANGHANS,<br><br>Defendants. | CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE CELSIUS INVESTOR GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND <u>APPROVAL OF SELECTION OF COUNSEL</u>**

## TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ...........................................................................1

II.    SUMMARY OF THE RELATED ACTIONS .......................................................4

III.    ARGUMENT.........................................................................................................6

     A.    The Related Actions Should Be Consolidated.............................................6

     B.    The Celsius Investor Group Should Be Appointed as Lead Plaintiff..........7

         1.    The Celsius Investor Group Has Timely Moved for Appointment as Lead Plaintiff...........................................................8

         2.    The Celsius Investor Group Asserts the Largest Financial Interest in the Relief Sought by the Class.......................................9

         3.    The Celsius Investor Group Satisfies the Requirements of Rule 23...................................................................................9

             a.    The Celsius Investor Group's Claims Are Typical of Those of the Class ............................. 10

             b.    The Celsius Investor Group Will Adequately Protect the Interests of the Class.......................... 10

     C.    The Court Should Approve the Celsius Investor Group's Selection of Counsel .....................................................................................12

IV.    CONCLUSION..................................................................................................15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001)..................................................................................................12

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
    586 F.3d 703 (9th Cir. 2009) ...........................................................................................12, 13

*Lewitter v. Terran Orbital Corp.*,
    No. 9:24-CV-81191-RLR (S.D. Fla. Jan. 2, 2025), ECF No. 28.................................... *passim*

*Luczak v. Nat'l Beverage Corp.*,
    No. 0:18-cv-61631-KMM,
    2018 WL 9847842 (S.D. Fla. Oct. 12, 2018)..........................................................................10

*Newman v. Eagle Bldg. Techs.*,
    209 F.R.D 499 (S.D. Fla. 2002)........................................................................................6, 7

**Statutes**

15 U.S.C. 78u-4(a) ..................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 23(a) .............................................................................................................10

Fed. R. Civ. P. 42(a) ...............................................................................................................6

Lauren Ann Miskinnis, as trustee of The Lauren Ann Miskinnis 2022 U/A DTD 02/02/2022, Johnathan Q. Quach, Ishan Nilesh Shah, and Brian Zeigler (collectively, the "Celsius Investor Group") respectfully submits this Memorandum of Law in support of the Celsius Investor Group's motion (the "Motion") requesting: (1) consolidation of the above-captioned, related actions (the "Related Actions") pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)"); (2) appointment of the Celsius Investor Group as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (3) approval of the Celsius Investor Group's selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel for the class and Saxena White P.A. ("Saxena White") as Liaison Counsel for the class; and (4) any such further relief as the Court may deem just and proper

## I.      PRELIMINARY STATEMENT

The Related Actions are two federal securities class actions brought against Celsius Holdings, Inc. ("Celsius" or the "Company") and certain of its executive officers (collectively, "Defendants") for violations of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. The Related Actions are brought on behalf of all persons who purchased Celsius common stock, as well as those that sold put options on Celsius shares, between February 29, 2024, and September 4, 2024, inclusive (the "Class Period"). As detailed below, the Related Actions involve common questions of law and fact and should be consolidated pursuant to Rule 42(a). *See infra* Section III.A.

After consolidation, the PSLRA allows any member or group of members of the purported class to move for appointment as lead plaintiff and sets forth the process for determining which

1

movant or movant group is the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(A)-(B); *see also* Declaration of Lester R. Hooker in Support of the Motion of the Celsius Investor Group for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel (the "Hooker Declaration"), Ex. A (*Lewitter v. Terran Orbital Corp.*, No. 9:24-CV-81191-RLR (S.D. Fla. Jan. 2, 2025) (Rosenberg, J.), ECF No. 28 at 9 (appointing group of individuals as lead plaintiff)). Pursuant to the PSLRA, a court must appoint the "most adequate plaintiff" as lead plaintiff, which is the movant or movant group that: (1) makes a timely motion under the PSLRA's sixty-day deadline; (2) asserts the largest financial interest in the litigation; and (3) otherwise satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The Celsius Investor Group respectfully submits that it is presumptively the "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff. The Celsius Investor Group's Motion is timely and, to the best of its knowledge, the total loss asserted by the Celsius Investor Group of over $1.192 million as calculated on a last-in, first-out ("LIFO") basis in connection with the Celsius Investor Group's transactions in Celsius securities during the Class Period represents the largest financial interest in the relief sought by the class. *See* Hooker Decl., Exs. B & C. Additionally, the Celsius Investor Group readily satisfies the relevant requirements of Rule 23. The Celsius Investor Group's claims are typical of the claims all members of the class since the Celsius Investor Group purchased Celsius shares during the Class Period at inflated prices and, like other putative class members, suffered losses when the truth about Celsius was disclosed. The Celsius Investor Group also will fairly and adequately represent the class in the Related Actions. *See infra* Section III.B.

As set forth in the Joint Declaration of Lauren Ann Miskinnis, Johnathan Q. Quach, Ishan Nilesh Shah, and Brian Zeigler in Support of the Motion of the Celsius Investor Group for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel (the "Joint Declaration"), submitted herewith, the members of the Celsius Investor Group fully understand the Lead Plaintiff's obligations to the class under the PSLRA and are willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of the Related Actions. *See* Hooker Decl., Ex. D, ¶¶ 2-7. Among other things, the Joint Declaration evidences: (1) the Celsius Investor Group's determination that its appointment would benefit the class and its ability to work as a cohesive group to vigorously and effectively prosecute the litigation against Defendants; (2) the basis for the Celsius Investor Group's selection of Kessler Topaz as proposed Lead Counsel for the class; and (3) the specific steps that the Celsius Investor Group has taken (and will continue to take) to ensure the effective and efficient prosecution of the Action. *See id.*, ¶¶ 8, 10-11, 13-14. Moreover, before filing the Motion, the members of the Celsius Investor Group each independently determined to seek joint appointment as lead plaintiff, convened a conference call to discuss how they will coordinate their joint prosecution of this litigation, and otherwise ensure the vigorous, cost-effective prosecution of the Related Actions in the best interests of the class, and approved the filing of the Motion. *See id.*, ¶¶ 9-10. Accordingly, the Celsius Investor Group has provided ample evidence of its members' ability to work together effectively, as well as its commitment and ability to fulfill its obligations to the class under the PSLRA.

The Celsius Investor Group has further demonstrated its adequacy to serve as Lead Plaintiff by retaining experienced and competent counsel to represent the class. As the "most adequate plaintiff" under the PSLRA, the Celsius Investor Group's selection of Kessler Topaz as Lead

Counsel for the class and Saxena White as Liaison Counsel for the class should be approved. 15 U.S.C. § 78u-4(a)(3)(B)(v). Kessler Topaz is a nationally recognized securities class action litigation firm with an extensive history of prosecuting complex actions under the PSLRA, including in this District, and which has recovered billions of dollars in damages for injured shareholders. *See infra* Section III.C. Thus, the class can be assured of zealous representation if the Celsius Investor Group's selection of Kessler Topaz as Lead Counsel for the class and Saxena White as Liaison Counsel for the class is approved.

## II.     SUMMARY OF THE RELATED ACTIONS

Celsius is a Nevada corporation with its principal executive offices in Boca Raton, Florida. Celsius is a holding company that develops, processes, markets, distributes, and sells energy drinks and liquid supplements in the United States and internationally. Celsius common stock trades on the Nasdaq Capital Market under the ticker symbol "CELH."

The Related Actions allege that, throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business and operations. Specifically, Defendants misrepresented and/or failed to disclose that: (1) Celsius materially oversold inventory to PepsiCo, Inc. ("Pepsi") far in excess of demand, and faced a looming sales cliff during which Pepsi would significantly reduce its purchases of Celsius products; (2) as Pepsi drew down significant amounts of inventory overstock, Celsius's sales would materially decline in future periods, hurting the Company's financial performance and outlook; (3) Celsius's sales rate to Pepsi was unsustainable and created a misleading impression of Celsius's financial performance and outlook; and (4) as a result, Defendants' statements about the Company's business metrics and financial prospects were not as strong as indicated in Defendants' Class Period statements.

The truth began to be revealed on May 27, 2024, when analysts and investors digested some of the latest retail store trends reported by Nielsen.  Morgan Stanley noted that Celsius's sales growth slowed sequentially—from 39% year-over-year in the week ended May 18, 2024, down from 50% in the week ended May 4, 2024—that the Company's market share dipped, and that pricing for Celsius's products was down 7.2% year-over-year.  Morgan Stanley cautioned investors that Celsius faced difficult sales comparisons over the next several quarters as it rolled over the anniversary of its distribution agreement with Pepsi.  Similarly, Stifel warned sales could be dramatically diminished as Pepsi reduced the amount of Celsius inventory it held, noting that Pepsi's reduction of its Celsius product inventories could result in "2Q24 sales below end-demand."  On this news, the price of Celsius common stock declined $12.23 per share, or approximately 13%, from a close of $95.15 per share on May 24, 2024, to close at $82.92 per share on May 28, 2024.

Then, at the Barclays 17th Annual Global Consumer Staples Conference held on September 4, 2024, Defendant John Fieldly, the Company's President and Chief Executive Officer, revealed that Celsius's sales to Pepsi were reduced "roughly around [$]100 million to [$]120 million . . . from what [Pepsi] ordered last quarter."  Defendant Fieldly added that Celsius was "still seeing these inventory levels being reduced" and that such reductions had "increased" in the third quarter of 2024.  Moreover, the Company's Chief of Staff, Toby David, disclosed that "[w]hat we are seeing correlate is depletions out of the Pepsi warehouse," which "simply means that they were holding to several million more cases over the past 1.5 years than they really needed to hold, and they're optimizing their network now."  In other words, Celsius's sales to Pepsi far outstripped market demand for Celsius products, and Pepsi was drawing down excess inventory from its warehouses.  Without that excess inventory being sold to Pepsi, Celsius's reported

financial results in prior periods would have been materially lower.  On this news, the price of Celsius common stock declined $4.25 per share, or approximately 11.5%, from a close of $36.64 per share on September 3, 2024, to close at $32.39 on September 4, 2024.

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under [the Exchange Act] has been filed," courts shall not appoint a lead plaintiff "until after the decision on the motion to consolidate is rendered." 15 U.S.C. 78u-4(a)(3)(B)(ii).

Currently, there are at least two related class actions asserting claims under the federal securities laws on behalf of investors against Defendants:

| Case Caption | Date Filed | Claims/Class |
|---|---|---|
| *Shelby Twp. Police & Fire Ret. Sys. v. Celsius Holdings, Inc., et al.*, No. 9:24-CV-81472-ROSENBERG/REINHART (S.D. Fla.); | November 22, 2024 | Sections 10(b) and 20(a) of the Exchange Act; on behalf of all purchasers of Celsius common stock during the period between February 29, 2024 and September 4, 2024 |
| *Abraham v. Celsius Holdings, Inc., et al.*, No. 9:25-CV-80053-MIDDLEBROOKS/MATTHEWMAN (S.D. Fla.) | January 14, 2025 | Sections 10(b) and 20(a) of the Exchange Act; on behalf of all persons who purchased Celsius common stock or sold Celsius puts during the period between February 29, 2024 and September 4, 2024 |

Under Rule 42(a), consolidation of actions before the court is appropriate where the actions "involve a common question of law or fact."  Fed. R. Civ. P. 42(a); *see also Newman v. Eagle Bldg. Techs.*, 209 F.R.D 499, 501-02 (S.D. Fla. 2002) (acknowledging that the court "has broad discretion to consolidate cases pending within its district" and consolidating related securities class

actions where "complaints present virtually identical claims for relief based upon a single course of conduct during the [c]lass [p]eriod" and "present virtually identical claims for relief") (citation omitted).

Here, the Related Actions assert similar claims under the Exchange Act against the same Defendants relating to the same conduct during the same Class Period. Accordingly, the Related Actions involve common questions of law or fact and, therefore, should be consolidated.

**B.      The Celsius Investor Group Should Be Appointed as Lead Plaintiff**

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws. *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i). First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice. *See id*. § 78u-4(a)(3)(A)(i). Within sixty days after publication of the notice, any member or group of members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they previously have filed a complaint in the action. *See id*. § 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member or group of class members and shall appoint as lead plaintiff the class member or group of class members that the court determines to be the "most capable of adequately representing the interests of class members." *Id*. § 78u-4(a)(3)(B)(i); *see also* Hooker Decl., Ex. A (*Terran Orbital*, No. 9:24-CV-81191-RLR, ECF No. 28 at 9 (appointing a group of individuals)). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the "most adequate plaintiff" in any

private action arising under the PSLRA is the movant or movant group that "has either filed the complaint or made a motion in response to a notice," "has the largest financial interest in the relief sought by the class," and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The "most adequate plaintiff" presumption may be rebutted only upon "proof" that the movant or movant group "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id*. § 78u-4(a)(3)(B)(iii)(II).

The Celsius Investor Group is the "most adequate plaintiff" because it: (1) timely moved for appointment as Lead Plaintiff; (2) asserts the "largest financial interest in the relief sought by the class;" and (3) "otherwise satisfies the requirements of Rule 23" for purposes of this Motion. *Id*. § 78u-4(a)(3)(B)(iii)(I).

### 1. The Celsius Investor Group Has Timely Moved for Appointment as Lead Plaintiff

The PSLRA allows any class member or group of class members to move for appointment as lead plaintiff within sixty days after the publication of notice that the first action has been filed. *See id.* § 78u-4(a)(3)(A)(i)(II).  On November 22, 2024, the first of the Related Actions, *Shelby Township Police & Fire Retirement System v. Celsius Holdings, Inc., et al.*, No. 9:24-CV-81472-ROSENBERG/REINHART (S.D. Fla.), was filed in this District.  *See id.*, ECF No. 1.  That same day, notice was published on *BusinessWire* alerting investors to the pendency of the action and informing them of the January 21, 2025 deadline to seek appointment as Lead Plaintiff.  *See* Hooker Decl., Ex. E.[1]  Therefore, the Celsius Investor Group has timely moved for appointment as Lead Plaintiff.

---

[1] On January 14, 2025, *Abraham v. Celsius Holdings, Inc., et al.*, No. 9:25-CV-80053-MIDDLEBROOKS/MATTHEWMAN (S.D. Fla.) was filed against Defendants in this District.

**2. The Celsius Investor Group Asserts the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA establishes a presumption that the movant or movant group asserting the "largest financial interest in the relief sought by the class" and who "otherwise satisfies the requirements of Rule 23" is the most adequate plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also* Hooker Decl., Ex. A (*Terran Orbital*, No. 9:24-CV-81191-RLR, ECF No. 28 at 4 (holding that "[t]he most important factor in determining the lead plaintiff is the amount of financial interest claimed" and aggregating LIFO losses of group of individuals for purposes of determining the largest financial interest) (citation omitted)). Here, the Celsius Investor Group asserts a total loss of $1,192,281 as calculated on a LIFO basis for Class Period purchases of Celsius common stock. *See* Hooker Decl., Exs. B & C. To the best of the Celsius Investor Group's knowledge, no other movant seeking appointment as Lead Plaintiff has a larger financial interest in this litigation. Accordingly, the Celsius Investor Group has the largest financial interest of any qualified movant or movant group seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

**3. The Celsius Investor Group Satisfies the Requirements of Rule 23**

In addition to asserting the largest financial interest in the outcome of the litigation, the Celsius Investor Group "otherwise satisfies the requirements of Rule 23." *Id*. § 78u-4(a)(3)(B)(iii)(I)(cc). At the lead plaintiff stage, a movant or movant group need only "make a *prima facie* showing of typicality and adequacy." Hooker Decl., Ex. A (*Terran Orbital*, No. 9:24-CV-81191-RLR, ECF No. 28 at 7 (citation omitted)).

---

*See id.*, ECF No. 1. The deadline to move for Lead Plaintiff does not change even if another complaint is filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(ii) ("If more than one action on behalf of a class asserting substantially the same claim or claims . . . is filed, only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published[.]").

a.    **The Celsius Investor Group's Claims Are Typical of Those of the Class**

The typicality requirement of Rule 23 is satisfied where the claims of the lead plaintiff movant "are based on the same legal theory and arise from the same events and course of conduct as the claims of the class." *Id*. at 8.  Here, the Celsius Investor Group's claims are typical of those of the class because, like other class members, it seeks to recover the losses on its Class Period investments in Celsius securities incurred as a result of Defendants' misrepresentations and omissions.  *See id.*

b.    **The Celsius Investor Group Will Adequately Protect the Interests of the Class**

The adequacy element of Rule 23 requires that the Lead Plaintiff "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  In order for the class's interests to be fairly and adequately represented, a lead plaintiff must demonstrate that: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Luczak v. Nat'l Beverage Corp.*, No. 0:18-cv-61631-KMM, 2018 WL 9847842, at *2 (S.D. Fla. Oct. 12, 2018) (citation omitted); *see also* Hooker Decl., Ex. A (*Terran Orbital*, No. 9:24-CV-81191-RLR, ECF No. 28 at 8 (noting that adequacy "rests on two bases: common interests between the representative and the class, and the willingness and ability to vigorously prosecute the action") (citation omitted)).

The Celsius Investor Group satisfies the adequacy requirement because its interest in vigorously pursuing the claims against Defendants—given its substantial financial losses—is aligned with the interests of the class who were similarly harmed as a result of Defendants' false and/or misleading statements.  There is no antagonism or potential conflict between the interest

10

asserted by the Celsius Investor Group and those of the other members of the class, and the Celsius Investor Group is fully committed to vigorously pursuing the claims on behalf of the class.

To further demonstrate its commitment to litigate this case in the best interests of the class, the Celsius Investor Group submitted a Joint Declaration, which provides specific evidence of the Celsius Investor Group's adequacy and ability to function as a cohesive group to zealously represent the interests of the class. *See* Hooker Decl., Ex. D; *see also id.*, Ex. A (*Terran Orbital*, No. 9:24-CV-81191-RLR, ECF No. 28 at 8 (appointing group of individual investors who submitted a joint declaration attesting to their "readiness to vigorously prosecute the action given the members' shared desire to achieve the best possible result for the [c]lass") (internal quotations omitted)); *id.* at 4 (explaining that "[t]here is no requirement contained in the PSLRA that the group of persons serving as lead plaintiff have a relationship among themselves" and that "the PSLRA focuses on whether the person or group that is the proposed lead plaintiff can fairly and adequately serve as lead plaintiff") (alteration in original; citations omitted).  Indeed, the Celsius Investor Group is a small, cohesive partnership and its members determined on their own to jointly seek appointment as Lead Plaintiff.  *See* Hooker Decl., Ex. D, ¶¶ 8-9.  Furthermore, the Joint Declaration demonstrates that the Celsius Investor Group has already taken (and will continue to take) measures to ensure the vigorous prosecution of this action and oversee counsel.  *See id*. ¶¶ 10, 13-14.  As reflected in the Joint Declaration, before seeking appointment as Lead Plaintiff, the Celsius Investor Group held a conference call to discuss, among other things, the merits of the claims against Defendants, their respective losses arising from Defendants' misconduct, their common goals, including ensuring that the class will benefit from their active involvement and supervision of class counsel and the litigation, and the importance of joint decision making, open communication, and the ability to confer, with or without counsel, on short notice in order to make

11

timely decisions. *See id.* ¶ 10. The Joint Declaration affirms the Celsius Investor Group's commitment to fulfilling their duties and responsibilities to the class—including acting as a fiduciary for all class members, staying informed about the litigation, participating in court proceedings, depositions, settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents. *See id.* ¶¶ 2-7, 13-14. Accordingly, the Celsius Investor Group has demonstrated that its members understand and accept the fiduciary obligations they will assume if appointed as Lead Plaintiff and will vigorously represent the interests of all class members. *See id.*

The Celsius Investor Group has also demonstrated its adequacy through its selection of Kessler Topaz to serve as Lead Counsel for the class and Saxena White to serve as Liaison Counsel for the class. As discussed more fully below, Kessler Topaz and Saxena White are highly qualified and experienced in securities class action litigation and have repeatedly demonstrated their ability to prosecute complex securities class action litigation in an efficient, effective, and professional manner. *See infra*, Section III.C.

In sum, the Celsius Investor Group has demonstrated its willingness and commitment to supervise proposed Lead Counsel and its desire to vigorously prosecute the claims against Defendants in order to obtain the best possible recovery for the class.

**C.      The Court Should Approve the Celsius Investor Group's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (noting that the PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *See Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703,

712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.").  Here, the Celsius Investor Group has selected and retained Kessler Topaz to serve as Lead Counsel for the class and Saxena White to serve as Liaison Counsel for the class.

Kessler Topaz specializes in prosecuting complex class action litigation and is one of the leading law firms in its field.  *See* Hooker Decl., Ex. F (Firm Profile of Kessler Topaz).  The firm is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has obtained record recoveries in those cases, including in this District, including: *In re Tyco International, Ltd. Securities Litigation*, No. 02-md-1335 (PB) (D.N.H.) ($3.2 billion recovery); *In re Bank of America Corp. Securities, Derivative, & Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-md-2058 (PKC) (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia Preferred Securities & Bond/Notes Litigation*, No. 09-cv-6351 (RJS) (S.D.N.Y.) ($627 million recovery); *In re Lehman Bros. Equity/Debt Securities Litigation*, No. 08-cv-5523 (LAK) (S.D.N.Y.) ($615 million recovery); *Luther v. Countrywide Financial Corp.*, No. 12-cv-5125 (MRP) (C.D. Cal.) ($500 million recovery); *In re Kraft Heinz Securities Litigation*, No. 19-cv-1339 (JLA) (N.D. Ill.) ($450 million recovery); and *In re Ocwen Financial Corporation Securities Litigation*, No. 14-cv-81057 (WPD) (S.D. Fla.) ($56 million recovery).

Additionally, Kessler Topaz is currently serving as lead or co-lead counsel in several high-profile securities class actions, including: *In re SVB Financial Group Securities Litigation*, No. 23-cv-1097 (JD) (N.D. Cal.) (Silicon Valley Bank Financial Group securities litigation); *Kusen v. Herbert*, No. 23-cv-2940 (AMO) (N.D. Cal.) (First Republic Bank securities litigation); *In re NVIDIA Corp. Securities Litigation*, No. 18-cv-7669 (HSG) (N.D. Cal.); *Sjunde AP-Fonden v.*

13

*Goldman Sachs Group, Inc.*, No. 18-cv-12084 (VSB) (S.D.N.Y.); and *Sjunde AP-Fonden v. General Electric Co.*, No. 17-cv-8457 (JMF) (S.D.N.Y.) ($362.5 million settlement pending court approval).

Kessler Topaz's commitment to zealous representation is also evident from its trial experience under the PSLRA. Specifically, the firm obtained a rare jury verdict in the class's favor after a week-long trial held in 2014 in *In re Longtop Financial Technologies Ltd. Securities Litigation*, No. 11-cv-3658 (SAS) (S.D.N.Y.)—one of just thirteen securities class actions at the time to reach a verdict since enactment of the PSLRA in 1995 (based on post-enactment conduct). The firm also obtained the largest damage award at the time in Delaware Chancery Court history following a trial before Chancellor Leo E. Strine, Jr. *See In re S. Peru Copper Corp. S'holder Derivative Litig.*, No. 961-CS (Del. Ch.), *aff'd Ams. Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012) (affirming final judgment, with interest, of $2 billion). Thus, the Court may be assured that, in the event the Motion is granted, the class will receive the highest caliber of legal representation available.

Saxena White, which is headquartered in this jurisdiction, has also achieved substantial recoveries on behalf of investor classes in securities class actions in this District and throughout the country. *See* Hooker Decl., Ex. G (Firm Résumé of Saxena White). Saxena White's experience includes the $37.5 million recovery in this District in *City Pension Fund for Firefighters & Police Officers in the City of Miami Beach v. Aracruz Celulose S.A.*, No. 1:08-cv-23317-JAL (S.D. Fla.); *In re Wilmington Trust Securities Litigation*, No. 1:10-cv-00990-ER (D. Del.) ($210 million recovery); *Peace Officers Annuity and Benefit Fund of Ga. v. DaVita Inc.*, No. 1:17-cv-00304-WJM (D. Colo.) ($135 million recovery); *In re Rayonier Inc. Securities Litigation*, No. 3:14-cv-01395-TJC (M.D. Fla.) ($73 million recovery); *In re HD Supply Holdings, Inc.*

14

*Securities Litigation*, No. 1:17-cv-02587-ELR (N.D. Ga.) ($50 million recovery); and *Sheet Metal Workers Local 19 Pension Fund v. ProAssurance Corp.*, No. 2:20-cv-00856-RDP (S.D. Ala.) ($28 million recovery).

Additionally, Kessler Topaz and Saxena White have experience working together to prosecute class action lawsuits under the federal securities laws, including in this District. *See, e.g.*, *City of Los Angeles v. Bankrate, Inc.*, No. 9:14-cv-81323-DMM (S.D. Fla.) ($20 million recovery, with Kessler Topaz serving as lead counsel and Saxena White serving as liaison counsel); *Plymouth County Retirement System v. Apache Corp.*, No. 4:21-cv-00575 (S.D. Tex.) ($65 million recovery, with Kessler Topaz and Saxena White serving as co-lead counsel); *In re Sadia S.A. Sec. Litig.*, No. 1:08-cv-09528-SAS (S.D.N.Y.) ($27 million recovery; with Kessler Topaz and Saxena White serving as co-lead counsel).

Accordingly, the Court should approve the Celsius Investor Group's selection of Kessler Topaz as Lead Counsel for the class and Saxena White as Liaison Counsel for the class.

## IV.   CONCLUSION

For the reasons stated herein, the Celsius Investor Group respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint the Celsius Investor Group as Lead Plaintiff; (3) approve the Celsius Investor Group's selection of Kessler Topaz as Lead Counsel for the class and Saxena White as Liaison Counsel for the class; and (4) grant such other relief as the Court may deem just and proper.

Dated: January 21, 2025

Respectfully submitted,

*/s/ Lester R. Hooker*
Lester R. Hooker

**SAXENA WHITE P.A.**
Lester R. Hooker (FL Bar No. 32242)
7777 Glades Road, Suite 300

15

Boca Raton, FL 33434
Telephone: (561) 394-3399
Facsimile: (561) 394-3382
E-mail: lhooker@saxenawhite.com

-and-

Marco A. Dueñas (*pro hac vice* forthcoming)
10 Bank Street, Suite 882
White Plains, NY 10606
Telephone: (914) 437-8551
Facsimile: (888) 631-3611
E-mail: mduenas@saxenawhite.com

*Proposed Liaison Counsel for the Class*

**KESSLER TOPAZ MELTZER
   & CHECK, LLP**
Naumon A. Amjed (*pro hac vice* forthcoming)
Ryan T. Degnan (*pro hac vice* forthcoming)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
E-mail: namjed@ktmc.com
E-mail: rdegnan@ktmc.com

*Counsel for the Celsius Investor Group and
Proposed Lead Counsel for the Class*

16