# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CV-81191-RLR**

MICHAEL LEWITTER, *individually and on*
*behalf of all others similarly situated*,

      Plaintiffs,

v.

TERRAN ORBITAL CORPORATION *et al*,

      Defendants.

_____/

**ORDER GRANTING PLAINTIFF TERRAN INVESTOR GROUP'S**
**MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF**
**SELECTION OF COUNSEL AND DENYING PLAINTIFF AARON ROMIG'S**
**MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND**
**APPROVAL OF SELECTION OF COUNSEL**

      **THIS CAUSE** is before the Court on Plaintiffs Steven Verzwyvelt, Jesse Ramirez, Michael

O'Neill, and Jill O'Neill's (collectively, the "Terran Investor Group") Motion for Appointment as

Lead Plaintiff and Approval of Selection of Counsel at docket entry 10, and on Plaintiff Aaron

Romig's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel at docket

entry 13.  The Court has reviewed the motions, responses, and replies, and is otherwise fully advised

in the premises.  For the reasons set forth below, Plaintiff Terran Investor Group's Motion is

**GRANTED**, and Plaintiff Aaron Romig's Motion is **DENIED**.

**I.      BACKGROUND**

      This is a securities class action brought under Sections 10(b) and 20(a) of the Securities

Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5, against Defendants Terran Orbital

Corporation ("Terran") and its officials (collectively, "Defendants") for the period between August

15, 2023, and August 14, 2024 (the "Class Period"). DE 1 ¶ 1.

      Terran manufactures and sells satellites for aerospace and defense industries in the U.S. and

abroad. DE 1 ¶ 2. Plaintiffs allege that throughout the Class Period, Defendants made materially false and misleading statements regarding the company's business, including misrepresenting the period of time before Defendant could convert its customer contracts into revenue and free cash flow, whether Defendant had adequate liquidity to operate its business during that period, and the scope and severity of its dire financial situation. *Id.* ¶ 3; *see also* ¶¶ 4–13. Plaintiffs allege that because of Defendants' acts and omissions and the "precipitous decline in the market value of [Defendant's] securities," Plaintiffs have suffered significant losses and damages. *Id.* ¶ 13.

In the motions before the Court, two proposed lead plaintiffs seek appointment as lead plaintiff and approval of their selected counsel as lead and liaison counsel. DE 10, 13. The first is Plaintiff Steven Verzwyvelt, Jesse Ramirez, Michael O'Neill, and Jill O'Neill (collectively, the "Terran Investor Group"). DE 10. The second is Plaintiff Aaron Romig. DE 13. Each proposed lead plaintiff has filed responses and replies to the other's motions. DE 20, 21, 23, 24.

## II. LEGAL STANDARD

The Private Securities Litigation Reform Act of 1995 ("PSLRA") establishes the procedure for appointing lead plaintiffs under the Exchange Act. 15 U.S.C. § 78u-4(a)(1). The PSLRA provides that within ninety days after publication of notice, the court must consider any motion made by a class member and appoint as Lead Plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of the class members. 15 U.S.C. § 78u–4(a)(3)(B)(i). Selecting the lead plaintiff in a securities litigation is governed by a rebuttable presumption, which provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

"The evaluation of financial interest is considered the most significant inquiry, as it effectuates Congress' intent that the PSLRA serve to ensure that the lead plaintiff be the person or group with the interest and ability to control the litigation and to monitor closely the lead counsel." *City Pension Fund for Firefighters & Police Officers in the City of Miami Beach v. Aracruz Cellulose S.A.*, 2009 WL 10664427, at *2 (S.D. Fla. Aug. 7, 2009). This presumption may be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff—(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." § 78u-4(a)(3)(B)(iii)(II)(aa), (bb).

### III.    DISCUSSION

The first movant, Terran Investor Group, is a group of four individual investors. DE 10 at 8. Two of those investors are a married couple, but the investors have been otherwise unrelated until this litigation. *Id.* at 10–11. Terran Investor Group has selected Pomerantz LLP as proposed lead counsel for the class, and Miller Shah LLP as proposed liaison counsel for the class. *Id.* at 13–14. The second movant, Aaron Romig, is an individual investor, DE 13-1 at 6, who has selected Robbins LLP as proposed lead counsel for the class and Saxena White P.A. as proposed liaison counsel for the class, *id.* at 11.

There is no dispute that each of the proposed lead plaintiffs made a timely motion in response to a notice. This analysis therefore focuses on whether the proposed lead plaintiff has the largest

3

financial interest and will fairly and adequately represent the class as is required under Rule 23 and the PSLRA. § 78u–4(a)(3)(B)(iii)(II).  The court addresses each requirement in turn.

>    A.    *Largest Financial Interest*

The most important factor in determining the lead plaintiff is the amount of financial interest claimed. *See Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 502 (S.D. Fla. 2002) (collecting cases). Courts in this district have permitted the aggregation of individual losses by groups of individual or institutional investors seeking appointment as lead plaintiff. *See In re 21st Century Holding Co. Sec. Litig.*, No. 07-61057-CIV, 2007 WL 9220955, at *4 (S.D. Fla. Nov. 20, 2007) (citations omitted). This "derives from the language of the PSLRA which states that the most adequate plaintiff is the 'person or group of persons.'" *Id.*  Furthermore, courts in the Eleventh Circuit have determined that "[t]here is no requirement contained in the PSLRA that the group of persons serving as lead plaintiff have a relationship among themselves. Instead, the PSLRA focuses on whether the person or group that is the proposed lead plaintiff can fairly and adequately serve as lead plaintiff." *Id.* (quoting *Newman*, 209 F.R.D. at 503–04); *see also, e.g.*, *Kornfield v. Opteum Inc.*, No. 07-14278-CIV, 2008 WL 11408525, at *8 (S.D. Fla. Sept. 29, 2008) (appointing a group of three plaintiffs as lead); *Eastwood Enterprises v. Farha*, No. 8:07-CV-1940-T-24MSS, 2008 WL 687351, at *2–3 (M.D. Fla. Mar. 11, 2008) (collecting cases).

Under the last-in, first-out calculation for losses, Terran Investor Group has the largest financial interest based on losses incurred: in the aggregate, Terran Investor Group has incurred losses of approximately $776,603, DE 10 at 8, while Mr. Romig has incurred losses of $432,551.65, DE 13-1 at 7.

Based on the amount of financial interest claimed, Terran Investor Group is presumptively the most adequate plaintiff.  Mr. Romig argues, however, that Terran Investor Group members' losses

should not be aggregated because the group is an improper, "artificial amalgamation of unrelated investors, created solely to qualify as Lead Plaintiff." DE 24 at 1; DE 21 at 2. Mr. Romig asserts that he should be appointed lead plaintiff because he "traded individually on his own behalf and suffered the largest individual loss." *Id.*

In support, Mr. Romig cites to *Carvelli v. Ocwen Fin. Corp.*, which this Court referred for magistrate adjudication, for the proposition that courts decline to apply the most-adequate presumption to a group whose members "appear[ed] to be complete strangers brought together by their proposed counsel in an effort to maximize their combined losses." No. 17-80500-CIV, 2017 WL 11068524, at *1 (S.D. Fla. July 14, 2017), *objections overruled*, No. 9:17-CV-80500, 2017 WL 3473482 (S.D. Fla. Aug. 14, 2017) ("*Carvelli I*") (quoting *Randall v. Fifth St. Fin. Corp.*, No. 15-CV-7759, 2016 WL 462479, at *2 (S.D.N.Y. Feb. 1, 2016)); DE 21 at 2.

*Carvelli I*, however, was "grounded in evidence demonstrating the attorney-driven nature of the aggregation in [that] case." *Carvelli v. Ocwen Fin. Corp.*, No. 9:17-CV-80500, 2017 WL 3473482, at *3 (S.D. Fla. Aug. 14, 2017) ("*Carvelli II*") (finding that the magistrate judge did not commit reversible error in declining to employ the most-adequate presumption). The circumstances in *Carvelli I* are distinct from the circumstances here. 2017 WL 11068524, at *1. First, *Carvelli I* concerned two competing applications: the first by a group of two individual and unrelated investors, and the second by an institutional investor. *See* 2017 WL 11068524, at *1. The "presumption inherent in Congress' enactment of the PSLRA that institutional investors serve as better lead plaintiffs" is not applicable in the instant case, which involves only individual investors. *Id.* at *6 (quoting *Juliar v. Sunopta Inc.*, 2009 WL 1955237, at *2 (S.D.N.Y. Jan. 30, 2009)).

Next, *Carvelli I* involved more closely competing financial interests. The aggregated loss by the group of two individual investors was $190,161.00. *Id.* at *1. The loss by the institutional investor

was \$192,850.00. *Id.* The parties disputed the appropriate calculation methods, and the institutional investor admitted that when calculated under the investor group's method, the institutional investor's losses were reduced to \$131,758.00. *Id.* at *1 n.2. Following case law from the Southern District of New York, the magistrate judge declined to aggregate the investor group's losses and thus did not apply the most-adequate presumption based on greater financial interest. *Id.* at *4–6 (citing *Randall*, 2017 WL 462479, at *2). Even if the judge *did* aggregate the investor group's losses *and* use the investor group's calculation method, however, the difference in the losses incurred would still have been "minimal." *Carvelli II*, 2017 WL 3473482, at *3 ("The cases cited by Judge Hopkins support the proposition that this difference, too, is small enough to shrink the persuasiveness of the presumption that the plaintiff with the largest financial interest is the most adequate.").

Here, by contrast, Mr. Romig has not disputed Terran Investor Group's calculation methods, and the difference between the financial interests claimed by Terran Investor Group and Mr. Romig is in the hundreds of thousands. This is a more substantial difference than the "minimal" one in *Carvelli I* that "shr[ank] the persuasiveness" of the most-adequate presumption. *Id.*

Finally, *Carvelli I* heightened the court's concerns about attorney-manipulated and -controlled litigation. In *Carvelli I*, the group of two individual investors sought to appoint three law firms, which the court found "suggest[ed] that this [was] not a cohesive group." *Id.* at *6. During an evidentiary hearing, the two investors' testimony revealed that neither knew of the other's existence until their lawyers introduced them *after* their joint motion to appoint lead plaintiff was filed. *Id.* And after hearing the testimony of the individual investor who would have had decision-making power over the second individual investor—and, indeed, the entire class—the court determined that the individuals were not adequate to lead the class action, opting instead to follow the presumption in favor of the competing institutional investor. *Id.*; *see also Carvelli II*, 2017 WL 3473482 at *3 (finding that the

6

magistrate judge's adequacy determination, based on multiple considerations, was not clearly erroneous or contrary to law).

The "evidence demonstrating the attorney-driven nature of the aggregation" is not a concern here as it was in *Carvelli I*. Both Terran Investor Group and Mr. Romig seek to appoint lead and liaison counsel. DE 10, 13. Unlike in *Carvelli I*, the Terran Investor Group members have submitted a Joint Declaration to demonstrate their cohesiveness as a group and detail their commitment to advance the interests of the class. DE 10-6. In their Joint Declaration, the Terran Investor Group members state that they "each independently determined to seek joint appointment as Co-Lead Plaintiffs," DE 10-6 ¶ 1, "subsequently approved the filing of a joint motion," *id.*, and discussed the case with each other during a conference call before the filing of their motion, *id.* ¶ 6.

For these reasons, this Court is not persuaded that it should depart from the strong presumption that the movant with the largest financial interest in the relief sought by the class is the most adequate plaintiff. *Sherleigh Assocs. LLC v. Windmere-Durable Holdings, Inc.*, 184 F.R.D. 688, 691 (S.D. Fla. 1999). The Court next turns to whether Terran Investor Group, as the presumptive lead plaintiff, satisfies the Rule 23 requirements.

**B. Rule 23 Requirements**

The PSLRA provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." § 78u-4(a)(3)(B)(iii)(I)(cc). "This inquiry is not as 'searching as the one triggered by a motion for class certification,' but requires the lead plaintiff status to make a *prima facie* showing of typicality and adequacy." *Brustein v. Lampert*, No. 04-61159-CIV, 2005 WL 8154797, at *7 (S.D. Fla. June 16, 2005) (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001)).

7

First, the proposed lead plaintiff must have claims or defenses that are typical of the claims and defenses of the class. Fed. R. Civ. P. 23(a)(3). The Terran Investor Group has satisfied the typicality requirement: their claims are based on the same legal theory and arise from the same events and course of conduct as the claims of the class. *See* DE 10 at 9–10; DE 1.

Second, the proposed lead plaintiff must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This inquiry rests on two bases: common interests between the representative and the class, and the willingness and ability to vigorously prosecute the action. *In re 21st Century Holding Co*, 2007 WL 9220955, at *6.

This Court is satisfied that Terran Investor Group has made a *prima facie* showing of the Rule 23 adequacy of representation requirement. Terran Investor Group is not aware of any conflict between its interests and those of the class. *Id.* (stating that the lead plaintiff "should not have any interests antagonistic to the other class members") (citation omitted); DE 20 at 3.

The Court is also satisfied that Terran Investor Group demonstrates a willingness and ability to vigorously prosecute the action. Three out of four individuals in the Terran Investor Group are either military veterans or worked in contract, procurement, and accounting for the Department of Defense; this experience is relevant to litigating against Defendant, which operates in the aerospace and defense industries. DE 20 at 4; DE 10-6 ¶¶ 3–4; *see also Carvelli II*, 2017 WL 3473482 at *3 ("The Court recognizes that 'in the context of complex securities litigation, attacks on the adequacy of the class representative based on the representative's ignorance or credibility are rarely appropriate" (quoting *Koppel v. 4987 Corp.*, 191 F.R.D. 360, 369 (S.D.N.Y. 2000))).

Furthermore, the Terran Investor Group has attested to its readiness to "vigorously prosecute the action" given the members' "shared desire to achieve the best possible result for the Class." DE 10-6 ¶ 7. The members attest that they "will satisfy [their] fiduciary obligations to the Class by,

among other steps, conferring with each other and our counsel regarding litigation strategy and other matters, and reviewing and authorizing the filing of important litigation documents." DE 10-6 ¶ 9.

Lastly, this Court is satisfied that the counsel selected by Terran Investor Group are qualified for purposes of this litigation, which Mr. Romig does not challenge. DE 24 at 6 n.3; DE 10-7; DE 10-8. *See In re 21st Century Holding Co*, 2007 WL 9220955, at *6 (requiring that the lead plaintiff "must demonstrate that [it] will vigorously prosecute the action by providing both adequate financing and competent counsel") (citation omitted).

## IV.    CONCLUSION

For the reasons above, Plaintiff Terran Investor Group's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel is **GRANTED**. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) (providing that once the most adequate plaintiff is selected, the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). Plaintiff Aaron Romig's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel is **DENIED**.

It is hereby **ORDERED AND ADJUDGED** that this Court appoints Terran Investor Group as Lead Plaintiff and approves its selection of Pomerantz LLP as Lead Counsel for the Class and Miller Shah LLP as Liaison Counsel for the Class. If the Terran Investor Group as Lead Plaintiff seeks to file an Amended Complaint, it shall do so no later than January 17, 2025.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 2nd day of January, 2025.

_____

ROBIN L. ROSENBERG

UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record