# EXHIBIT D

**JOINT DECLARATION OF LAUREN ANN MISKINNIS, JOHNATHAN Q. QUACH, ISHAN NILESH SHAH, AND BRIAN ZEIGLER IN SUPPORT OF THE MOTION OF THE CELSIUS INVESTOR GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

We, Lauren Ann Miskinnis, Johnathan Q. Quach, Ishan Nilesh Shah, and Brian Zeigler, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1.      We respectfully submit this Joint Declaration in support of the motion (the "Motion") of Lauren Ann Miskinnis, as trustee of The Lauren Ann Miskinnis 2022 U/A DTD 02/02/2022 (the "Trust"), Johnathan Q. Quach, Ishan Nilesh Shah, and Brian Zeigler (collectively, the "Celsius Investor Group") for consolidation of related actions, appointment as Lead Plaintiff, and approval of the Celsius Investor Group's selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel and Saxena White P.A. ("Saxena White") as Liaison Counsel for the proposed class in the securities class action litigation against Celsius Holdings, Inc. ("Celsius" or the "Company") and certain of its executive officers (collectively, "Defendants"). We are informed of and understand the requirements and duties imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") on the lead plaintiff, including the selection and retention of counsel, and overseeing the prosecution of the Celsius litigation.  We each have personal knowledge about the information in this Joint Declaration relating to ourselves.

2.      I, Lauren Ann Miskinnis, as the sole trustee of the Trust, am authorized to make legal decisions, including the decision to file a motion for appointment as Lead Plaintiff.  I am a resident of California and am retired.  Prior to my retirement, I worked in real estate development and design for 30 years.  I received a B.A. in Social Sciences from the University of California, Berkeley.  I have been investing in the stock market for 25 years.  As set forth in the Motion and the supporting papers incorporated therein, the Trust incurred substantial losses on its investments

1

in Celsius securities during the class period.  I personally made the investment decisions for the Trust in connection with its investments in Celsius securities.  After reviewing a press release concerning a lawsuit filed against Celsius, I contacted Kessler Topaz.  Prior to the filing of the Motion, I had multiple discussions with attorneys from Kessler Topaz, via telephone and email, regarding the litigation against Celsius, the possibility of serving as a lead plaintiff on behalf of other Celsius investors, and the duties and responsibilities that I would assume if appointed as lead plaintiff under the PSLRA.  Based on the foregoing, I decided to retain Kessler Topaz to represent me, on behalf of the Trust, and the class in this litigation.  I understand, appreciate, and accept the duties and responsibilities with which a lead plaintiff is charged under the PSLRA.

3.      I, Johnathan Q. Quach, am a resident of Texas.  I received a B.S. in Math and Computer Science from the United States Coast Guard Academy and an MBA in Management Information Systems from the University of Houston.  I served in the United States Coast Guard for 10 years.  I am currently employed as a Senior Infrastructure Engineer for an airport system.  I have been investing in the stock market for 30 years.  As set forth in the Motion and the supporting papers incorporated therein, I, and my wife, Teresa T. Quach, whose claims have been assigned to me, suffered substantial losses as a result of my investments in Celsius securities during the class period.  I personally made the investment decisions in connection with the investments in Celsius securities during the class period.  After reviewing a press release concerning a lawsuit filed against Celsius, I contacted Kessler Topaz.  Prior to the filing of the Motion, I had multiple discussions with attorneys from Kessler Topaz, via telephone and email, regarding the litigation against Celsius, the possibility of serving as a lead plaintiff on behalf of other Celsius investors, and the duties and responsibilities that I would assume if appointed as lead plaintiff under the PSLRA. Based on the foregoing, I decided to retain Kessler Topaz to represent me and the class in this

litigation. I understand, appreciate, and accept the duties and responsibilities with which a lead plaintiff is charged under the PSLRA.

4. I, Ishan Nilesh Shah, am a resident of Georgia. I am a Network Engineer for a financial technology company. I received an M.S. in Electrical Engineering from California State University, Los Angeles. I have been investing in the stock market for approximately 7 years. As set forth in the Motion and the supporting papers incorporated therein, I suffered substantial losses as a result of my investments in Celsius securities during the class period. I personally made the investment decisions in connection with the investments in Celsius securities during the class period. After reviewing a press release concerning a lawsuit filed against Celsius, I contacted Kessler Topaz. Prior to the filing of the Motion, I had multiple discussions with attorneys from Kessler Topaz, via telephone and email, regarding the litigation against Celsius, the possibility of serving as a lead plaintiff on behalf of other Celsius investors, and the duties and responsibilities that I would assume if appointed as lead plaintiff under the PSLRA. Based on the foregoing, I decided to retain Kessler Topaz to represent me and the class in this litigation. I understand, appreciate, and accept the duties and responsibilities with which a lead plaintiff is charged under the PSLRA.

5. I, Brian Zeigler, am a resident of Pennsylvania. I am currently employed as a Studio Manager and Fitness Coach. I received a B.A. in Communications from Temple University. I have been investing in the stock market for approximately 10 years. As set forth in the Motion and the supporting papers incorporated therein, I suffered substantial losses as a result of my investments in Celsius securities during the class period. I personally made the investment decisions in connection with the investments in Celsius securities during the class period. After I saw information on an investment website about a lawsuit against Celsius, I performed several

3

online searches, reviewed press releases published by several law firms, including Kessler Topaz, and ultimately decided to contact Kessler Topaz.  Prior to the filing of the Motion, I had multiple discussions with attorneys from Kessler Topaz, via telephone and email, regarding the litigation against Celsius, the possibility of serving as a lead plaintiff on behalf of other Celsius investors, and the duties and responsibilities that I would assume if appointed as lead plaintiff under the PSLRA.  Based on the foregoing, I decided to retain Kessler Topaz to represent me and the class in this litigation.  I understand, appreciate, and accept the duties and responsibilities with which a lead plaintiff is charged under the PSLRA.

6.      We are strongly motivated to recover the significant losses that we and the class suffered as a result of Defendants' violations of the federal securities laws.  Our principal goal in seeking to serve as Lead Plaintiff in this case is to achieve the best possible recovery for the class from all culpable parties.  We believe that the prosecution of this litigation should be entrusted to investors with a substantial financial interest in the claims against Defendants, and that are committed to ensuring that this matter is litigated as zealously and efficiently as possible, in accordance with our duties under the PSLRA.

7.      Accordingly, we reaffirm our commitment to satisfying the fiduciary obligations that we will assume if appointed Lead Plaintiff, including conferring with each other and with our counsel regarding the litigation strategy and other matters, attending court proceedings, depositions, any settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents.  Through these and other measures, we will ensure that the Celsius securities litigation will be vigorously prosecuted consistent with the Lead Plaintiff's obligations under the PSLRA and in the best interests of the class, and will seek to obtain the greatest possible recovery for the class.

8.      We are familiar with the facts and circumstances relating to the pending class action litigation involving Celsius.  After reviewing the allegations against Celsius, and in exploring potential leadership of this case with counsel, we each expressed an interest in working with other investors and each independently determined to seek joint appointment as Lead Plaintiff.  In that regard, we have been advised that the PSLRA and courts throughout the United States permit groups which, like ours, are committed to actively working together to serve as lead plaintiff. Additionally, we individually believe that joint leadership can provide significant benefits to the class.  We are confident that our partnership, which would allow us to share our experiences, perspectives, and resources when leading this litigation, would add substantial value to the prosecution of the Celsius litigation and benefit the class.

9.      For these reasons, and after additional diligence, we each independently determined that we could achieve our shared goal of securing the maximum potential recovery for Celsius investors by seeking joint appointment as Lead Plaintiff, and that our partnership would ensure that the class was represented by highly-qualified counsel.

10.     Prior to seeking appointment as Lead Plaintiff, we convened a conference call to discuss our leadership of this litigation and commitment to jointly prosecute this important matter. This call included discussion of, among other things: the facts and merits of the claims against Defendants; the losses arising from Defendants' misconduct; the strategy for the prosecution of this litigation; the shared desire to achieve the best possible result for the class; the shared interest in serving jointly as Lead Plaintiff in this case; and the benefits the class would receive from our joint leadership of the case.  We further discussed our commitment to take an active role in supervising the prosecution of the litigation.  We believe that by working together we will ensure

5

that the class's claims are efficiently and zealously prosecuted through our oversight of proposed Lead Counsel, Kessler Topaz.

11.     We further agree that our collective resources and our ability to engage in joint decision-making will materially benefit and advance the interests of the class in this litigation. Through our discussions, we determined that we are like-minded investors with a substantial financial stake in this litigation and share a commitment to maximizing investors' recovery.

12.     We understand that the PSLRA and courts throughout the United States have endorsed the appointment of small groups of investors to serve as lead plaintiff when the group is able to establish that its members are able to oversee the litigation and their proposed lead counsel in an independent manner.  We intend to prosecute this litigation in such an independent and vigorous manner.

13.     Moreover, we are highly motivated to recover our respective substantial losses and intend to share our perspectives, experiences, and resources to direct this litigation.  To this end, we have discussed with each other the importance of joint decision-making, open communication, and the ability to confer, with or without counsel, via telephone and emails on short notice to ensure that we are able to make timely decisions.  Among other things, we are available to confer via telephone and email to ensure that we are able to act in a timely manner.  Given our common goals and incentives to maximize the class's recovery in this case, we do not envision having any dispute relating to our oversight of the litigation.  However, in the unlikely event that any such disputes arise, we plan to engage in thorough discussion with each other and our counsel to come to a resolution.

14.     In addition to discussing our goals for the litigation, we recognize the importance of selecting qualified counsel to prosecute the litigation, and that counsel does so in a cost-effective

manner.  With respect to our selected counsel, we believe that the class will benefit from having a law firm experienced in litigating securities class actions and successfully serving as Lead Counsel.  We have been informed of the experience, resources, and successes of our proposed Lead Counsel, Kessler Topaz, and are aware that Kessler Topaz is an accomplished law firm with a history of achieving significant recoveries in actions it has prosecuted.  Through our oversight of our proposed counsel, we are confident that Kessler Topaz will prosecute this litigation in a zealous and efficient manner.

15.    In addition, we understand the Lead Plaintiff's responsibility to ensure that any request for attorneys' fees sought by counsel is appropriate.  We take this obligation seriously, and believe the limit on fees set forth in our respective retainer agreements with counsel properly align the interests of counsel with those of the class.  We also understand that the attorneys' fees awarded to counsel in this case, if any, will be set by the Court.  Ultimately, we believe the experience and success of Kessler Topaz in prosecuting securities class actions, combined with our oversight of Kessler Topaz, will ensure that the class receives the best possible representation in this litigation.

**[REMAINDER INTENTIONALLY BLANK]**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to me and the Trust are true to the best of my knowledge.

Executed this __17__ day of January 2025.

By: _____

Lauren Ann Miskinnis
DocuSigned by:
933DF711CDD1450...

Lauren Ann Miskinnis, as trustee of
The Lauren Ann Miskinnis 2022 U/A DTD
02/02/2022

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to me are true to the best of my knowledge.

Executed this ⸻19⸻ day of January 2025.

By: ⸻ *Johnathan Q. Quach* ⸻
57C960DF1F94432...
Johnathan Q. Quach

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to me are true to the best of my knowledge.

Executed this __19__ day of January 2025.

By:      *Ishan Nilesh Shah*

                Ishan Nilesh Shah

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to me are true to the best of my knowledge.

Executed this __17__ day of January 2025.

By: _____

DocuSigned by:

5161F957E4C749A...

Brian Zeigler