**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 9:24-CV-81472-ROSENBERG/REINHART

| | |
|---|---|
| SHELBY TOWNSHIP POLICE & FIRE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>  -v-<br><br>CELSIUS HOLDINGS, INC., JOHN FIELDLY, and JARROD LANGHANS,<br><br>       Defendants. | CLASS ACTION |

Case No. 9:25-CV-80053-ROSENBERG/REINHART

| | |
|---|---|
| ANTHONY M. ABRAHAM, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>  -v-<br><br>CELSIUS HOLDINGS, INC., JOHN FIELDLY, and JARROD LANGHANS,<br><br>       Defendants. | CLASS ACTION |

**RESPONSE OF THE ZARABI FAMILY TRUST DATED SEPTEMBER 3, 1992
TO ALL COMPETING MOTIONS FOR APPOINTMENT AS
LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........................................................................................................ ii

I.      PRELIMINARY STATEMENT ..................................................................................... 1

II.     ARGUMENT.................................................................................................................... 2

        A.     THE TRUST IS THE PRESUMPTIVE LEAD PLAINTIFF .................................................. 2

        B.     THE TRUST SATISFIES RULE 23'S TYPICALITY AND ADEQUACY
                REQUIREMENTS.................................................................................................... 3

        C.     NO OTHER MOVANT CAN REBUT THE PRESUMPTION THAT THE
                TRUST IS THE MOST ADEQUATE LEAD PLAINTIFF....................................................... 4

III.    CONCLUSION................................................................................................................. 5

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Jastram v. Nextera Energy, Inc.*,
  No. 23-80833-CIV, 2023 WL 11885983 (S.D. Fla. Oct. 26, 2023) ..........................................2

*Luczak v. Nat'l Beverage Corp.*,
  No. 0:18-cv-61631-KMM, 2018 WL 9847842 (S.D. Fla. Oct. 12, 2018) ................................3

*Okaro v. Icahn Enterprises L.P.*,
  702 F. Supp. 3d 1296 (S.D. Fla. 2023) ..................................................................................2

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii) ..................................................................................1, 3, 4

**Other Authorities**

Rule 23 .......................................................................................................................3

I.      **PRELIMINARY STATEMENT**

On January 21, 2025, the Zarabi Family Trust Dated September 3, 1992 (the "Trust"), by its Trustees Frank Zarabi and Desiree Zarabi ("Trustees"), moved to be appointed as Lead Plaintiff in this action and to have its choice of counsel, Grant & Eisenhofer P.A., approved as Lead Counsel. (ECF No. 28). That day, six other groups submitted competing motions. (ECF Nos. 21-23 and 29-32). As of the date of this filing, five movants have withdrawn their motions: ECF No. 34 (the "Celsius Investor Group"), ECF No. 30 (Joel Todd Mull), ECF No. 35 (David W. Kendall), ECF No. 37 (Francis Bayog), and ECF No. 38 (the "Abraham Group"). Only Gary J. Vucovich has not withdrawn. He has not withdrawn despite having claimed losses that are dwarfed by those of the Zarabi Family Trust.

The PSLRA instructs that, when appointing a Lead Plaintiff, "the court shall adopt a presumption that the most adequate plaintiff . . . is the person or group of persons who . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Of the remaining movants, the Trust has the "largest financial interest" in the relief sought by far. This is true however the proposed class is defined. The *Shelby Township* action was brought on behalf of purchasers of Celsius common stock. During the Class Period, the Trust lost **$44,599,802** in connection with its purchases of Celsius common stock. The *Abraham* action was brought on behalf of purchasers of Celsius common stock and sellers of Celsius puts. The Trust's net losses for that proposed class are **$43,869,901**. If the class period is defined properly to encompass all securities, as the Trust and its counsel intend to do, the Trust's total losses in connection with its Celsius investments during the Class Period are **$47,201,185**. No other movant's losses come close to those of the Trust and the Court's inquiry should end there. The Trust (1) has the largest financial interest on the outcome of this litigation and (2) satisfies the typicality and adequacy requirements under Rue 23, and thus is the presumptive lead plaintiff.

## II.     ARGUMENT

### A.     THE TRUST IS THE PRESUMPTIVE LEAD PLAINTIFF

In determining the largest financial interest in the relief sought, "[c]ourts in this circuit have considered four factors: (1) the number of shares purchased during the class period; (2) the number of net shares purchased; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Jastram v. Nextera Energy, Inc.*, No. 23-80833-CIV, 2023 WL 11885983, at *2 (S.D. Fla. Oct. 26, 2023). "Of the four factors, most courts give the greatest weight to estimated losses." *Okaro v. Icahn Enterprises L.P.*, 702 F. Supp. 3d 1296, 1300 (S.D. Fla. 2023).

With the benefit of reviewing the submissions of the other movants, the Trust can confirm that no other movant has a larger financial interest in the relief sought by the Class:[1]



---

[1] The chart reflects the claimed losses of all movants, including those who have since withdrawn. In addition to claimed loss, the Trust also has a greater financial interest than any other movant under the remaining three *Lax* factors.

**B.** **THE TRUST SATISFIES RULE 23'S TYPICALITY AND ADEQUACY REQUIREMENTS**

As noted in the Trust's opening brief, a Lead Plaintiff movant also must satisfy the typicality and adequacy requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). "The movant need only make a *prima facie* showing that Rule 23(a)'s requirements of typicality and adequacy are met." *Luczak v. Nat'l Beverage Corp.*, No. 0:18-cv-61631-KMM, 2018 WL 9847842, at *2 (S.D. Fla. Oct. 12, 2018) (citing *Brustein v. Lampert*, No. 04-61159-CIV, 2005 WL 8154797, at *7 (S.D. Fla. June 16, 2005)). The Trust has made that showing.

The Trust is both typical and adequate. The Trust's claims are typical because, like other Class members, it: (1) purchased shares of Celsius stock, and sold Celsius puts, during the Class Period; (2) at prices that were artificially inflated by Defendants' materially false and misleading statements; and (3) suffered damages when the false and misleading nature of those statements became publicly known and the value of Celsius's stock fell in response. *See, e.g.*, *Luczak*, 2018 WL 9847842, at *2 ("Luczak, like all members of the class, alleges that Defendants made false statements and omissions of material fact in violation of federal securities laws, and that Luczak, like all members of the class, suffered damages as a result of these violations. Luczak's claims therefore appear typical of the purported class as a whole") (citation and internal quotations omitted).

The Trust also will fairly and adequately protect the interests of the Class. The Trust has chosen a highly qualified and experienced securities litigation firm that has consistently achieved success for defrauded investors to act as Lead Counsel. The Trust's interests are aligned with those of the other class members and are not antagonistic in any way. Further, the Trust will vigorously advocate on behalf of other Class members as it has incurred substantial financial losses as a result of Defendants' misrepresentations and omissions.

3

### C.     NO OTHER MOVANT CAN REBUT THE PRESUMPTION THAT THE TRUST IS THE MOST ADEQUATE LEAD PLAINTIFF

The Trust has the largest financial interest in the litigation, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  It is therefore the presumptive Lead Plaintiff under the PSLRA.  No competing movant can rebut that presumption.

The presumption may be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  Here, no competing movant can possibly submit any proof that the Trust would not fairly and adequately protect the interests of the Class or would be subject to unique defenses rendering it incapable of representing the class.  The Trust, through its Trustees, is committed to litigate this action aggressively on its own behalf and on behalf of all other aggrieved class members.  Appointing the movant with the largest losses ensures that an investor like the Trust is committed to vigorously pursuing the claims asserted.  When the Trust's trades are considered in their entirety (without the artificial separation of sales of puts and purchases of calls created by the class definition in the current complaints), the Trust had a significant long position in Celsius common stock and maintained that position through the dates of all corrective disclosures.  The Trust sustained a significant loss mainly on open market equity purchases.  Additional losses were sustained from long exposure through option positions; specifically, the combined sale of puts and purchase of calls.  There is no credible argument that the Trust is subject to unique defenses.

4

**III.     CONCLUSION**

For the foregoing reasons, the Trust respectfully requests that this Court: (1) consolidate

the Related Actions; (2) grant its motion to be appointed Lead Plaintiff; and (3) approve its choice

of counsel as Lead Counsel for the Class.

Dated: February 3, 2025                     Respectfully submitted,

*/s/  Joshua. E. Dubin*
Joshua E. Dubin (Florida Bar #48865)
**JOSH DUBIN, P.A.**
201 South Biscayne Boulevard
Suite 1210
Miami, Florida 33131
Tel.: (212) 219-1469
Fax: (212) 219-1897
Email: josh@jdubinlaw.com

*Liaison Counsel for the Trust and Proposed
Liaison Counsel for the Class*

*/s/  Karin E. Fisch*
Karin E. Fisch*
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: kfisch@gelaw.com

*Counsel for the Trust and Proposed Lead
Counsel for the Class*

\* *pro hac vice* application forthcoming

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 3, 2025, I caused the forgoing to be filed electronically with the Court's Case Management/Electronic Case Filing System ("CM/ECF"). Notice of those filings was sent to all parties of record by operation of the Notice of Electronic Filing System, and the parties to this action may access the filings through CM/ECF.


*/s/ Joshua E. Dubin*
Joshua E. Dubin

6