**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 9:24-cv-81472-Rosenberg/Reinhart
Case No. 9:25-cv-80053-Middlebrooks

| | |
|---|---|
| SHELBY TOWNSHIP POLICE & FIRE RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated, | <u>CLASS ACTION</u> |
| Plaintiff, | |
| v. | |
| CELSIUS HOLDINGS, INC., JOHN FIELDLY, and JARROD LANGHANS, | |
| Defendants. | |
| ANTHONY M. ABRAHAM, Individually and on Behalf of All Others Similarly Situated, | <u>CLASS ACTION</u> |
| Plaintiff, | |
| v. | |
| CELSIUS HOLDINGS, INC., JOHN FIELDLY, and JARROD LANGHANS, | |
| Defendants. | |

**GARY J. VUCEKOVICH'S OPPOSITION**
<u>**TO COMPETING MOTIONS FOR LEAD PLAINTIFF**</u>

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...........................................................................................1

ARGUMENT ...................................................................................................................3

    I.       The PSLRA Process.........................................................................................3

    II.     The Zarabi Family Trust Is Inadequate and Atypical ......................................4

          *A.*     *The Zarabi Family Trust Has Not Established Its Adequacy.* ............... 4

          *B.*     *Mr. Zarabi is an Inadequate Class Representative.* ............................... 7

    III.    Mr. Vucekovich is the Presumptive Lead Plaintiff.........................................9

          *A.*     *Mr. Vucekovich Has the Largest Financial Interest.* ............................. 9

          *B.*     *Mr. Vucekovich Meets the Typicality and Adequacy Requirements of Rule 23.*.... 11

          C.     Approval of Mr. Vucekovich's Choice of Counsel is Appropriate. ..................... 12

CONCLUSION.................................................................................................................12

## TABLE OF AUTHORITIES

**Cases**

*Biver v. Nicholas Fin., Inc.*,
   Case No. 8:14-cv-250-T-33TGW, et. al., 2014 U.S. Dist. LEXIS 60019, Fed. Sec. L. Rep.
   (CCH) P97,945 (M.D. Fla. Apr. 30, 2014) ............................................................................. 12

*Brustein v. Lampert,*
   No. 04-61159-CIV-LENARD/KLEIN, 2005 U.S. Dist. LEXIS 51106 (S.D. Fla. June 15,
   2005) ................................................................................................................................. 3,11

*Cohen v. Beneficial Indus. Loan Corp.,*
   337 U.S. 541, 549 (1949)......................................................................................................... 4

*Constr. Workers Pension Tr. Fund v. Navistar Int'l Corp.,*
   No. 13 C 2111, 2013 U.S. Dist. LEXIS 106246 (N.D. Ill. July 30, 2013). ............................. 9

*Culver v. City of Milwaukee,,*
   277 F.3d 908, 910 (7th Cir. 2002) .......................................................................................... 8

*Desilvio v. Lion Biotechs., Inc.*,
   2017 U.S. Dist. LEXIS 222274 (N.D. Cal. July 7, 2017).......................................................... 5

*Dillard v. Platform Specialty Prod. Corp.*,
   No. 16-CV-80490, 2016 U.S. Dist. LEXIS 204852 (S.D. Fla. June 30, 2016) ...................... 12

*Howard v. Ray's LLC*,
   No. 1:08-cv-627-RLY-MJD, 2011 U.S. Dist. LEXIS 113591 (S.D. Ind. 2011) ..................... 5

*In re Bally Total Fitness Sec. Litig., ,*
   No. 04 C 3530, 2005 U.S. Dist. LEXIS 6243 (N.D. Ill. Mar. 15, 2005) ................................. 9

*In re Boeing Co. Aircraft Sec. Litig.*,
   No. 19 CV 2394, 2019 U.S. Dist. LEXIS 198259 (N.D. Ill. Nov. 15, 2019) .......................... 5

*In re Cavanaugh,*
   306 F.3d 726 (9th Cir. 2002) ................................................................................................... 4

*In re Cendant Corp. Litig.,*
   364 F.3d 201 (3d Cir. 2001)............................................................................................... 3, 11

*In re Red Hat, Inc. Sec. Litig.,*
   261 F.R.D. 83, 87 (E.D.N.C. 2009) ......................................................................................... 9

*In re HEXO Corp. Sec. Litig.*,
   2020 U.S. Dist. LEXIS 166312 (S.D.N.Y. Sep. 11, 2020).................................................. 1, 6

*In re Netflix, Inc. Sec. Litig.*,
2012 WL 1496171 (N.D. Cal. Apr. 27, 2012) ........................................................................ 4

*In re Olsten Corp. Sec. Lit.*,
3 F. Supp.2d 286 (E.D.N.Y. 1998) ....................................................................................... 2

*In re Regions Morgan Keegan Open-End Mut. Fund Litig.*,
2009 WL 10665043 (W.D. Tenn. Sept. 30, 2009)................................................................. 7

*In re Surebeam Corp. Sec. Litig.*,
No. 03 CV 1721 JM (POR), 2003 U.S. Dist. LEXIS 25022 (S.D. Cal. Dec. 31, 2003)........... 8

*In re Telxon Corp. Sec. Litig*,
67 F. Supp. 2d 803, 818 (N.D. Ohio 1999).......................................................................... 7

*Karp v. Diebold Nixdorf, Inc.*,
19 Civ. 6180(LAP), et. al., 2019 U.S. Dist. LEXIS 188670 (S.D.N.Y. Oct. 30, 2019) ........... 5

*Miller v. Dyadic Int'l, Inc.*,
Case No. 07-80948-WPD, 2008 U.S. Dist. LEXIS 32271 (S.D. Fla. April 18, 2008)............. 2

*Nasin v. Hongli Clean Energy Techs. Corp.*,
2017 U.S. Dist. LEXIS 192673 (D.N.J. Nov. 21, 2017)........................................................ 6

*Newman v. Eagle Bldg. Techs.*,
209 F.R.D. 499 (S.D. Fla. 2002)......................................................................................... 2

*Okla. Law Enf't Ret. Sys. v. Adeptus Health Inc.*,
2017 U.S. Dist. LEXIS 140268 (E.D. Tex. Aug. 31, 2017) .................................................. 7

*Perez v. Hexo Corp.*,
19 Civ. 10965 (NRB), et. al., 2020 U.S. Dist. LEXIS 32381 (S.D.N.Y. Feb. 25, 2020) ..... 5, 6

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
229 F.R.D. 395 (S.D.N.Y. 2004) ......................................................................................... 6

*Piven v. Sykes Enters.*,
137 F. Supp. 2d 1295 (M.D. Fla. 2000)............................................................................... 11

*Plymouth County Ret Sys. v. Carter's, Inc.*,
No. 1:08-CV-2940-JOF, 2009 U.S. Dist. LEXIS 20582 (N.D. Ga. Mar. 13, 2009) ............... 7

*Prado-Steiman v. Bush*,
221 F.3d 1266 (11th Cir. 2000) .......................................................................................... 11

*Rand v. Monsanto Co.*,
926 F.2d 596, 599 (7th Cir. 1991) ...................................................................................... 8

iv

*Searcy v. eFunds Corp.*,
   No. 08-C-985, 2010 U.S. Dist. LEXIS 31627 (N.D. Ill. Mar. 31, 2010) ................................ 8

*Shiring v. Tier Techs., Inc.*,
   244 F.R.D. 307, 316-17 (E.D. Va. 2007) ................................................................................. 8

*Susman v. Lincoln Am. Corp.,*
   561 F.2d 86, 90 (7th Cir. 1977) .............................................................................................. 8

*Tran v. Erba Diagnostics, Inc.,*
   No. 15-cv-2440- COOKE/TORRES, 2016 U.S. Dist. LEXIS 186864 (S.D. Fla. Apr. 8, 2016)
   .......................................................................................................................................... 3, 11

*Wasa Med. Holdings v. Sorrento Therapeutics, Inc.*,
   No. 20-cv-0966-AJB-DEB, 2021 U.S. Dist. LEXIS 27438 (S.D. Cal. Feb. 12, 2021) ............ 6

**Statutes**

15 U.S.C. § 78u-4 ....................................................................................................... 1, 4, 9

Lead Plaintiff Movant Gary J. Vucekovich, individually and on behalf of the Vucekovich Family 678 Trust (collectively, "Mr. Vucekovich"), respectfully submits this Memorandum of Law in opposition to the competing motions for lead plaintiff and appointment of lead counsel.

## PRELIMINARY STATEMENT

The Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4) (the "PSLRA"), sets forth a clear directive in terms of appointing lead plaintiffs to serve in securities fraud class actions. The PSLRA applies in the case at hand and, under the PSLRA, Mr. Vucekovich's motion for appointment as lead plaintiff and selection of counsel should be granted.

The PSLRA presumes that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and should be appointed as lead plaintiff, so long as he or she also makes the required *prima facie* showing of adequacy and typicality under Federal Rule of Civil Procedure 23(a). This necessarily entails an evidentiary showing capable of demonstrating that the shareholder would appear qualified to carry out the fiduciary obligations associated with the lead plaintiff role. This requires something more than simply a movant's certification and calculation of damages. *See In re HEXO Corp. Sec. Litig.*, 2020 U.S. Dist. LEXIS 166312, at *3-4 (S.D.N.Y. Sep. 11, 2020). Absent this evidentiary showing, a shareholder cannot satisfy the criteria necessary to be appointed lead plaintiff.

Only one competing movant —the Zarabi Family Trust—claims to have a larger financial interest in the litigation than Mr. Vucekovich. However, the Zarabi Family Trust does not qualify as the presumptive lead plaintiff as it has not (and cannot) meet Rule 23's typicality and adequacy requirements. The Zarabi Family Trust failed to provide any information about its background, trustees, or beneficiaries. Its lack of transparency appears related to a motive to conceal ongoing

allegations of fraud, misappropriation, breach of fiduciary duty, and civil conspiracy against the trust's authorized representative, Mr. Frank Zarabi. Indeed, as recently as September 2024, Mr. Zarabi stipulated *not* to dismiss a litany of claims against him that directly impugn his character and ability to faithfully fulfill his fiduciary obligations as the lead plaintiff. Between the trust's failure to make the necessary *prima facie* showing under Rule 23(a) and Mr. Zarabi's apparent inability to oversee this litigation, the Zarabi Family Trust must be disqualified.

Mr. Vucekovich is the movant with the next "largest financial interest" in the litigation once the Zarabi Family Trust is eliminated. With $2,894,699.20 in losses, Mr. Vucekovich has a strong incentive to zealously represent the class's claims. His significant financial interest in this litigation ensures that he will vigorously pursue recovery on behalf of the Class. *See Miller v. Dyadic Int'l, Inc.,* Case No. 07-80948-WPD, 2008 U.S. Dist. LEXIS 32271, at *19 (S.D. Fla. April 18, 2008). In addition to having the "largest financial interest" in the Actions, Mr. Vucekovich makes the requisite *prima facie* showing of adequacy and typicality under Rule 23 for the purposes of triggering the PSLRA's lead plaintiff presumption. The "Class" in this case is defined as, all those who purchased Celsius Holdings, Inc. ("Celsius" or the "Company") common stock or sold Celsius puts during the period between February 29, 2024 and September 4, 2024, inclusive (the "Class Period").[1] Mr. Vucekovich acquired his common stock in Celsius and sold puts starting in

---

[1] The action entitled *Shelby Township Police & Fire Retirement System v. Celsius Holdings, Inc., et. al.,* Case No. 9:24-cv-81472 (the "*Shelby* Action") defines the Class as all purchasers of Celsius common stock during the period between February 29, 2024 and September 4, 2024. The action styled *Anthony M. Abraham v. Celsius Holdings, Inc., et al.,* No. 9:25-cv-80053 (the "*Abraham* Action") defines the Class as all persons who purchased Celsius stock or sold Celsius puts during the period between February 29, 2024 and September 4, 2024. Movant adopts the most-inclusive Class definition in the *Abraham* Action. The Actions present similar factual and legal issues, as they involve the same subject matter and are based on the same wrongful course of conduct asserted against the same defendants. Because the Actions arise from the same facts and circumstances and involve the same subject matter, consolidation under Rule 42(a) is appropriate. *Newman v. Eagle Bldg. Techs.* 209 F.R.D. 499, 501-02 (S.D. Fla. 2002) (citing *In re Olsten Corp. Sec. Lit.*, 3 F. Supp.2d 286, 294 (E.D.N.Y. 1998)).

March 2024 through September 2024. *See* ECF No. 22-4. Thus, Mr. Vucekovich falls squarely within the class definition.

Mr. Vucekovich is committed to overseeing the prosecution of these Actions to ensure success. His commitment to the case, along with his professional background and 25 years of investing experience, will prove advantageous for the plaintiffs in this litigation. Moreover, Mr. Vucekovich has experience hiring and overseeing attorneys for business-related matters. Vucekovich Decl., ECF No. 22-6. Mr. Vucekovich, therefore, has made a *prima facie* showing of adequacy for the purposes of Rule 23.

Mr. Vucekovich's evidentiary showing on the motion is sufficient to trigger the PSLRA's presumption of "most adequate plaintiff" to serve as lead plaintiff and, as demonstrated below, none of the other movants will be able to rebut that presumption. Accordingly, Mr. Vucekovich respectfully requests that his motion be granted in its entirety.

**ARGUMENT**

### I.    The PSLRA Process

The PSLRA creates a presumption that the lead plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest must make a *prima facie* showing of adequacy and typicality under Rule 23. *Brustein v. Lampert,* No. 04-61159-CIV-LENARD/KLEIN, 2005 U.S. Dist. LEXIS 51106, at *14 (S.D. Fla. June 15, 2005) (citing *In re Cendant Corp. Litig.,* 364 F.3d 201, 263 (3d Cir. 2001)); *see also, e.g., Tran v. Erba Diagnostics, Inc.,* No. 15-cv-2440- COOKE/TORRES, 2016 U.S. Dist. LEXIS 186864, at *3 (S.D. Fla. Apr. 8, 2016). Once this presumption is triggered, it may be rebutted only upon proof that the presumptive lead plaintiff will not fairly represent the interests

of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Importantly, and relevant to the motion at bar, if the movant with the "largest financial interest" either fails to "satisf[y] the requirements of Rule 23" or is otherwise at risk of being "subject to a unique defense[]" such that the presumption of "most adequate plaintiff" is rebutted, then that movant is disqualified and the analysis is performed again beginning with the movant with the next "largest financial interest" in the litigation. *See In re Cavanaugh,* 306 F.3d 726, 727 (9th Cir. 2002) ("The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.").

## II.    The Zarabi Family Trust Is Inadequate and Atypical

While the Zarabi Family Trust incurred greater losses than Mr. Vucekovich, it has not made the statutorily required showing of typicality and/or adequacy under Rule 23(a) necessary to trigger the PSLRA's presumption of "most adequate plaintiff." *See In re Netflix, Inc. Sec. Litig.*, 2012 WL 1496171, at *3 (N.D. Cal. Apr. 27, 2012). A Lead Plaintiff has a fiduciary responsibility to all purported class members. To adequately represent a class, the Lead Plaintiff must exhibit characteristics of "diligence, wisdom and integrity." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 549 (1949). The role of "lead plaintiff" is important insofar as the individuals appointed are trusted with overseeing their lawyers and serving in a fiduciary capacity to act in the best interests of their fellow class members, putting the Lead Plaintiff in a powerful position of trust and confidence to vigorously represent the entire putative class's interests. *Id.*

### A.  The Zarabi Family Trust Has Not Established Its Adequacy.

It is unclear who even is or are the beneficial owners of the Celsius securities traded by the Zarabi Family Trust during the Class Period. The certification submitted with the Zarabi Family

4

Trust's motion is signed by "Frank Zarabi and Desiree Zarabi, as Trustees for the Zarabi Family Trust Dated September 3, 1992". *See* ECF No.28-3. No other background information is provided about the trustees or the Zarabi Family Trust. The certification or the accompanying motion papers fail to inform the Court of Frank Zarabi's ("Mr. Zarabi's") or Desiree Zarabi's educational background, familiarity with this kind of litigation, or the full details regarding the ownership and leadership of the Zarabi Family Trust.

Caselaw throughout the country applies the PSLRA to mean that a *prima facie* showing of adequacy requires movants to include information necessary to determine if the movant has any conflicts with other class members, and if the movant will be able to effectively oversee counsel. *See Perez v. Hexo Corp.,* 2020 U.S. Dist. LEXIS 32381, at *6 (S.D.N.Y. Feb. 25, 2020) (denied appointing movant with largest loss for providing no information about themselves in opening motion, despite filing a supplemental declaration including additional information); *In re Boeing Co. Aircraft Sec. Litig.,* 2019 U.S. Dist. LEXIS 198259, at *23-24 & n.10 (N.D. Ill. Nov. 15, 2019) (The failure to include any details in an individual investor's motion is a "red flag[]" because "a viable candidate for Lead Plaintiff would understand the need to make a more fulsome preliminary showing of adequacy from the outset of the lead plaintiff selection process."); *Karp v. Diebold Nixdorf, Inc.,* 2019 U.S. Dist. LEXIS 188670, at *16 (S.D.N.Y. Oct. 30, 2019) (denying lead plaintiff motion of individual investors who "have provided the Court with little to go on with respect to their alleged capacity to manage this litigation."); *Desilvio v. Lion Biotechs., Inc.*, 2017 U.S. Dist. LEXIS 222274, at *2-3 (N.D. Cal. July 7, 2017) (requiring individual movants to submit responses to questionnaire stating "(i) each individual's city and state of residence; (ii) each individual's occupation; (iii) whether and to what extent the moving individuals are familiar with one another; and (iv) how each individual came to retain his/her respective lawyer(s)"); *see also*

*Wasa Med. Holdings v. Sorrento Therapeutics, Inc.*, No. 20-cv-0966-AJB-DEB, 2021 U.S. Dist. LEXIS 27438, at *12 (S.D. Cal. Feb. 12, 2021) (rejecting movant where there was a "dearth of information upon which the Court can determine" adequacy); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.,* 229 F.R.D. at 417 (S.D.N.Y. 2004) ("While the size, available resources or even experience of a candidate are not dispositive factors in appointing a lead plaintiff, they are nonetheless relevant to reaching a determination as to whether a candidate will be capable of adequately protecting the interests of the class.").

In *Perez v. Hexo*, the court held that the provision of a certification—without anything more—does not satisfy the requirements of Rule 23(a) in the first instance. In pertinent part, the court held that the *prima facie* burden for showing adequacy requires more than just "the movant's PSLRA certification, a calculation of the movant's damages, and a resume or curriculum vitae from the movant's counsel showing its experience in the field of securities litigation" because "ample case law supports what one would have thought is an uncontroversial point -- namely, that even a preliminary showing of adequacy requires a threshold amount of information regarding an individual movant's background and sophistication." *In re HEXO Corp. Sec. Litig.*, 2020 U.S. Dist. LEXIS 166312, at *3-4 (S.D.N.Y. Sep. 11, 2020) (internal quotations omitted).

Due to the lack of information provided by the Zarabi Family Trust, it cannot meet the requirements necessary to move for lead plaintiff. Furthermore, now that the PSLRA's 60-day deadline has lapsed, any attempt to do so would be untimely. See, e.g., In re Able Laboratories Securities Litig., 425 F. Supp. 2d at 565-66 (refusing to consider a movant's revised certification alleging a larger financial loss after the 60-day deadline had passed); *Nasin v. Hongli Clean Energy Techs. Corp.*, 2017 U.S. Dist. LEXIS 192673, at *8-9 (D.N.J. Nov. 21, 2017) (finding where movant failed to include a required certification with its initial timely motion, movant was not the

"presumptively most adequate lead plaintiff"); *Okla. Law Enf't Ret. Sys. v. Adeptus Health Inc.*, 2017 U.S. Dist. LEXIS 140268, at*13 (E.D. Tex. Aug. 31, 2017) ("[C]ompliance with the procedural requirements of the PSLRA is mandatory and should be strictly enforced."); *In re Regions Morgan Keegan Open-End Mut. Fund Litig.*, 2009 WL 10665043, at *4 (W.D. Tenn. Sept. 30, 2009) ("As other courts interpreting the language of the PSLRA have found, the language of the statue [sic] is plain: the sixty-day deadline is mandatory."); *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999) ("The PSLRA is unequivocal and allows for no exceptions. All motions for lead plaintiff must be filed within sixty (60) days of the published notice for the first-filed action.").

### B. Appointing The Zarabi Family Trust as Lead Plaintiff Would Place the Class at Serious Risk of Mismanagement and Potential Abuse.

Despite the Zarabi Family Trust's failure to provide information about itself, its trustees, or beneficiaries, counsel conducted research into its listed authorized representative, Mr. Frank Zarabi. Mr. Zarabi's involvement in the litigation creates a host of problems. Mr. Zarabi is involved in litigation in New York. According to the complaint, Mr. Zarabi was named as a defendant in a "a venal, methodically orchestrated, plot to steal both the idea of a groundbreaking stock-index concept from its developers and to strip its creator's ownership in the company that was created to market financial products around the index." *See* Exhibit A to Supplemental Declaration. The case was brought by William Zabit ("Zabit"), who created, "the first Index on Wall Street to use brand data and stock prices to pick undervalued stocks. It was eventually known as the BrandTransact 50 Index Powered by Wilshire". Mr. Zarabi is named as a "co-conspirator" for "pos[ing]" as an "investor" in an effort to defraud Zabit. Strikingly, as recently as September 2024, Mr. Zarabi stipulated to *not* dismiss a slew of ongoing counts against him, including

7

misappropriation of trade secrets, theft/embezzlement, fraud, breach of fiduciary duty, and civil conspiracy. *See* Exhibit B to Supplemental Declaration.

Mr. Zarabi's current litigation strikes against his adequacy to serve as lead plaintiff, given that his actions "implicate[] [his] ability to serve as a fiduciary." *In re Surebeam Corp. Sec. Litig.*, 2003 U.S. Dist. LEXIS 25022, at \*21-22 (rejecting lead plaintiff movant "[w]ithout comment or consideration of Mr. Brown's guilt or innocence" because there was "at least a potential that [movant] will be subject to unique defenses and will not fairly and adequately protect the interests of the class"). Class actions "requir[e] careful judicial supervision, because the fate of the class members is to a considerable extent in the hands of a single plaintiff . . . whom the other members of the class may not know and who may not be able or willing to be an adequate fiduciary of their interests." *Culver v. City of Milwaukee*, 277 F.3d 908, 910 (7th Cir. 2002). Thus, "Rule 23 contemplates, and the district court should insist on, a conscientious representative plaintiff." *Rand v. Monsanto Co.,* 926 F.2d 596, 599 (7th Cir. 1991). "Whether a party would adequately protect the interests of the class is a question of fact depending on the circumstances of each case." *Susman v. Lincoln Am. Corp.,* 561 F.2d 86, 90 (7th Cir. 1977). "Integrity and credibility are appropriate characteristics to examine when determining if an individual would make an adequate representative because a lead plaintiff will act as a fiduciary for his absent cohorts." *Howard v. Ray's LLC*, No. 1:08-cv-627-RLY-MJD, 2011 U.S. Dist. LEXIS 113591, at \*14 (S.D. Ind. 2011). "The honesty and credibility of a class representative is a relevant consideration when performing the adequacy inquiry because an untrustworthy plaintiff could reduce the likelihood of prevailing on the class claims." *Searcy v. eFunds Corp.,* No. 08-C-985, 2010 U.S. Dist. LEXIS 31627, at \*15 (N.D. Ill. Mar. 31, 2010).

Similarly, where a potential lead plaintiff appears "subject to" a unique defense, he or she

8

is ineligible to represent the class. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). This is because the "unique defense" will take "time and attention" away from the issues common to the class and "distract" the focus of the litigation. *See In re Bally Total Fitness Sec. Litig.*, No. 04 C 3530, 2005 U.S. Dist. LEXIS 6243, at *19 (N.D. Ill. Mar. 15, 2005) (disqualifying in-and-out trader where defense was likely to be raised even if unsuccessfully in the end); *see also Constr. Workers Pension Tr. Fund v. Navistar Int'l Corp.*, No. 13 C 2111, 2013 U.S. Dist. LEXIS 106246, at *15 (N.D. Ill. July 30, 2013) (holding "unique defense" existed where retirement fund "may" face motion to dismiss based on lack of standing); *Shiring v. Tier Techs., Inc.*, 244 F.R.D. 307, 316-17 (E.D. Va. 2007) ("[P]laintiff is inadequate because he has not demonstrated the requisite credibility to ensure that he will act as an appropriate fiduciary. As noted, [a]s a fiduciary for the class, [plaintiff class representative] . . . [is] required to adhere to the highest standards of honesty and integrity. Thus, to be appointed class representative, a plaintiff must demonstrate that he exhibits honesty, conscientiousness, and other affirmative personal qualities." (internal citations and quotations omitted)); *In re Red Hat, Inc. Sec. Litig.,* 261 F.R.D. 83, 87 (E.D.N.C. 2009) ("Several factors bear on the court's assessment of the proposed representative. The court may consider his honesty, conscientiousness, and other affirmative personal qualities." (internal quotations omitted)).

Mr. Zarabi's fraudulent conduct further undermines the Zarabi Family Trust's motion for lead plaintiff. While the lack of information provided in its certification and opening brief is reason alone to deny its motion, Mr. Zarabi's apparent intent to insert himself in this case weighs heavily in favor of disqualifying the Zarabi Family Trust and avoiding whatever risk would be created by allowing Mr. Zarabi to participate as a lead plaintiff, either directly or indirectly.

## III.    Mr. Vucekovich is the Presumptive Lead Plaintiff

### A.  *Mr. Vucekovich Has the Largest Financial Interest.*

9

With the Zarabi Family Trust disqualified, Mr. Vucekovich is entitled to the presumption of "most adequate plaintiff" to serve as lead plaintiff. He is the movant with the next "largest financial interest" in the litigation and makes the necessary showing to establish a *prima facie* demonstration of adequacy and typicality under Rule 23(a).

After disqualifying the Zarabi Family Trust, Mr. Vucekovich has the largest financial interest in the relief sought by the Class, suffering a loss of $2,894,699.20, as illustrated in the following table

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Gary J. Vucekovich, individually and on behalf of the Vucekovich Family 678 Trust | 275,680 | 243,775 | $10,540,977.94 | $2,894,699.20 |
| Lauren Ann Miskinnis, Johnathan Q. Quach, Ishan Nilesh Shah, and Brian Zeigler | 28,376 | 25,677 | $1,866,892.16 | $1,192,281.73 |
| Anthony M. Abraham and Anna Handy | 36,447 | 27,046 | $1,821,390.91 | $976,825.19 |
| Joel Todd Mull | 10,330 | 10,330 | $484,872.04 | $163,405.04 |
| David W. Kendall | 2,279 | 2,279 | $180,972.94 | $110,665.79 |
| Francis Bayog | 10,199 | 4,950 | $248,775.56 | $97,889.83 |

*See* ECF Nos. 22-4; 32-5; 31-3; 30-4; 21-5; and 27-5.

As demonstrated above, it is clear that Mr. Vucekovich possesses the largest financial interest of the remaining movants before the Court under every factor considered, including the most important factor, as he suffered the largest loss, acquired the most shares, retained the most shares, and expended the most funds out of all movants. Therefore, Mr. Vucekovich has the largest financial interest.

### B. Mr. Vucekovich Meets the Typicality and Adequacy Requirements of Rule 23.

Pursuant to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also make the requisite *prima facie* showing that he satisfies the typicality and adequacy requirements of Rule 23. *See Brustein*, 2005 U.S. Dist. LEXIS 51106, at \*14 (citing *Cendant*, 364 F.3d at 263); *see also, e.g., Tran*, 2016 U.S. Dist. LEXIS 186864, at \*3. Mr. Vucekovich has gone beyond making the *prima facie* showing of the typicality and adequacy requirements of Rule 23, thus triggering the statutory presumption of lead plaintiff in his favor.

Mr. Vucekovich purchased 275,680 Celsius shares and retained 243,775 shares during the Class period, in the same manner as all other Class members, and holds no interest adverse to the rest of the class. *See* ECF Nos. 22-3; 22-4 ;22-6; and 22-1 at 9-12. *See, e.g., Prado-Steiman v. Bush*, 221 F.3d at 1279 n.14 (11th Cir. 2000); *Piven*, 137 F. Supp. 2d at 1306. Mr. Vucekovich is more than qualified to represent the Class with over twenty-five years of investing experience. *See* ECF No. 22-6. He resides in McKinney, Texas, and possesses a Bachelor of Arts degree. *Id*. Mr. Vucekovich is currently retired, but prior to that he was President of ForeSight Services Group, Inc. McKinney, TX. *Id.* Mr. Vucekovich also has experience overseeing attorneys, as he has hired attorneys for business-related matters. *Id.* Mr. Vucekovich is the trustee of the Vucekovich Family 678 Trust (the "Trust"). As trustee, he is individually authorized to act on behalf of the Trust in all respects, including this lawsuit. All transactions in Celsius made in the Trust's account that are the subject of the Actions were executed by Mr. Vucekovich. Mr. Vucekovich also individually invested in Celsius. Since Mr. Vucekovich has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, he is the presumptive "most adequate plaintiff" of the Class within the meaning of the PSLRA.

11

To overcome the strong presumption entitling Mr. Vucekovich to appointment as Lead Plaintiff, the PSLRA requires "***proof***" that the presumptive Lead Plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). This the competing movants cannot do. No such proof exists to rebut the presumption in favor of Mr. Vucekovich, nor is he subject to a unique defense that would otherwise detract attention from the allegations of the Actions.

Accordingly, as Mr. Vucekovich has the largest financial interest in the litigation and satisfies the adequacy and typicality requirements of Rule 23, he is entitled to the presumption of being the "most adequate plaintiff" to represent the Class.

### C.  Approval of Mr. Vucekovich's Choice of Counsel is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Mr. Vucekovich selected and retained Levi & Korsinsky to serve as Lead Counsel for the Class and Cullin O'Brien as Liaison Counsel. Each firm has extensive experience in successfully prosecuting complex securities class actions such as this one and are well-qualified to represent the Class. *See* ECF No. 22-7 and 22-8. *See*, e.g., *Dillard v. Platform Specialty Prod. Corp.*, No. 16-CV-80490, 2016 U.S. Dist. LEXIS 204852, at *10 (S.D. Fla. June 30, 2016) (approving and appointing movant's choice of counsel); *Biver v. Nicholas Fin., Inc.*, 2014 U.S. Dist. LEXIS 60019, Fed. Sec. L. Rep. (CCH) P97,945, at *18 (M.D. Fla. Apr. 30, 2014) (same). Thus, the Court should approve Mr. Vucekovich's choice of counsel.

### CONCLUSION

For the foregoing reasons, Mr. Vucekovich respectfully requests that the Court grant his Motion and enter an Order: (1) consolidating the Actions, (2) appointing Mr. Vucekovich as Lead

12

Plaintiff, (3) approving his selection of Levi & Korsinsky as Lead Counsel and Cullin O'Brien as

Liaison Counsel for the Class, and (4) granting such other relief as the Court may deem just and

proper.

Dated: February 3, 2025

Respectfully submitted,

*/s/ Cullin O'Brien*
Cullin O'Brien
Florida Bar No. 0597341
CULLIN O'BRIEN LAW, P.A.
6541 NE 21st Way
Fort Lauderdale, Florida 33308
Tel: (561) 676-6370
Fax: (561) 320-0285
E-mail: cullin@cullinobrienlaw.com

*Proposed Liaison Counsel for Gary J. Vucekovich,*
*individually and on behalf of the Vucekovich Family*
*678 Trust and the Class*

Adam M. Apton (*pro hac vice* forthcoming)
LEVI & KORSINSKY, LLP
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Proposed Counsel for Gary J. Vucekovich,*
*individually and on behalf of the Vucekovich Family*
*678 Trust and the Class*

13

## CERTIFICATE OF SERVICE

I HEREBY certify that on February 3, 2025, I electronically filed the foregoing document

with the Clerk of the Court CM/ECF.


*/s/ Cullin O'Brien*
Cullin O'Brien


14