**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 9:24-cv-81472-Rosenberg/Reinhart
Case No. 9:25-cv-80053-Middlebrooks

| | |
|---|---|
| SHELBY TOWNSHIP POLICE & FIRE RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CELSIUS HOLDINGS, INC., JOHN FIELDLY, and JARROD LANGHANS, <br><br> Defendants. | <u>CLASS ACTION</u> |
| ANTHONY M. ABRAHAM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CELSIUS HOLDINGS, INC., JOHN FIELDLY, and JARROD LANGHANS, <br><br> Defendants. | <u>CLASS ACTION</u> |

**GARY J. VUCEKOVICH'S REPLY MEMORANDUM OF LAW TO COMPETING**
**<u>MOTION FOR APPOINTMENT AS LEAD PLAINTIFF</u>**

## TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................................ii

TABLE OF AUTHORITIES ........................................................................................................iii

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT .................................................................................................................................3

    I.     The Zarabi Family Trust Has Failed to Address The Adequacy Issues Raised By Mr. Vucekovich. ...................................................................................................................3

    II.    Mr. Vucekovich Possesses a Substantial Financial Interest in the Litigation and is Otherwise Adequate and Typical to Serve as Lead Plaintiff. ...........................................6

CONCLUSION...............................................................................................................................7

**TABLE OF AUTHORITIES**

**Cases**

*Armour v. Network Assoc., Inc.*,
  171 F. Supp. 2d 1044 (N.D. Cal. 2001) ..................................................................... 6

*In re Bally Total Fitness Sec. Litig.*,
  Nos. 04 C 3530, 04 C 3634, et. al., 2005 U.S. Dist. LEXIS 6243 (N.D. Ill. Mar. 15, 2005). ...... 5

*Camp v. Qualcomm Inc.*,
  Case No.: 18-cv-1208-AJB-BLM, 2019 U.S. Dist. LEXIS 10269 (S.D. Cal. Jan. 22, 2019) .. 1, 4

*In re Conseco, Inc. Sec. Litig.*,
  120 F. Supp. 2d 729 (S.D. Ind. 2000) ...................................................................... 4

*Culver v. City of Milwaukee*,
  277 F.3d 908 (7th Cir. 2002) ................................................................................... 5

*In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*,
  209 F.R.D. 447 (C.D. Cal. 2002) ............................................................................ 1

*In re HEXO Corp. Sec. Litig.*,
  19 Civ. 10965 (NRB), 2020 U.S. Dist. LEXIS 166312 (S.D.N.Y. Sep. 11, 2020) .................. 3, 4

*Miller v. Dyadic Int'l, Inc.*,
  Case No. 07-80948-WPD, 2008 U.S. Dist. LEXIS 32271 (S.D. Fla. April 18, 2008) ................. 6

*Perez v. Hexo Corp.*,
  19 Civ. 10965 (NRB), et. al., 2020 U.S. Dist. LEXIS 32381 (S.D.N.Y. Feb. 25, 2020) ............. 7

*Piven v. Sykes Enterprises, Inc.*,
  137 F. Supp. 2d 1295 (M.D. Fla. 2000) ................................................................... 4

*Springer v. Code Rebel Corp.*,
  16-cv-3492 (AJN), 2017 U.S. Dist. LEXIS 29983 (S.D.N.Y. Mar. 2, 2017) .......................... 3, 5

*In re Surebeam Corp. Sec. Litig.*,
  No. 03 CV 1721JM(POR), 2003 U.S. Dist. LEXIS 25022 (S.D. Cal. Jan. 5, 2004) .................. 5

*Takata v. Riot Blockchain, Inc.*,
  No. 18-2293 (FLW) (TJB), et. al., 2018 U.S. Dist. LEXIS 189585 (D.N.J Nov. 6, 2018) ............... 3

**Statutes**

15 U.S.C. § 78u-4 ...................................................................................................... 5, 7

## PRELIMINARY STATEMENT

The Court should appoint Gary J. Vucekovich, individually and on behalf of the Vucekovich Family 678 Trust (collectively, "Mr. Vucekovich") as Lead Plaintiff. He is the only remaining movant that actually meets the adequacy and typicality requirements of Rule 23, therefore requiring his appointment as Lead Plaintiff in the Actions. Mr. Vucekovich has provided extensive information about his background, investment experience, sophistication and transactions in Celsius securities (among other information) in his opening brief, his certification, and his Opposition Brief. *See* ECF Nos. 22-1, 22-3, and 40 respectively. Collectively, Mr. Vucekovich's showing on the motion papers evidences his ability to serve as lead plaintiff and satisfies the requirements of the PSLRA and Rule 23(a).

In stark contrast to Mr. Vucekovich, the Zarabi Family Trust (the "Trust") fails to provide a single detail about its investment experience, background, or sophistication in its opening papers or Opposition Brief. *See* ECF Nos. 28 and 39. Since the Trust chose not to provide any of this information, neither the Court nor any competing movants could do their diligence to assess the Trust's adequacy to be a class representative. Thus, the Trust has not satisfied its burden to make a *prima facie* showing that it satisfies Rule 23. *See In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447 (C.D. Cal. 2002) (denying lead plaintiff motion where movants failed to provide evidence of qualification or ability to oversee litigation). Even after the PSLRA deadline, the Trust did not provide a single sentence in its opposition brief revealing the most basic of information about itself. *See* ECF No. 39. Now it is too late to cure this error. *See Camp v. Qualcomm Inc.,* Case No.: 18-cv-1208-AJB-BLM, 2019 U.S. Dist. LEXIS 10269, at *8 (S.D. Cal. Jan. 22, 2019) (declining to appoint individual with largest financial interest as lead plaintiff in light of his failure "to include any basic details about himself" even after information was provided on opposition).

Mr. Vucekovich questioned the Trust's adequacy to serve as Lead Plaintiff in his Opposition

Brief, specifically relating to the Trust's authorized representative, Mr. Frank Zarabi ("Mr. Zarabi"). Vucekovich Opposition Brief, ECF No. 40. Mr. Vucekovich pointed out that Mr. Zarabi's past and present legal issues appear likely to interfere with his ability to oversee the litigation of the Actions and draw his suitability to serve as the lead plaintiff into doubt. This included ongoing allegations of fraud, misappropriation, breach of fiduciary duty, and civil conspiracy. Upon further investigation, other actions have been brought against Mr. Zarabi, including another breach of contract and fraud action reflecting misconduct similar to what is at issue in the current action pending in New York State Supreme Court.

Whether the Trust intentionally decided not to disclose Mr. Zarabi's background information may be an attempt to bury his checkered past. The Trust's opening brief failed to provide Mr. Zarabi's basic information, and it did not submit additional information capable of resolving this issue in its Opposition Brief. *See* ECF Nos. 28 and 39. Instead, the Trust argued in rote fashion that it possessed the largest financial interest in the Actions and that Mr. Vucekovich failed to sufficiently rebut the presumption in its favor. This argument, however, incorrectly presupposed that the presumption had been triggered in the first place when in fact it had not. To trigger the presumption, the Trust was required to make an evidentiary showing of typicality and adequacy, which it failed to do. Conversely, Mr. Vucekovich has made this showing and, aside from arguing its larger financial interest, the Trust has not and cannot establish that Mr. Vucekovich does not meet the requirements of Rule 23.

Mr. Vucekovich is the only movant that satisfies the financial interest requirement and the required *prima facie* showing of adequacy and typicality under Rule 23 of the Federal Rules of Civil Procedure. Because Mr. Vucekovich meets all the requirements of the PSLRA, he is presumed to be the most adequate lead plaintiff. For these reasons, Mr. Vucekovich's motion should be granted in its entirety.

**ARGUMENT**

I.     **The Zarabi Family Trust Has Failed to Address The Adequacy Issues Raised By Mr. Vucekovich.**

Movants are required to affirmatively make "a sufficient preliminary showing that they can satisfy the relevant requirements of Federal Rule of Civil Procedure 23." *Springer v. Code Rebel Corp.*, 16-cv-3492 (AJN), 2017 U.S. Dist. LEXIS 29983, at *6 (S.D.N.Y. Mar. 2, 2017). A movant's failure to include facts in their moving papers detailing their adequacy "could, by itself, be *a basis for denying lead plaintiff status*." *Takata v. Riot Blockchain, Inc.*, No. 18-2293 (FLW) (TJB), et. al., 2018 U.S. Dist. LEXIS 189585, at *13 (D.N.J Nov. 6, 2018) (emphasis added). The Trust failed to provide any background information about itself or its co-trustees, Mr. Zarabi and Desiree Zarabi, preventing the Court and competing movants from vetting their background, determining whether they are adequate, and if their interests are aligned with the Class's. In fact, the only information the Trust provided was the boilerplate "Certification" required by the PSLRA. *See generally* ECF No. 28-3. However, the PSLRA requires more than just a "certification" to make "a *prima facie* showing of adequacy." *In re HEXO Corp. Sec. Litig.*, 19 Civ. 10965 (NRB), 2020 U.S. Dist. LEXIS 166312, at *4 (S.D.N.Y. Sep. 11, 2020) ("If Wong were correct that '[his] financial interest in the case and his decision to retain a nationally-recognized, experienced securities litigation firm entitled him to the statutory 'presumption' of lead plaintiff,' . . . the PSLRA's express requirement that the presumptively most adequate plaintiff 'otherwise satisf[y] the requirements of Rule 23' would be superfluous.").

The Trust provided no personal details in its opposition to cure the issue, seemingly in an attempt to hide Mr. Zarabi's alleged past misconduct. Any information provided at this late stage should be deemed too late to be considered. *See In re HEXO*, 2020 U.S. Dist. LEXIS 166312, at *5. Accordingly, "the dearth of information not only preclude[s] the necessary inquiry into whether [the

3

Trust] ha[s] any conflicts with other class members, but also cause[s] the Court to question whether [the Trust] would meaningfully oversee the litigation." *Id.*; *see also Camp*, 2019 U.S. Dist. LEXIS 10269 (declining to appoint individual with largest financial interest as lead plaintiff in light of his failure "to include any basic details about himself" even though background details were provided on opposition). The Trust has failed to make the necessary "preliminary showing" of adequacy in this regard and, on that basis alone, should not be appointed as Lead Plaintiff. *Piven v. Sykes Enterprises, Inc.*, 137 F. Supp. 2d 1295, 1305 (M.D. Fla. 2000) ("There is a dearth of information regarding Westwind in the record. It is not even known where Westwind is located, what its business is, if it is a foreign company, and who controls it. Westwind repeatedly asserts that it is 'a large institutional investor,' but has not proffered any information regarding its identity, resources, and experience."); *In re Conseco, Inc. Sec. Litig.*, 120 F. Supp. 2d 729, 733 (S.D. Ind. 2000) (declining to appoint applicant with largest loss where applicant relied on bare certification that did not provide "confidence that as a sole individual investor, he is capable of adequately representing the purported class and controlling lead counsel.").

Thus, Mr. Vucekovich and the Court are presently without any information to dispute the information regarding Mr. Zarabi's current legal issues, *i.e.*, litigation pending against Mr. Zarabi in New York State court with allegations of fraud, misappropriation, breach of fiduciary duty, and civil conspiracy. *See* ECF Nos. 40-2 and 40-3. Further investigation has shown that Mr. Zarabi was the focus of another litigation in the District Court of New Jersey including allegations of breach of contract, misrepresentation, fraud, and unjust enrichment. *See* Exhibit A to Supplemental Declaration. While the case eventually settled in 2012, the allegations demonstrate a common course of conduct among Mr. Zarabi's affairs. In the New Jersey action, the plaintiffs alleged that Mr. Zarabi had agreed to represent them as an Account Executive in charge of managing sales to Wal-Mart, Dicks Sporting Goods, and HSN. The parties memorialized their agreement but then Mr. Zarabi

changed the terms. The plaintiffs accused Mr. Zarabi of misrepresentation and fraud on the basis that he never intended to honor the agreement he initially proposed. *See id*.

Class actions "requir[e] careful judicial supervision, because the fate of the class members is to a considerable extent in the hands of a single plaintiff . . . whom the other members of the class may not know and who may not be able or willing to be an adequate fiduciary of their interests." *Culver v. City of Milwaukee*, 277 F.3d 908, 910 (7th Cir. 2002). Lead plaintiff movants are required to affirmatively make "a sufficient preliminary showing that they can satisfy the relevant requirements of Federal Rule of Civil Procedure 23." *Springer*, 2017 U.S. Dist. LEXIS 29983, at *6. The adequacy inquiry of Rule 23 is an especially important part of the lead plaintiff process because the lead plaintiff will act as a fiduciary for the absent class. *See In re Surebeam Corp. Sec. Litig.,* No. 03 CV 1721JM(POR), 2003 U.S. Dist. LEXIS 25022, at *22 (S.D. Cal. Jan. 5, 2004) ("On more than one occasion courts have found that an individual is an inadequate lead plaintiff due to unrelated misconduct which implicates the individual's ability to serve as a fiduciary."). If the potential lead plaintiff appears "subject to" a unique defense, he or she is ineligible to represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Given Mr. Zarabi's past misconduct and ongoing legal issues, the Trust's appointment as Lead Plaintiff would unnecessarily subject the class to risk in the form of "unique defenses" that threaten to become the focus of the litigation. *See In re Surebeam,* 2003 U.S. Dist. LEXIS 25022, at *22 (deeming lead plaintiff group "incapable of serving as lead plaintiff" in light of the potential of one of its members will be "subject to unique defenses"). In short, these unique defenses underscore the "unintended results" that will occur should Mr. Zarabi/the Trust be appointed lead plaintiff, including "generat[ing] a flurry of otherwise pointless activity that adds nothing to the prompt and fair resolution of disputes." *In re Bally Total Fitness Sec. Litig.,* Nos. 04 C 3530, 04 C 3634, et. al., 2005 U.S. Dist. LEXIS 6243, at *8 (N.D. Ill. Mar. 15, 2005).

5

**II.      Mr. Vucekovich Possesses a Substantial Financial Interest in the Litigation and is Otherwise Adequate and Typical to Serve as Lead Plaintiff.**

Mr. Vucekovich sustained losses of $2,894,699.20 in connection with his purchase of Celsius shares during the class period. The Trust does not dispute this loss calculation. Instead, it contends that all other movants have withdrawn their motions and, " [o]nly Gary J. Vucovich has not withdrawn. He has not withdrawn despite having claimed losses that are dwarfed by those of the Zarabi Family Trust." *See* ECF No. 39 at p. 1. Mr. Vucekovich's loss as a result of his investment in Celsius is a substantial amount of money, and more than suffices to ensure his commitment to the litigation of the Actions. *See Miller v. Dyadic Int'l, Inc.,* Case No. 07-80948-WPD, 2008 U.S. Dist. LEXIS 32271, at *19 (S.D. Fla. April 18, 2008).

Further, the Trust does not dispute Mr. Vucekovich's qualifications, sophistication, adequacy or typicality. He has willingly provided the necessary information at every step thus far regarding his background and experience to prove that he meets the requirements of Rule 23. The adequacy prong of Rule 23 "focuses around two questions: (1) do the interests of the class representative coincide with those of the class, and (2) does the representative have the ability to prosecute the action vigorously through the services of competent counsel." *Armour v. Network Assoc., Inc.*, 171 F. Supp. 2d 1044, 1052 (N.D. Cal. 2001). Mr. Vucekovich has successfully shown that he can affirmatively answer both of the aforementioned questions.

Mr. Vucekovich has over twenty-five years of investing experience and has hired attorneys for business-related matters. *See* ECF No. 22-6. He has a bachelor of arts degree, and prior to retirement, was President of ForeSight Services Group, Inc. McKinney, TX. *Id.* Mr. Vucekovich is the trustee of the Vucekovich Family 678 Trust, and as trustee, is individually authorized to act on behalf of the Vucekovich Family 678 Trust in all respects, including this lawsuit. *Id*. All transactions in Celsius made in the Vucekovich Family 678 Trust's account that are the subject of the Actions

6

were executed by Mr. Vucekovich. *Id*. Mr. Vucekovich also individually invested in Celsius. *Id*. His personal and professional background and experience demonstrates his ability to properly oversee this litigation. *See Perez v. Hexo Corp.*, 19 Civ. 10965 (NRB), et. al., 2020 U.S. Dist. LEXIS 32381, at *5 (S.D.N.Y. Feb. 25, 2020) (requiring courts to consider information about lead plaintiff movant when deciding whether they will be able to "play a meaningful role" in the litigation).

Mr. Vucekovich has further proven his commitment to this litigation by choosing Levi & Korsinsky, LLP, one of the preeminent firms within the securities fraud litigation practice area, as proposed lead counsel. *See* ECF No. 22-7. The PSLRA vests authority in the lead plaintiff to select and retain lead counsel. 15 U.S.C. § 78u-4(a)(3)(B)(v). Numerous courts throughout the country have appointed Levi & Korsinsky, LLP as lead counsel in securities class action lawsuits. With approximately 30 attorneys across five different offices, including an office in this district, Levi & Korsinsky, LLP stands ready, willing and able to prosecute this case. Accordingly, Mr. Sommer's motion should be granted in its entirety.

## CONCLUSION

For all of the foregoing reasons, and the reasons set out in his opening motion papers and opposition brief, Mr. Vucekovich respectfully requests that the Court appoint him as Lead Plaintiff for the Class in the Actions and approve his selection of Levi & Korsinsky as Lead Counsel and Cullin O'Brien as Liaison Counsel for the Class.

*[Signature on following page]*

Dated: February 10, 2025

Respectfully submitted,

*/s/ Cullin O'Brien*
Cullin O'Brien
Florida Bar No. 0597341
**CULLIN O'BRIEN LAW, P.A.**
6541 NE 21st Way
Fort Lauderdale, Florida 33308
Tel: (561) 676-6370
Fax: (561) 320-0285
E-mail: cullin@cullinobrienlaw.com

*Proposed Liaison Counsel for Gary J. Vucekovich, individually and on behalf of the Vucekovich Family 678 Trust and the Class*

Adam M. Apton (*pro hac vice* forthcoming)
**LEVI & KORSINSKY, LLP**
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Proposed Counsel for Gary J. Vucekovich, individually and on behalf of the Vucekovich Family 678 Trust and the Class*

## CERTIFICATE OF SERVICE

I HEREBY certify that on February 10, 2025, I electronically filed the foregoing document with the Clerk of the Court CM/ECF.

*/s/ Cullin O'Brien*
Cullin O'Brien