# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

BARBARA CLARKE-RUIZ and BC SWIRL, INC.,

                                       Civil Action No.:

          Plaintiffs,

v.                                      COMPLAINT & JURY DEMAND

ROCK FIT, LLC dba MARIKA,  and FRANK

ZARABI (OR AKA MARABI),

          Defendants.

---

Barbara Clarke-Ruiz and BCSwirl, Inc., by and through their counsel, complain against the defendants as follows:

### NATURE OF THE ACTION

This is an action at law seeking damages for breach of contract and related causes of action arising under New Jersey law.  This Court has jurisdiction over the subject matter herein stated based upon diversity of citizenship pursuant to 23 U.S.C.  §1332 and the amount in controversy exceeds $75,000.00

### THE PARTIES

1.      Barbara Clarke Ruiz is the owner and operator of BC Swirl, Inc. (the "Plaintiffs"), a Delaware corporation with its principal place of business Madison Avenue, Glen Ridge, New Jersey.

2.      Rock Fit, LLC, dba Marika, is a California limited liability company with its principal offices at 4710 S. Eastern Avenue, Commerce, Ca. 90040 and New York, New York and is owned by Frank Zarabi (or aka Marabi). (The "Defendants").

Case 2:11-cv-04081-WHW-MCA Document 1 Filed 07/18/11 Page 2 of 8 PageID: 2

## FIRST CAUSE OF ACTION
### (Breach of Contract)

1.     The Plaintiffs, sometime around July, 2008, entered in to negotiations with the defendants to represent the said defendants as an independent Account Executive, in charge of managing sales to Wal-Mart, Dicks Sporting Goods and HSN.

2.     On or around October 15, 2009, the defendants memorialize the agreement between the parties pursuant to the following terms (the "Agreement"):

     a.     Plaintiffs will receive a monthly draw of $3,000.00 starting October 1, 2009, with the monthly draw being deducted from any future commissions earned on net sales to her accounts;

     b.     The commission structure would be based upon 1% of net sales for the above accounts;

     c.     Travel expenses for the Plaintiffs relative to the sales of her accounts will be paid 100%;

     d.     The contract can be changed if no business has been confirmed or booked (or is on the horizon) within six (6) months of the date of the agreement.

3.     The October 15, 2009 agreement was subsequently updated on February 1, 2010 as follows:

     a.     Plaintiffs would be in charge of managing sales to Wal-Mart's, Dicks, HSN, Boston Proper and Macys;

     b.     Plaintiffs' monthly draw would increase to $4,500 per month starting February1, 2010, and would increase to $6,000.00 per month upon receipt from one of Plaintiffs' accounts of sales in excess of $100,000.00;

     c.     Plaintiffs would be reimbursed for all cell service related to her job.

     d.     All the other conditions of the Plaintiffs' October 15, 2009, contract remained the same.

4.     Plaintiffs, even prior to the October 15, 2009 agreement, acted in good faith reliance on the defendants' aggressive pursuant of her talents and connections to certain vendors, especially Wal-Marts.

5.     Sometime in July, 2010, Plaintiffs opened the two accounts with Wal-Marts and Dicks.

6.     Subsequent to her opening of those accounts, she received correspondence from the defendants' representative, Carrie Henley, changing the conditions of the contract between the parties.

7.     Defendants then proposed that Plaintiffs agree to two separate agreements, dated July 30, 2010 and September 7, 2010, which specified that she was to operate as an employee or, if she chooses to continue operating as an independent contractor, she would be deemed to have an at-will relationship and could be terminated at any time.

8.     Defendants and Plaintiffs could not reach a modification of the prior October 15, 2009 and February 1, 2010 agreements.

10.     The modifications which the defendants sought attempted to lower Plaintiffs' commissions by reducing the percentages by pro-rating same on the basis of the sales margins for Plaintiffs' accounts.

11.     The aforesaid modification placed Plaintiffs under a scenario in which the defendants could artificially increase the margins so as to minimize monies which would normally be due Plaintiffs under the Agreement.

12.     Defendants proceeded to threaten to terminate Plaintiffs' Agreement, stating that it was not in writing, notwithstanding the fact that Plaintiffs was performing under those terms and receiving monthly draws based upon the representations made in the Agreement.

13.     Plaintiffs were terminated from her Agreement with defendants on December 31, 2010.

14.     At the time of the termination, Plaintiffs was owed $6,000.00 for her December monthly draw.

15.     Plaintiffs were also owed a 1% commission on the net sales generated by her from October 1, 2009 continuing through the filing of this complaint.

16.     Based upon defendants' projections of Plaintiffs' sales, all of which were performed without any consideration of margin levels, Plaintiffs would gross approximately $700,000.00 after deductions for the monthly draws were made.

17.     Plaintiffs relied upon the aforesaid projections which the defendant used to induce Plaintiffs to work as an independent account representative for the defendants.

18.     Moreover, until December 2010, defendants paid the Plaintiffs'' monthly draws based upon the the draw schedule set forth in the Agreement.

Case 2:1Y-cv-04081-WHW-MCA Document 1 Filed 07/18/11 Page 4 of 8 PageID: 4

19.     Based upon these facts, it is evident that the parties recognized the existence of a contractual relationship.

20.     And two, plaintiffs relied on the promises and representations, both written and verbal, in entering into the Agreement with the defendants.

21.     Defendants' attempts to unilaterally change the original constituted a breach of contract.

WHEREFORE, Plaintiffs demands damages for compensatory damages, costs of cost; attorney fees and costs of suit.

## SECOND COUNT
### (Misrepresentation)

1.     Plaintiffs repeat the contentions set forth in the First Count as if fully set forth herein verbatim and at length.

2.     Defendants never intended to honor the Agreement and its requirement of a 1% commission for net sales payable to the plaintiffs.

3.     Defendants, by giving the plaintiffs sales projections and other financial information intended to induce the plaintiffs into providing the requisite services to them.

4.     Defendants misrepresented the sales figures to the plaintiffs and, once the plaintiffs performed as required by the Agreement, attempted to change the terms and conditions of the Agreement.

WHEREFORE, Plaintiffs demands damages for compensatory damages, punitive damages; interest, attorney fees and costs of suit.

## THIRD COUNT
### (Fraud)

1.     Plaintiffs repeat the contentions set forth in the First and second counts as if fully set forth herein verbatim and at length.

2.     Defendants induced the plaintiffs to perform services for them without ever intending to honor the Agreement.

3.     The conduct of the defendants constituted fraud.

WHEREFORE, Plaintiffs demands damages for compensatory damages, punitive damages; interest, attorney fees and costs of suit.

## FOURTH COUNT
### (Unjust Enrichment)

1.      Plaintiffs repeat the contentions set forth in the First, Second and Third counts as if fully set forth herein verbatim and at length.

2.      Defendants, by taking advantage of the plaintiffs' work product, have become unjustly enriched by their conduct.

3.      As a result, plaintiffs have been deprived of a substantial economic benefit exceeding $700,000.00.

WHEREFORE, Plaintiffs demands damages for compensatory damages, punitive damages; interest, attorney fees and costs of suit.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts herein triable.

### DESIGNATION OF TRIAL COUNSEL

Terry Ridley, Esq. is hereby designated as trial counsel.

HUNT, HAMLIN & RIDLEY
Attorneys for the Plaintiffs, Barbara
Clarke-Ruiz and BCSwirl, Inc.


/s/ Terry Ridley

_____
TERRY RIDLEY, ESQ.



Dated:  JULY 15, 2011

℆JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

MAHALEY STEWART BOWLES

**(b)** County of Residence of First Listed Plaintiff   HUDSON

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

HUNT, HAQMLIN & RIDLEY, 60 PARK PLACE, 16TH FLOOR
NEWARK, NJ. 07102
973-242-4471
HHR1TR@AOL.COM

## DEFENDANTS

MADISON SQUARE GARDEN INC., MADISON SQUARE GARDEN, NY LIBERTY, ABC CORPORATION AND XYZ ⊞

County of Residence of First Listed Defendant   NEW YORK

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
23 U.S.C. 1332 -DIVIERSITY
Brief description of cause:
PERSONAL INJURY -SLI| AND FALL

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S)

(See instructions):   JUDGE _____   DOCKET NUMBER _____

Explanation:

---

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 06/17/2011 | /S/ TERRY RIDLEY |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
|   | : | Civil Action No. _____ |
|   | : |   |
| v. | : |   |
|   | : |   |
|   | : |   |
|   | : |   |

## DISCLOSURE STATEMENT

The undersigned counsel for_____,
certifies that this party is a non-governmental corporate party and that:

☐   This party's parent corporation, and all publicly held corporations owning 10% or more of this party's stock, are listed here:

_____

_____

_____

_____

# OR

☐   This party does not have a parent corporation, nor is there any publicly held corporation that owns 10% or more of this party's stock.

| | |
|---|---|
| _____ | _____ |
| Signature of Attorney | Name of Firm |
| | |
| _____ | _____ |
| Print Name | Address |
| | |
| _____ | _____ |
| Date | City/State/ZIP Code |

Instructions:
1. Disclosure Statement is to be filed as a separate document.
2. Select Case Type (Civil) from the menu bar at the top of the ECF screen.
3. Click on **Other Documents**.
4. Select **Corporate Disclosure Statement**.
5. Enter the case for which the Disclosure Statement is being filed.
6. Select the PDF document to file.
7. Select the party filing the Disclosure Statement.
8. If applicable, insert the name of the Corporate Parent or leave blank.
9. Proofread the docket text.
10. Submit the Disclosure Statement by clicking the **NEXT** button.            DNJ-CMECF-005 (5/2/08)