**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 9:24-CV-81472-ROSENBERG/REINHART

|  |  |
|---|---|
| SHELBY TOWNSHIP POLICE & FIRE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>-v-<br><br>CELSIUS HOLDINGS, INC., JOHN FIELDLY, and JARROD LANGHANS,<br><br>Defendants. | <u>CLASS ACTION</u> |

Case No. 9:25-CV-80053-ROSENBERG/REINHART

|  |  |
|---|---|
| ANTHONY M. ABRAHAM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>-v-<br><br>CELSIUS HOLDINGS, INC., JOHN FIELDLY, and JARROD LANGHANS,<br><br>Defendants. | <u>CLASS ACTION</u> |

**REPLY OF THE ZARABI FAMILY TRUST DATED SEPTEMBER 3, 1992 TO THE REMAINING COMPETING MOTION FOR APPOINTMENT AS <u>LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

**<u>TABLE OF CONTENTS</u>**

<u>**Page**</u>

TABLE OF AUTHORITIES ................................................................................................ ii

I.    PRELIMINARY STATEMENT ...................................................................... 1

II.    ARGUMENT............................................................................................... 1

    A.    THE TRUST HAS THE GREATEST FINANCIAL INTEREST AND IS TYPICAL.................. 1

    B.    THE TRUST AND TRUSTEES ARE ADEQUATE............................................... 2

        1.  The Trust's Motion Contains Sufficient Information for the Court to Find It Adequate ............................................................ 3

        2.  The Pending Lawsuit Involving Mr. Zarabi Does Not Impact the Trust's Adequacy ................................................................ 5

        3.  The Trust Is Not Subject to Any Unique Defenses.......................................... 8

III.    CONCLUSION.......................................................................................... 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Boeing Co. Aircraft Sec. Litig.*,
   19 CV 2394, 2019 U.S. Dist. LEXIS 198259 (N.D. Ill. Nov. 15, 2019) ...................................5

*Culver v. City of Milwaukee*,
   277 F.3d 908 (7th Cir. 2002) .......................................................................................7, 8

*Desilvio v. Lion Biotechs., Inc.*,
   17-cv-02086-SI, 2017 U.S. Dist. LEXIS 222274 (N.D. Cal. July 7, 2017) ..............................4

*Howard v. Ray's LLC*,
   No. 1:08-cv-627-RLY-MJD, 2011 U.S. Dist. LEXIS 113591 (S.D. Ind. Sept.
   30, 2011) ...............................................................................................................7

*Jastram v. Nextera Energy, Inc.*,
   No. 23-80833-CIV, 2023 WL 11885983 (S.D. Fla. Oct. 26, 2023) .........................................1

*Karp v. Diebold Nixdorf, Inc.*,
   19 Civ. 6180(LAP), 2019 U.S. Dist. LEXIS 188670 (S.D.N.Y. Oct. 30, 2019) .......................4

*Kasilingam v. Tilray, Inc.*,
   1:20-cv-03459-PAC, 2020 WL 4530357 (S.D.N.Y. Aug. 6, 2020) .........................................3

*Kornfield v. Opteum Inc.*,
   07-14278-CIV-GRAHAM/LYNCH, 2008 WL 11408525 (S.D. Fla. Sept. 29,
   2008) ................................................................................................................2, 3

*Luczak v. Nat'l Beverage Corp.*,
   No. 0:18-cv-61631-KMM, 2018 WL 9847842 (S.D. Fla. Oct. 12, 2018) ...............................2

*Okaro v. Icahn Enters. L.P.*,
   702 F. Supp. 3d 1296 (S.D. Fla. 2023) .......................................................................2

*Perez v. Hexo Corp.*,
   19 Civ. 10965 (NRB), 2020 WL 905753 ......................................................................5

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co., Inc.*,
   229 F.R.D. 395 (S.D.N.Y. May 27, 2004) .................................................................4, 6

*Rand v. Monsanto Co.*,
   926 F.2d 596 (7th Cir. 1991) ....................................................................................7

*In re Red Hat, Inc. Sec. Litig.*,
   261 F.R.D. 83 (E.D.N.C. Aug. 28, 2009) ..................................................................8, 9

*Searcy v. eFunds Corp.*,
    No. 08 C 985, 2010 WL 1337684 (N.D. Ill. Mar. 31, 2010) ......................................................7

*Shiring v. Tier Technologies, Inc.*,
    244 F.R.D. 307 (E.D. Va. July 23, 2007) ................................................................................8

*In re Surebeam Corp. Sec. Litig.*,
    03 CV 1721 JM, 2003 U.S. Dist. LEXIS 25022 (S.D. Cal. Jan. 5, 2004) ................................7

*Susman v. Lincoln Am. Corp.*,
    561 F.2d 86 (7th Cir. 1977) .....................................................................................................7

*Wasa Med. Holdings v. Sorrento Therapeutics, Inc.*,
    20-cv-0966-AJB-DEB, 2021 WL 533518 (S.D. Cal. Feb. 21, 2021) ...................................4, 5

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ...............................................................................................1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) .....................................................................................................3

**Other Authorities**

Federal Rule of Civil Procedure 23 .............................................................................................2, 3

## I.     PRELIMINARY STATEMENT

On January 21, 2025, the Zarabi Family Trust Dated September 3, 1992 (the "Trust"), by its Trustees Frank Zarabi ("Mr. Zarabi") and Desiree Zarabi (together, the "Trustees"), moved to be appointed as Lead Plaintiff in this action and to have its choice of counsel, Grant & Eisenhofer P.A., approved as Lead Counsel.  (ECF No. 28).  Of the six other original movants, only one, Gary J. Vucekovich ("Vucekovich"), opposes the Trustees' motion.  (ECF No. 40).  Notably, the Trust's losses in the security at issue of **$44.6 million** are more than **fifteen times larger** than Vucekovich's losses of $2.9 million.  Recognizing this insurmountable hurdle, Vucekovich's throws a "Hail Mary" asserting that the Trust is not adequate in some way because it did not sufficiently describe itself and/or that one Trustee of the Trust was individually named as a defendant in a wholly unrelated civil matter.  The arguments offered by Vucekovich are not only desperate, but also lack any of the "proof" that is required by law to rebut the presumption that the Trust is the most adequate plaintiff.  Because the Trust has greater losses than Vucekovich and is both typical and adequate, the Court should grant the Trust's motion.

## II.     ARGUMENT

### A.     THE TRUST HAS THE GREATEST FINANCIAL INTEREST AND IS TYPICAL

The PSLRA instructs that when appointing a Lead Plaintiff, "the court shall adopt a presumption that the most adequate plaintiff . . . is the person or group of persons who . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  Vucekovich concedes that "the Zarabi Family Trust incurred greater losses than Mr. Vucekovich[.]"  (ECF No. 40 at 4).[1]

---

[1] The Trust likewise dwarfs Vucekovich in terms of the remaining three factors that courts in this Circuit consider.  *See Jastram v. Nextera Energy, Inc.*, No. 23-80833-CIV, 2023 WL 11885983, at *2 (S.D. Fla. Oct. 26, 2023).

Once the movant with the greatest financial interest has been determined, it must "make a *prima facie* showing that Rule 23(a)'s requirements of typicality and adequacy are met." *Luczak v. Nat'l Beverage Corp.*, No. 0:18-cv-61631-KMM, 2018 WL 9847842, at *2 (S.D. Fla. Oct. 12, 2018) (citing *Brustein v. Lampert*, No. 04-61159-CIV-LENARD/KLEIN, 2005 WL 8154797, at *7 (S.D. Fla. June 16, 2005)). As explained in its opening brief, the Trust's claims arise from the same fraudulent conduct that injured the other proposed Class members, and therefore satisfies the typicality requirement. (ECF No. 28-1 at 9-10). Vucekovich likewise does not raise any argument that the Trust is not typical. The Trust has therefore satisfied its burden as to this element.

### B.   THE TRUST AND TRUSTEES ARE ADEQUATE

In addition to typicality, a lead plaintiff movant must also make a *prima facie* showing that it satisfies Rule 23's adequacy requirement. *Luczak*, 2018 WL 9847842, at *2 (S.D. Fla. Oct. 12, 2018). "To satisfy the adequacy requirement, [the Trust] must make a preliminary showing that (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Okaro v. Icahn Enters. L.P.*, 702 F. Supp. 3d 1296, 1301 (S.D. Fla. 2023) (internal quotations omitted). The Trust has satisfied these requirements.

First, as noted in its opening brief, the Trust selected a highly qualified and experienced securities litigation firm that has consistently achieved success for defrauded investors to act as Lead Counsel. (ECF No. 28-1 at 11-12). Additionally, "there has been no evidence that [the Trust or the Trustees] possess interests antagonistic to those of the other class members." *Kornfield v. Opteum Inc.*, 07-14278-CIV-GRAHAM/LYNCH, 2008 WL 11408525, at *7 (S.D. Fla. Sept. 29, 2008). Finally, the Trust's loss of over $44 million ensures that it has sufficient interest in the outcome of this case and will pursue the proposed Class' claims vigorously. The Trustees stepped

2

forward and sought out counsel after learning of this action, evidencing a commitment to aggressively pursue the claims asserted for the benefit of the proposed Class.

In order to rebut the presumption that the Trust should be appointed Lead Plaintiff, Vucekovich must prove that the Trust "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Vucekovich has failed to satisfy either prong.

### 1. The Trust's Motion Contains Sufficient Information for the Court to Find It Adequate

As previously noted, the Trust has satisfied Rule 23's adequacy requirement by making a *prima facie* showing that it has hired qualified counsel to conduct the litigation, does not have interests antagonistic to the class, and "will vigorously advocate on behalf of other Class members as it has incurred substantial financial losses as a result of Defendants' misrepresentations and omissions." (ECF No. 28-1 at 10). Despite this, Vucekovich faults the Trust for not disclosing the specifics about the beneficial owners of the Celsius shares that the Trust owned and traded during the Class Period, the "full details" regarding the ownership and structure of the Trust, or the Trustees' educational background and familiarity with class action securities litigation. (ECF No. 40 at 4-5). "But the Court is not required to peer into these questions where it otherwise finds adequacy." *Kasilingam v. Tilray, Inc.*, 1:20-cv-03459-PAC, 2020 WL 4530357, at *3 (S.D.N.Y. Aug. 6, 2020); *see also Kornfield*, 2008 WL 11408525, at *3, *7 (finding group of individual investors adequate to serve as lead plaintiff despite competing movants' argument that the group "failed to demonstrate to this Court that they possess the requisite education and experience in the stock market and securities class actions to ensure that they can adequately represent the interest of the class"). Were the Court to consider any of these facts in any way relevant, Mr. Zarabi is a hugely successful businessman in the apparel industry and an experienced trader (as

3

is evident from the Trust's trades in Celsius). In the course of his business dealings, he works regularly with in-house and outside counsel on a variety of business matters. Despite Vucekovich's offensive and unfounded suggestion otherwise, the Trust is not hiding anything.[2] With respect to the Zarabi Family Trust, of which Frank and Desiree Zarabi are Trustees, the beneficiaries, not surprisingly, are the members of Zarabi family.

All of the cases that Vucekovich cites in support of his argument are distinguishable, and none were decided within this Circuit. In two cases Vucekovich cites, the courts did not in fact find the lead plaintiff movant at issue inadequate. *See Desilvio v. Lion Biotechs., Inc.*, 17-cv-02086-SI, 2017 U.S. Dist. LEXIS 222274 (N.D. Cal. July 7, 2017) (requesting additional information from all lead plaintiff movants and making no mention as to concerns regarding adequacy); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 414-19 (S.D.N.Y. May 27, 2004) (finding that the presumption in favor of a lead plaintiff movant was not rebutted by a supposed lack of information and establishing a co-lead plaintiff structure). And the lead plaintiff movants in two other cases displayed a lack of experience and care in their motions that is not present here. *See Karp v. Diebold Nixdorf, Inc.*, 19 Civ. 6180(LAP), 2019 U.S. Dist. LEXIS 188670, at *17 (S.D.N.Y. Oct. 30, 2019) (expressing concern that the movant had initially submitted loss calculations that overstated the amount lost by 34% and took two weeks to rectify the error); *Wasa Med. Holdings v. Sorrento Therapeutics, Inc.*, 20-cv-0966-AJB-DEB, 2021 WL 533518, at *4 (S.D. Cal. Feb. 21, 2021) (noting that movant "was only able to affirm her Class Period transactions in her Declaration '[t]o the best of

---

[2] The idea that the Trust, the Trustees of which voluntarily stepped forward to lead this case, is trying to "conceal" anything is ridiculous. ECF No. 40 at 1-2. Equally absurd is the suggestion that the Trust is running afoul of a statutory deadline by responding to Vucekovich's faulty assertions by way of this reply brief. *Id*. at 7. The Trust complied with all requirements of the PSLRA prior to the statutory deadline.

[her] current knowledge'" and had failed to name one of the two law firms representing her in her opening brief).  Further, none of the cases Vucekovich cites involved a difference in claimed losses as disparate as presented here.  *See*, *e.g.*, *Perez v. Hexo Corp.*, 19 Civ. 10965 (NRB), 2020 WL 905753, at *3 n. 5 (difference of roughly $200,000); *In re Boeing Co. Aircraft Sec. Litig.*, 19 CV 2394, 2019 U.S. Dist. LEXIS 198259, at *10 (N.D. Ill. Nov. 15, 2019) (difference of $2.5 million).

Because the Trust has made a prima facie showing of its adequacy in its opening motion and supporting papers, nothing more is required at this preliminary stage of the litigation.

### 2. The Pending Lawsuit Involving Mr. Zarabi Does Not Impact the Trust's Adequacy

Vucekovich's desperate attempt to prevent the Trust's appointment as Lead Plaintiff is exposed by his inflammatory reference to "Mr. Zarabi's fraudulent conduct . . . ."  (ECF No. 40 at 9).  Vucekovich's efforts to discredit Mr. Zarabi are as futile as they are distasteful.  Mr. Zarabi is a sophisticated business man and is party to business disputes in the ordinary course. Vucekovich points to an action pending against Mr. Zarabi and 22 other defendants that was already dismissed by a federal court, *Zabit v. Brandometry, LLC*, 540 F. Supp. 3d 412 (S.D.N.Y. 2021) (dismissing federal claim for failure to allege the existence of a trade secret), and currently awaits rulings on three motions to dismiss in New York state court, *Zabit, et al. v. Brandometry, LLC, et al.*, No. 656563/2021 (N.Y. Sup. Ct.) (the "*Zabit* Action"), Dkt. Nos. 44, 49, 56.  Even in advance of the court's ruling on these motions to dismiss, the plaintiffs in the *Zabit* Action have already voluntarily dismissed several of their claims against Mr. Zarabi with prejudice.[3]

---

[3] Contrary to Vucekovich's gross mischaracterization, the stipulation was not to "not dismiss" claims, (ECF No. 40 at 7).  The court asked the parties to limit the issues on the pending motion and the plaintiff chose to drop several claims.  With regard to the claims that were not voluntarily dismissed, the stipulation merely lists "[t]he only remaining Counts of the Complaint against Zarabi . . . ."  (ECF No. 40-3 at 2).

(ECF No. 40-3 at 2).   There is absolutely no evidence that Mr. Zarabi has engaged in any fraudulent or deceptive acts – only the unproven allegations of a litigant.

As Vucekovich has himself noted, "the PSLRA requires '**proof**' that the presumptive Lead Plaintiff is inadequate."  (ECF No. 40 at 12) (emphasis in original).  The unproven and unsubstantiated allegations of the *Zabit* Action fall far short of this standard.  Vucekovich's own authority establishes that mere allegations of dishonesty, without judicial finding, "do[] not demonstrate that any of the underlying wrongdoing was actually proven or otherwise established on the record."  *Pirelli Armstrong*, 229 F.R.D. at 416.  Mr. Zarabi vehemently denies the allegations in the *Zabit* Action, and no judicial finding substantiating the *Zabit* Action's claims has been made.  "Accordingly, and in view of the preliminary nature of these proceedings, it is not appropriate to reject [the Trust's] candidacy on this basis."  *Id.*

Indeed, if being a defendant in a lawsuit were sufficient to make a movant inadequate, Vucekovich's own counsel Levi & Korsinsky LLP ("Levi & Korsinsky") would be disqualified from acting as lead counsel.  *See*, *e.g.*, Exhibit A to Declaration of Karin E. Fisch dated February 10, 2025 ("Fisch Decl.") (*Miller v. Levi & Korsinsky LLP*, No. 1:20-cv-01390 (S.D.N.Y. Feb. 18, 2020), ECF No. 1 (accusing Levi & Korsinsky of sexual discrimination and retaliation)); Fisch Decl. Ex. B (*Cooch & Taylor P.A. v. Levi & Korsinsky LLP, et al.*, No. N13C-07-035 (Del. July 2, 2013), ECF No. 1 (alleging breach of contract and unjust enrichment)); Fisch Decl. Ex. C (*Decimus Capital Markets, LLC v. Levi & Korsinsky, LLP*, CV-20-6047505-S, (Del. Super. Ct. June 30, 2020), ECF No. 2 (seeking declaratory judgment for failure to pay fees owed)).

Vucekovich's cited authority again fails to support his argument.  Only one case Vucekovich cites deals with selecting a lead plaintiff.  In that case, the court found a member of a group moving for lead plaintiff inadequate because he was "subject to over sixty complaints to

6

securities regulators including misrepresentation, unauthorized trading in client accounts, and use of unsuitable investments[,]" which resulted in the group member having his membership with the National Association of Securities Dealers terminated. *In re Surebeam Corp. Sec. Litig.*, 03 CV 1721 JM (POR), 2003 U.S. Dist. LEXIS 25022, at *21 (S.D. Cal. Jan. 5, 2004). That circumstance is a far cry from the single complaint against Mr. Zarabi that has yet to be adjudicated and is irrelevant to his adequacy as a lead plaintiff.

The remaining cases cited by Vucekovich are inapposite. *See Susman v. Lincoln Am. Corp.*, 561 F.2d 86, 88-89 (7th Cir. 1977) (affirming district court's denial of class certification in two actions where in the first case plaintiffs were members of the same law firm as their selected class counsel and in the second case plaintiff's attorneys included his own brother, raising issues of conflicts of interest); *Howard v. Ray's LLC*, No. 1:08-cv-627-RLY-MJD, 2011 U.S. Dist. LEXIS 113591, at *12-13 (S.D. Ind. Sept. 30, 2011) (denying motion for class certification in Fair Labor Standards Act case where plaintiff's credibility was undermined by his testimony regarding serious financial difficulties, reopening personal bankruptcy proceedings due to his failure to include several debts, and failing to include several lawsuits to which he was a party in response to an interrogatory); *Rand v. Monsanto Co.*, 926 F.2d 596, 599 (7th Cir. 1991) (vacating and remanding grant of class certification where plaintiff was "so uninterested that he does not even know he is a plaintiff, [and] so deluded that he thinks he can recover $100,000 because his 200 shares of stock fell 4 ⅝ (a total of $915) when bad news appeared"); *Searcy v. eFunds Corp.*, No. 08 C 985, 2010 WL 1337684, at *5 (N.D. Ill. Mar. 31, 2010) (granting motion to reconsider class certification in Fair Credit Reporting Act case where plaintiff submitted sworn statement that was directly contradicted by other evidence and failed to provide any evidence in support of statement, resulting in credibility concerns); *Culver v. City of Milwaukee*, 277 F.3d

908, 911-12 (7th Cir. 2002) (affirming decertification of class in sexual and racial discrimination case where proposed class was found to be heterogeneous and plaintiff had no interest in injunctive relief or damages and had failed to vigorously pursue the action over the course of eight years).

The lack of case law supporting Vucekovich's position is telling and underscores the frivolity of his opposition. Vucekovich has failed to present any proof that impugns the Trust or the Trustees' credibility and his arguments should not be given credence. Vucekovich has therefore failed again to rebut the presumption that the Trust should be appointed Lead Plaintiff.

### 3.    The Trust Is Not Subject to Any Unique Defenses

Vucekovich fails to explicitly raise any arguments that the Trust is subject to unique defenses. Instead, he cites to several inapt cases in an attempt to imply an argument that cannot be made in good conscience. (ECF No. 40 at 9). But Vucekovich has not given any reason to question the Trust's trading pattern or standing. Further, as discussed above, Vucekovich has not provided "proof" that Mr. Zarabi lacks credibility or is untrustworthy. Regardless, the cases Vucekovich cites do not support finding that the Trust is inadequate due to any pending litigation against Mr. Zarabi. Both cases Vucekovich cites in allusion to this argument were decided on motions for class certification, rather than at the motion for lead plaintiff stage. *Shiring v. Tier Technologies, Inc.*, 244 F.R.D. 307, 315 (E.D. Va. July 23, 2007); *In re Red Hat, Inc. Sec. Litig.*, 261 F.R.D. 83, 87 (E.D.N.C. Aug. 28, 2009). Additionally, in both cases, the courts looked at the integrity of the movants for class certification based on certifications that contained false information regarding their trades in the stock at issue rather than unadjudicated allegations. *Shiring*, 244 F.R.D. at 316-17; *In re Red Hat*, 261 F.R.D. at 89. Furthermore, the court in *Red Hat* found that despite the false certification, the proposed class plaintiff was adequate. 261

F.R.D. at 89.  In sum, neither the Trust nor Mr. Zarabi are subject to any unique defenses that would disqualify the Trust from serving as Lead Plaintiff.

## III.    CONCLUSION

For the foregoing reasons, the Trust respectfully requests that this Court: (1) consolidate the Related Actions; (2) grant its motion to be appointed Lead Plaintiff; and (3) approve its choice of counsel as Lead Counsel for the Class.

Dated: February 10, 2025                    Respectfully submitted,

/s/  Joshua. E. Dubin
Joshua E. Dubin (Florida Bar #48865)
**JOSH DUBIN, P.A.**
201 South Biscayne Boulevard
Suite 1210
Miami, Florida 33131
Tel.: (212) 219-1469
Fax: (212) 219-1897
Email: josh@jdubinlaw.com

*Liaison Counsel for the Trust and Proposed Liaison Counsel for the Class*

/s/  Karin E. Fisch
Karin E. Fisch*
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: kfisch@gelaw.com

*Counsel for the Trust and Proposed Lead Counsel for the Class*

* *pro hac vice* application forthcoming

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 10, 2025, I caused the forgoing to be filed electronically with the Court's Case Management/Electronic Case Filing System ("CM/ECF").  Notice of those filings was sent to all parties of record by operation of the Notice of Electronic Filing System, and the parties to this action may access the filings through CM/ECF.


*/s/ Joshua E. Dubin*
Joshua E. Dubin

10