# EXHIBIT B

EFiled:  Jul 02 2013 02:24PM EDT
Transaction ID 53099003
Case No. N13C-07-035 TBA

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| COOCH AND TAYLOR P.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) C.A. No. |
| | ) |
| LEVI AND KORSINSKY LLP, EDUARD | ) |
| KORSINSKY, JOSEPH E. LEVI, and | ) |
| DONALD J. ENRIGHT, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

Plaintiff Cooch and Taylor P.A. ("C&T") hereby alleges against Defendants Levi and Korsinsky LLP ("L&K"), Eduard Korsinsky, Joseph E. Levi, and Donald J. Enright as follows:

## NATURE OF THIS ACTION

1.      This action arises from L&K's failure to satisfy its agreement with C&T for the provision of legal services in connection with the prosecution of *In re: S1 Corporation Shareholders Litigation*, Consolidated C.A. No. 6771-VCP, in the Court of Chancery (the "S1 Litigation").

## THE PARTIES

2.      Plaintiff C&T is a Delaware professional association with its principal place of business at 1000 West Street, The Brandywine Building, 10th Floor, Wilmington, DE 19801.

3.      Defendant L&K is or was a New York limited liability partnership and law firm with its principal place of business at 30 Broad Street 24th Floor New York, NY 10004 (the

1

"New York Office") and a satellite office at 1101 30th Street, NW Suite 115, Washington, DC 20007 (the "D.C. Office").[1]

4. Defendant Eduard Korsinsky is a partner at L&K's New York Office.

5. Defendant Joseph E. Levi is a partner at L&K's New York Office.

6. Defendant Donald J. Enright is a partner at L&K's D.C. Office. Defendant Enright was admitted to represent Plaintiff John M. Mang *pro hac vice* in the Court of Chancery, on August 22, 2011. Pursuant to Defendant Enright's Certification of Counsel for Consideration of Admittance *Pro Hac Vice*, he consented to the appointment of the Register in Chancery of New Castle County as agent upon whom service of process may be made.

FACTUAL BACKGROUND

7. On August 8, 2011, L&K engaged C&T to work with L&K in filing a lawsuit in the Court of Chancery, on behalf of Plaintiff John M. Mang, alleging that S1's board of directors had breached and continued to breach their fiduciary duties.

8. The terms of L&K and C&T's engagement guaranteed that L&K would: (1) reimburse all of C&T's expenses, with very few exceptions (*e.g.*, photocopying costs); and (2) if any attorneys' fees were awarded to L&K, pay C&T's attorneys' fees up to an amount equal to 10% of any attorneys' fees received by L&K.

9. Along with their co-counsel, L&K and C&T successfully litigated and reached a settlement agreement in the S1 Litigation.

10. On June 4, 2013, Vice Chancellor Donald F. Parsons approved the parties' settlement agreement and awarded Plaintiffs' Counsel attorneys' fees and expenses in the amount of $440,000.00.

---

[1] The New York State Division of Corporations' website lists L&K's "Current Entity Status" as "INACTIVE - Revocation of Registration (Mar 27, 2013).

11.     L&K received approximately $130,000.00 in attorneys' fees from its role in prosecuting the S1 Litigation.  C&T requested the exact amount L&K received, but L&K ignored that inquiry.

12.     In prosecuting the S1 Litigation, C&T incurred at least $4,107.83 in expenses[2] and at least $19,592.00 in attorneys' fees.

13.     Under the terms of L&K and C&T's agreement, L&K was obligated to repay C&T's expenses and to pay C&T at least 10% of the approximate $130,000.00 of attorneys' fees L&K received – *i.e.,* approximately $17,000.00.

14.     Nonetheless, on June 18, 2013, L&K sent C&T a check for only $8,801.83.  That amount equated only to paying C&T's expenses and an arbitrary $5,000.00 for attorneys' fees.

15.     After receiving the insufficient check from L&K, C&T requested confirmation that L&K would promptly pay the remainder of the attorneys' fees owed to C&T.  L&K, however, has chosen instead to breach its agreement with C&T.  Defendants Korsinsky, Levi, and Enright have chosen to enrich themselves personally rather than pay the remaining amount owed to C&T.

**Count One**
**<u>Breach of Contract</u>**

16.     Plaintiff repeats and realleges each allegation contained above as though fully set forth herein.

17.     L&K contracted with C&T for the provision of legal services in the S1 Litigation.

---

[2] C&T's December 12, 2012 Affidavit in connection with Plaintiffs' Brief in Support of Class Action Determination, Approval of the Proposed Settlement and an Award of Attorneys' Fees and Reimbursement of Expenses identified $3.807.83 in expenses but subsequently renewed, at his request, Donald J. Enright's *pro hac vice* admission for $300.00.

18.     L&K has breached its contract with C&T by refusing to pay the agreed upon amount of attorneys' fees.

19.     As a result of L&K's contractual breaches, C&T has suffered pecuniary losses in an amount to be determined at trial.

**Count Two**
**<u>Unjust Enrichment</u>**

20.     Plaintiff repeats and realleges each allegation contained above as though fully set forth herein.

21.     Defendants have been enriched by the work performed by C&T in successfully prosecuting the S1 Litigation.

22.     Without justification, Defendants have refused to compensate C&T fully for its work in the S1 Litigation.

23.     As a direct result, C&T has been impoverished by L&K's actions.

24.     C&T seeks monetary damages for L&K's Unjust Enrichment, in an amount to be determined at trial.

**Count Three**
**<u>Quantum Meruit</u>**

25.     Plaintiff repeats and realleges each allegation contained above as though fully set forth herein.

26.     C&T conferred a measurable benefit upon Defendants through its work in the S1 Litigation.

27.     L&K appreciated and accepted C&T's services for which a reasonable person would have expected to pay.

4

28.    C&T seeks monetary damages under Quantum Meruit, in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, C&T respectfully seeks judgment in its favor against Defendants as follows:

A.    Awarding C&T all recoverable damages;

B.    Awarding C&T pre-judgment and post-judgment interest;

C.    Awarding C&T its attorneys' fees and costs incurred herein; and

D.    Awarding such other and further relief as the Court may deem just, equitable, or proper.

Dated:  July 2, 2013                                        **COOCH AND TAYLOR, P.A.**

/s/ *Blake A. Bennett*
BLAKE A. BENNETT (#5133)
The Brandywine Building
1000 West St., 10th Floor
Wilmington, DE 19899-1680
(302) 984-3800
*Attorneys for Plaintiff*

5