UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-81472-ROSENBERG

SHELBY TOWNSHIP POLICE & FIRE
RETIREMENT SYSTEM, *on behalf of itself and
all others similarly situated,*

   Plaintiff,

v.

CELSIUS HOLDINGS, INC.; JOHN FIELDLY;
and JARROD LANGHANS,

   Defendants.
_____/

**ORDER GRANTING PLAINTIFF ZARABI FAMILY TRUST'S
MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD
PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL AND
GRANTING IN PART AND DENYING IN PART PLAINTIFF GARY J.
VUCEKOVICH'S MOTION FOR CONSOLIDATION, APPOINTMENT
AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

**THIS CAUSE** is before the Court on Plaintiff Gary J. Vucekovich and the Vucekovich Family 678 Trust's (collectively, the "Vucekovich Trust") Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Counsel at docket entry 22, and on Plaintiff Zarabi Family Trust's (the "Zarabi Trust") Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Counsel at docket entry 28. The Court has reviewed the motions, responses, and replies, and is otherwise fully advised in the premises. For the reasons set forth below, the Zarabi Trust's Motion is **GRANTED**, and the Vucekovich Trust's Motion is **GRANTED** as to the motion for consolidation and **DENIED** as to all other requests for relief.

**I.     BACKGROUND**

This is a securities class action brought under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5, against Defendants Celsius Holdings,

Inc. ("Celsius") and its officers (collectively, "Celsius") for the period between February 29, 2024, and September 4, 2024, (the "Class Period"). DE 1 ¶ 1.  The putative class includes "all persons who acquired Celsius common stock during the Class Period." *Id.* ¶ 12.  There is another related class action pending before this Court, *Abraham v. Celsius Holdings, Inc.*, No. 25-cv-80053 (S.D. Fla.).  The factual allegations in that matter are nearly identical to those in this litigation, but the putative class in *Abraham* includes "all persons who purchased Celsius stock or sold Celsius puts during the Class Period." *Abraham*, No. 25-cv-80053, Complaint [DE 1] ¶ 12 (S.D. Fla. Jan. 14, 2025).

Celsius manufactures and markets energy drinks and supplements. DE 1 ¶ 6.  Plaintiffs allege that throughout the Class Period, Celsius made materially false and misleading statements regarding the company's business, including misrepresenting inventory levels after a business deal with Pepsi, the amount of consumer demand for Celsius products, and the company's growth rate. *See id.* ¶¶ 26–57.  Plaintiffs allege that they suffered significant losses and damages because of Celsius's false and misleading statements and omissions and the resulting "declines in the market value of the Company's securities." *Id.* ¶ 57.

In the motions before the Court, two proposed lead plaintiffs seek appointment as lead plaintiff and approval of their selected counsel as lead and liaison counsel. DE 22, 28.  The first is Gary J. Vucekovich and the Vucekovich Family 678 Trust (collectively, the "Vucekovich Trust"). DE 22.  The second is the Zarabi Family Trust (the "Zarabi Trust"). DE 28.  Both proposed lead plaintiffs seek consolidation with the *Abraham* class action (No. 25-cv-80053).  Each proposed lead plaintiff has filed responses and replies to the other's motions. DE 39, 40, 42, 43.

## II. DISCUSSION

### 1. Consolidation

"If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," then the Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to make a determination on consolidation before appointing a lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Under Federal Rule of Civil Procedure 42(a), consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). Under Rule 42(a), this Court has broad discretion to consolidate cases pending within its district. *See Hargett v. Valley Fed'l Savings Bank*, 60 F.3d 754, 765 (11th Cir. 1995).

The *Shelby Township* and *Abraham* class actions pending before this Court involve common questions of law and fact warranting consolidation. It appears all proposed plaintiffs agree. The plaintiff who initiated the *Abraham* class action (25-cv-80053), Anthony M. Abraham, later filed a motion in *Shelby Township* (24-cv-81472) seeking appointment as lead plaintiff and asking the Court to consolidate the two class actions. *See* DE 29. Abraham later withdrew that motion, but he did not oppose the other plaintiffs' motions to consolidate the actions. *See* DE 33, 38. Only one plaintiff sought appointment as lead plaintiff in *Abraham*, and that plaintiff also sought consolidation. *See* Motion to Appoint Lead Plaintiff, *Abraham*, No. 25-cv-80053 [DE 4] (S.D. Fla. Jan. 21, 2025). That plaintiff filed the same motion in *Shelby Township*, but she ultimately withdrew that motion. *See* DE 32, 34. That is, each plaintiff that has appeared in *Abraham* has also appeared in *Shelby Township*, and each one has filed motions to consolidate those actions. All plaintiffs appear to agree that consolidation is proper.

The Court agrees that these cases should be consolidated. The factual allegations in the two lawsuits involve the same defendants and the same alleged misrepresentations and omissions.

*See* DE 22-1 at 7; *see also Mitchell v. Complete Mgmt., Inc.*, No. 99-CV-1454 (DAB), 1999 WL 728678, at *1 (S.D.N.Y. Sept. 17, 1999) ("In securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact"). The only difference between the two complaints is the scope of the putative class. The complaint in *Shelby Township* is limited to purchasers of common stock, *see* DE 1 ¶ 12, whereas the putative class in *Abraham* includes anyone who sold put options during the Class Period, *Abraham*, No. 25-cv-80053, Complaint [DE 1] ¶ 12 (S.D. Fla. Jan. 14, 2025). But the allegations against the defendants are the same. *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499 (S.D. Fla. 2002) (consolidating class actions because "[t]he complaints present[ed] virtually identical claims for relief based upon a single course of conduct during the Class Period"). Consolidation of these class actions is therefore appropriate.

### 2. Lead Plaintiff

The PSLRA establishes the procedure for appointing lead plaintiffs under the Exchange Act. 15 U.S.C. § 78u-4(a)(1). The PSLRA provides that within ninety days after publication of notice, the court must consider any motion made by a class member and appoint as Lead Plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of the class members. 15 U.S.C. § 78u–4(a)(3)(B)(i). Selecting the lead plaintiff in a securities litigation is governed by a rebuttable presumption, which provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

"The evaluation of financial interest is considered the most significant inquiry, as it effectuates Congress' intent that the PSLRA serve to ensure that the lead plaintiff be the person or group with the interest and ability to control the litigation and to monitor closely the lead counsel." *City Pension Fund for Firefighters & Police Officers in the City of Miami Beach v. Aracruz Cellulose S.A.*, 2009 WL 10664427, at *2 (S.D. Fla. Aug. 7, 2009). This presumption may be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff—(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." § 78u-4(a)(3)(B)(iii)(II)(aa), (bb).

a) <u>The Zarabi Trust is Entitled to the PSLRA's Presumption</u>

In this case, the Zarabi Trust is presumptively the most adequate plaintiff because it filed a timely motion, has the largest financial interest in the relief sought by the class, and has made a preliminary showing of adequacy and typicality. *First*, there is no dispute that each of the proposed lead plaintiffs made a timely motion in response to a notice. *Second*, the Zarabi Trust suffered the greatest losses. The most important factor in determining the lead plaintiff is the amount of financial interest claimed. *See Newman*, 209 F.R.D. at 502 (collecting cases). Under the last-in, first-out calculation for losses, the Zarabi Trust has the largest financial interest based on losses incurred. *See Okaro v. Icahn Enterprises L.P.*, 702 F. Supp. 3d 1296, 1300 (S.D. Fla. 2023). The Zarabi Trust incurred losses of approximately $44,599,802,[1] DE 28-1 at 8, while the Vucekovich

---

[1] The Zarabi Trust's calculation of losses includes losses from its sale of put options. *See* DE 28-1 at 8. The operative complaint in this lawsuit does not define the class to include anyone who sold put options. *See* DE 1 ¶ 12. Thus, the

5

Trust incurred losses of $2,894,699.20, DE 22-1 at 9. The Vucekovich Trust does not dispute that the Zarabi Trust suffered substantially greater losses. *See* DE 40 at 4. The amount of loss weighs heavily in favor of the Zarabi Trust as the presumptive lead plaintiff.

However, to receive the presumption, the Zarabi Trust must also "satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). "This inquiry is not as 'searching as the one triggered by a motion for class certification,' but requires the lead plaintiff status to make a *prima facie* showing of typicality and adequacy." *Brustein v. Lampert*, No. 04-61159-CIV, 2005 WL 8154797, at *7 (S.D. Fla. June 16, 2005) (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001)). The Court is satisfied that the Zarabi Trust has made a *prima facie* showing or adequacy and typicality.[2]

To satisfy the typicality requirement, the proposed lead plaintiff must have claims or defenses that are typical of the claims and defenses of the class. Fed. R. Civ. P. 23(a)(3). "The requirement of typicality is satisfied where the representative's claims share the same essential characteristics as the claims of the class at large." *Kornfield v. Opteum Inc.*, No. 07-14278-CIV, 2008 WL 11408525, at *7 (S.D. Fla. Sept. 29, 2008). The Zarabi Trust bought common stock and sold put options during the Class Period and, allegedly, suffered damages as a result. *See* DE 39 at 6. Those claims are typical of the class members. *See id.*

---

Court only considers losses of the kind alleged in the operative complaint. Whether the Court were to consider all losses, even those beyond the kind alleged in the complaint, the Zarabi Trust's losses are still over $40 million. *See id.* (alleging $43,369,091 in losses when including sales of put options). Thus, the analysis that follows is the same regardless of which loss calculation applies to the Zarabi Trust.

[2] As a threshold matter, the Vucekovich Trust argues that the Zarabi Trust did not give the Court enough information to make an informed decision about the Zarabi Trust's adequacy and typicality. *See* DE 40 at 4–5. The Vucekovich Trust criticizes the Zarabi Trust for failing to disclose its beneficial owners, the trustees' educational backgrounds, the trustees' familiarity with this kind of litigation, or "the full details regarding the ownership and leadership of the Zarabi Family Trust." *Id.* Although the declaration from Frank and Desiree Zarabi is sparse, it is enough to pass muster at this stage.

To satisfy the adequacy requirement, the proposed lead plaintiff must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This inquiry rests on two bases: common interests between the representative and the class, and the willingness and ability to vigorously prosecute the action. *In re 21st Century Holding Co. Sec. Litig.*, No. 07-61057-CIV, 2007 WL 9220955, at *6 (S.D. Fla. Nov. 20, 2007). The Court is satisfied that the Zarabi Trust has made a *prima facie* showing of the Rule 23 adequacy of representation requirement. *See Kornfield*, 2008 WL 11408525, at *7 (appointing lead plaintiff based on its "willingness and ability to vigorously prosecute this action" and because "there has been no evidence that they possess interests antagonistic to those of the other class members"). The Court is also satisfied that the counsel selected by the Zarabi Trust are qualified for purposes of this litigation, which the Vucekovich Trust does not challenge. *See* DE 42 at 7; DE 28-6. *See also In re 21st Century Holding Co*, 2007 WL 9220955, at *6 (requiring that the lead plaintiff "must demonstrate that [it] will vigorously prosecute the action by providing both adequate financing and competent counsel") (citation omitted).

The Zarabi Trust has the greatest losses, and it has made a *prima facie* showing of adequacy and typicality. It is therefore entitled to the presumption that it is the most adequate lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

   b)  <u>The Vucekovich Trust Has Not Presented Proof to Rebut the Presumption</u>

The presumption "may be rebutted only upon *proof* by a member of the purported plaintiff class that the presumptively most adequate plaintiff . . . will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* The Vucekovich Trust has not pointed to *proof* that would strip the Zarabi Trust of the presumption. The Vucekovich Trust cites one piece of "proof"—a

pending lawsuit against one of the trustees, Frank Zarabi. *See* DE 40 at 7.  According to the Vucekovich Trust, Mr. Zarabi is a defendant in a lawsuit in New York state court where he is facing claims including "misappropriation of trade secrets, theft/embezzlement, fraud, breach of fiduciary duty, and civil conspiracy." DE 40 at 13.  The Court does not agree that Mr. Zarabi's involvement in a wholly unrelated civil lawsuit—in which Mr. Zarabi has not yet been found liable on any counts—implicates the Zarabi Trust's ability to serve as a fiduciary to its fellow class members.  Although "honesty and trustworthiness are relevant factors in assessing a candidate's ability to serve as an adequate fiduciary for a class," the unproven allegations against Mr. Zarabi concerning unrelated conduct are not "proof" of the Zarabi Trust's inability to protect the class's interests. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 416 (S.D.N.Y. 2004) (refusing to disqualify lead plaintiff because there was no proof that the "underlying wrongdoing was actually proven or otherwise established" and therefore "it was not appropriate" to reject a lead plaintiff based on those allegations).  And the Vucekovich Trust does not identify any "unique defenses" that the Zarabi Trust may face because of the pending litigation against Mr. Zarabi. *See* DE 40 at 13–14; DE 43 at 8.  Accordingly, the Vucekovich Trust has not pointed to sufficient proof to overcome the presumption that the Zarabi Trust is the most adequate lead plaintiff.

### III.   CONCLUSION

For the reasons above, Plaintiff Zarabi Family Trust's Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Counsel is **GRANTED**. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) (providing that once the most adequate plaintiff is selected, the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class").  Plaintiff the Vucekovich Family 678 Trust's Motion for Consolidation, Appointment

as Lead Plaintiff, and Approval of Selection of Counsel is **GRANTED** as to consolidation, but otherwise **DENIED**.

It is hereby **ORDERED AND ADJUDGED** that this Court appoints the Zarabi Family Trust as Lead Plaintiff and approves its selection of Grant & Eisenhoffer P.A. as Lead Counsel for the Class and Josh Dubin, P.A. as Liaison Counsel for the Class. If the Zarabi Family Trust as Lead Plaintiff seeks to file an Amended Complaint, it shall do so no later than March 17, 2025.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 3rd day of March, 2025.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record