**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-81472-CIV-DAMIAN/Reinhart**

**In re CELSIUS HOLDINGS, INC.**
**SECURITIES LITIGATION**

_____/

**ORDER AFFIRMING AND ADOPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION [ECF NO. 74]**
**AND GRANTING DEFENDANTS' MOTION TO DISMISS [ECF NO. 64]**

**THIS CAUSE** is before the Court on the Report and Recommendation on Defendants'

Motion to Dismiss [ECF No. 64] of United States Magistrate Judge Bruce E. Reinhart, entered

December 4, 2025. [ECF No. 74 ("Report")]. Judge Reinhart recommends that Defendants'

Motion to Dismiss be granted. Lead Plaintiff, the Zarabi Family Trust Dated September 3, 1992

("Lead Plaintiff"), filed Objections to the Report on December 18, 2025, [ECF No. 76], and

Defendants, Celsius Holdings, Inc. ("Celsius") and its officers John Fieldly, Jarrod Langhans,

and Toby David (the "Individual Defendants"), filed a Joint Response to Lead Plaintiff's

Objections on January 2, 2026 [ECF No. 77].

THE COURT has conducted a _de novo_ review of the Report, Lead Plaintiff's Objections,

Defendants' Response, the record in this case, and relevant authorities and is otherwise fully

advised. As discussed below, this Court agrees with the analysis and conclusions in the Report

and finds Magistrate Judge Reinhart's recommendation to be well-reasoned and correct.

### I.    RELEVANT BACKGROUND[1]

On November 22, 2024, Plaintiff Shelby Township Police and Fire Retirement System

filed a Class Action Complaint for Violations of the Federal Securities Laws, pursuant to

---

[1] The Report's thorough summary of the allegations in the Amended Complaint and the arguments raised in Defendants' Motion to Dismiss are incorporated herein.

Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5, against Celsius and the Individual Defendants. [ECF No. 1]. The putative class includes "all persons who acquired Celsius common stock during the Class Period." *Id.* ¶ 12. In another related securities class action filed on January 14, 2025, Plaintiff Anthony M. Abraham filed a complaint with factual allegations that are nearly identical to those in this litigation. *Abraham v. Celsius Holdings, Inc.*, No. 25-cv-80053 (S.D. Fla.).

On March 3, 2025, the Court[2] consolidated the two related actions and directed that all future pleadings be filed only in the instant Consolidated Lead Action, Case No. 24-cv-81472; appointed the Zarabi Family Trust as Lead Plaintiff for the Class; and approved the selection of Grant & Eisenhoffer P.A. as Lead Counsel for the Class and Josh Dubin, P.A. as Liaison Counsel for the Class. [ECF No. 44]; *see also Abraham*, No. 25-cv-80053, [ECF No. 9]. The Court also granted Lead Plaintiff leave to file an Amended Complaint. *Id.* at 9.

On April 25, 2025, Lead Plaintiff, individually and on behalf of all others who purchased or otherwise acquired Celsius securities between May 9, 2023 and November 5, 2024 (the "Class Period"), filed an Amended Complaint for Violations of the Federal Securities Laws against Celsius and the Individual Defendants. [ECF No. 57].

In the Amended Complaint, Lead Plaintiff alleges that throughout the Class Period, Celsius and the Individual Defendants made materially false and misleading statements regarding the company's business, including misrepresenting inventory levels after a business deal with PepsiCo, Inc. ("Pepsi"), the amount of consumer demand for Celsius products, and

---

[2] This action was originally assigned to United States District Judge Robin L. Rosenberg. [ECF No. 2]. The matter was reassigned to the undersigned on August 4, 2025, pursuant to Administrative Order 2025-59. [ECF No. 69].

the company's growth rate. *See generally id.* ¶¶ 7–19. Specifically, Lead Plaintiff alleges that after Celsius entered into a distribution agreement with Pepsi in August 2022, Defendants made statements that defrauded investors by suggesting that sales of product to Pepsi pursuant to the distribution agreement ("sell-in") and sales to end consumers ("sell-out") were growing at the same rate, thereby misrepresenting consumer demand for Celsius products. *Id.* Lead Plaintiff further alleges that Defendants' statements were false because the growth in sales to Pepsi resulted from a one-time inventory build (or "pipe fill") after the distribution agreement was executed, rather than from growing consumer demand. *Id.* Lead Plaintiff and other members of the Class allege that they suffered significant losses and damages because of Defendants' false and misleading statements and omissions and the resulting decline in the market value of the company's securities. *Id.* ¶¶ 19, 169. Lead Plaintiff asserts two causes of action in the Amended Complaint: in Count I, Lead Plaintiff alleges that Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5, and in Count II, Lead Plaintiff alleges that Individual Defendants Fieldly and Langhans violated Section 20(a) of the Exchange Act. *Id.* ¶¶ 184–95.

On June 13, 2025, Defendants filed a Motion to Dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). [ECF No. 64]. Lead Plaintiff filed a Response to the Motion [ECF No. 68], and Defendants filed a Reply [ECF No. 71]. The undersigned referred the Motion to Magistrate Judge Reinhart for a Report and Recommendation. [ECF No. 70].

On December 4, 2025, Judge Reinhart issued the Report recommending that the Motion to Dismiss be granted. [ECF No. 74]. Defendants filed a Notice of Non-Objection to the Report. [ECF No. 75]. Lead Plaintiff timely filed Objections to the Report [ECF No. 76], and Defendants filed a Response to Lead Plaintiff's Objections [ECF No. 77].

3

## II.   LEGAL STANDARDS

### A.  Standard of Review of Magistrate Judge's Report and Recommendation.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)). Here, since Lead Plaintiff filed timely objections, this Court has reviewed the record *de novo*.

### B.  Motion to Dismiss Standard.

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a complaint that does not satisfy the applicable pleading requirements for "failure to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion, the court accepts all of the complaint's allegations as true, construing them in the light most favorable to

the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, pleadings that "are no more than conclusions[ ] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Dismissal pursuant to a Rule 12(b)(6) motion is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint." *Shands Teaching Hosp. & Clinics, Inc. v. Beech St. Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000) (internal quotation marks omitted) (quoting *Hishon*, 467 U.S. at 73).

### C. *Section 10(b) Claim.*

Under Rule 10b-5, promulgated by the Securities and Exchange Commission ("SEC") under Section 10(b) of the Exchange Act, it is unlawful for any person:

> (a) To employ any device, scheme, or artifice to defraud, (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b-5.

To state a claim for securities fraud based on misrepresentations under Section 10(b) of the Exchange Act and Rule 10b–5, a plaintiff must allege six elements: "(1) a material misrepresentation or omission; (2) made with scienter; (3) a connection with the purchase or sale of a security; (4) reliance on a misstatement or omission; (5) economic loss; and (6) a causal connection between the material misrepresentation or omission and the loss, commonly called loss causation." *Instituto De Prevision Militar v. Merrill Lynch*, 546 F.3d 1340, 1352 (11th Cir. 2008) (quotation omitted). To survive a motion to dismiss, a claim brought under Section 10(b)

of the Act or Rule 10b–5 must satisfy (1) the federal notice pleading requirements; (2) the special fraud pleading requirements found in Federal Rule of Civil Procedure 9(b), *see Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001); and (3) the additional pleading requirements imposed by the Private Securities Litigation Reform Act ("PSLRA"). *See Phillips v. Scientific–Atlanta, Inc.*, 374 F.3d 1015, 1016 (11th Cir. 2004).

Under the federal notice pleading standards, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court must construe the reasonable inferences from well-pleaded facts in the light most favorable to the plaintiff. *FindWhat Investor Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011). Additionally, Rule 9(b) requires that, for complaints alleging fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Rule 9(b) dictates that the complaint must allege:

> (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud.

*FindWhat Investor Grp.*, 658 F.3d at 1296.

The PSLRA imposes additional heightened pleading requirements. For section 10(b) and Rule 10b–5 claims predicated on allegedly false or misleading statements or omissions, the PSLRA provides that "the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u–4(b)(1). In addition,

6

the complaint must "plead with particularity facts giving rise to a strong inference that the defendants either intended to defraud investors or were severely reckless when they made the alleged materially false or incomplete statements." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1238 (11th Cir. 2008) (quotation marks omitted).

## III.   DISCUSSION

### A.  *Magistrate Judge Reinhart's Findings And Conclusions.*

In the Report, Magistrate Judge Reinhart engages in an extensive analysis of the sufficiency of the allegations in the Amended Complaint and, as explained in the Report, Judge Reinhart determines that the Amended Complaint fails to satisfy the elements of falsity, materiality, and scienter required to state a claim for violation of Section 10(b) of the Exchange Act and Rule 10b-5. *See* Report at 13–35. Judge Reinhart further concludes that because Count I fails to adequately plead a violation of Section 10(b) and Rule 10b-5, Count II, alleging that Individual Defendants Fieldly and Langhans are liable as "control persons" under Section 20(a) of the Exchange Act, necessarily fails as well. *Id.* at 35. Accordingly, Magistrate Judge Reinhart recommends that the Motion to Dismiss be granted.

This Court turns to Lead Plaintiff's Objections to the specific findings and conclusions in the Magistrate Judge's Report.

### B.  *Lead Plaintiff's Objections.*

Lead Plaintiff argues that the Report contains errors with respect to the findings and conclusions on the elements of materiality and scienter. Lead Plaintiff further argues that the Magistrate Judge erred by failing to address Lead Plaintiff's request for leave to replead in the event the Court dismisses the Complaint in whole or in part. *See* Obj. at 7–8. This Court addresses the objections in turn below.

      1.   <u>Objections Regarding Material Misrepresentation</u>.

Lead Plaintiffs first objects to the Magistrate Judge's finding that the Defendants' statements are not "materially false," "amount to corporate optimism and opinion," and "do not rise to the level of materially misleading." Obj. at 11–17. Lead Plaintiff argues that the Magistrate Judge "mixes up the timing of the alleged misstatements and certain 'disclosures'" included in the "total mix of information available to the market" and "wrongly includes in the total mix of information disclosures that were made weeks after the alleged false statements." Obj. at 13.

After thoroughly reviewing the statements alleged to be materially false, Magistrate Judge Reinhart concludes that the "majority fall short of the pleading standards because the facts alleged do not support falsity and materiality." Report at 13–25. Specifically, Judge Reinhart concludes that several statements in the Amended Complaint fail to allege falsity or materiality "either because the statements appear to be true, do not provide facts to show they are false, or amount to non-actionable puffery or opinions." *Id.* at 16. With regards to certain statements, "such as references to Pepsi's 'massive distribution,' Defendants' confidence that sales were increasing and growth was strong, that the distribution system was a 'key factor' in Celsius' growth, and that Celsius was in a good place," Judge Reinhart concludes that "these statements also amount to corporate optimism and opinion, and are not actionable under the PSLRA." *Id.* at 18–19.

While Judge Reinhart determines that many of the alleged statements are not actionable, he concludes that certain statements "are a closer call" and *might* be actionable because they could be materially misleading. *Id.* at 19–25. Specifically, Judge Reinhart finds that "a factual statement that Pepsi's buildup of inventory was 'not a pipe fill' standing alone could rise to the

8

level of a material misrepresentation." *Id.* at 22. Judge Reinhart further finds that other statements, including "the increase in distribution didn't slow the overall velocity," "[t]he sales are moving quicker out of the register," and "it is not really a pipe fill," could be considered misleading. *Id.* at 24. Nevertheless, despite these potentially actionable statements, Judge Reinhart determines, upon considering the record as a whole and the "total mix" of information available to investors, that these statements do not rise to the level of materially misleading. *Id.* at 24. In so concluding, Judge Reinhart points to the fact that investors were well aware that Celsius recognized revenue when it delivered products to Pepsi and that the earnings reports were based on sales to Pepsi, not sales to the ultimate consumers. *Id.* Judge Reinhart also finds that certain disclosures by Defendants regarding Pepsi's buildup inventory, increase in the length of time products were sitting in the warehouses, and uncertainty as to how Pepsi would manage the inventory going forward indicate that investors had information relating to the inventory. *Id.*

Lead Plaintiff takes issue with the fact that the Report takes into consideration certain disclosures made in June, August, and November 2023 as altering the total mix of information as of May 9, 2023 – when the alleged misstatements were made. *Id.* at 12–14. However, even if such disclosures were made after the relevant time period and regardless of whether they are considered as part of the total mix of information, the undersigned agrees with Judge Reinhart's conclusion that the statements at issue are not actionable as currently pled.

As noted above, the PSLRA requires that a complaint for a securities violation "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed."

9

15 U.S.C. § 78u–4(b)(1). Upon a *de novo* review of the allegations in the Amended Complaint, the undersigned finds that Lead Plaintiff has not complied with these heightened pleading requirements. Moreover, as further discussed below, even if the alleged statements were materially false and misleading, the undersigned agrees with Judge Reinhart's conclusion that the Amended Complaint does not set forth particular facts that give rise to a strong inference that Defendants acted with the requisite state of mind.

2.   Objections Regarding Scienter.

Lead Plaintiff objects to the Magistrate Judge's finding that the Amended Complaint "fails to adequately allege that Defendants acted with scienter." Obj. at 17–25. Lead Plaintiff asserts that the Magistrate Judge incorrectly applies an actual knowledge standard to Defendants' scienter and overlooks the well-pled allegations that Defendants' own statements create a strong inference that they at least acted with severe recklessness. *Id.*

Under Section 10(b) and Rule 10b-5 of the Exchange Act, a plaintiff must, "with respect to each act or omission alleged . . . state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Carvelli v. Ocwen Fin. Corp.*, 934 F.3d 1307, 1318 (11th Cir. 2019) (internal quotation marks omitted). As further explained in the Report, the Eleventh Circuit sets a high standard for establishing scienter, the "mental state embracing intent to deceive, manipulate, or defraud." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1282 (11th Cir. 1999) (quoting *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 n.12 (1976)). To adequately plead scienter in the Eleventh Circuit, Lead Plaintiff must "state with particularity facts giving rise to a strong inference" that each Defendant acted "purposefully or with 'severe recklessness.' " 15 U.S.C. § 78u-4(b)(2); *Richard Thorpe & Darrel Weisheit v. Walter Inv. Mgmt., Corp.*, 111 F. Supp. 3d 1336, 1359 (S.D. Fla. 2015) (Ungaro, J.) (quoting *Thompson*

*v. RelationServe Media, Inc.*, 610 F.3d 628, 634 (11th Cir. 2010)). "Severe recklessness" requires a showing of "highly unreasonable omissions or misrepresentations that involve not merely simple or even inexcusable negligence, but an extreme departure from the standards of ordinary care," such that they "present a danger of misleading buyers or sellers which is either known to the defendant or is so obvious that the defendant must have been aware of it." *Richard Thorpe*, 111 F. Supp. 3d at 1359 (citation omitted). The inference of scienter "must be more than merely 'reasonable' or 'plausible'—it must be cogent and compelling" and "strong in light of other explanations," and courts must "take into account plausible opposing inferences" suggesting the absence of any wrongful intent. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 309, 323 (2007). Stated differently, in order to sufficiently allege scienter, "a plaintiff must allege facts from which a reasonable person would infer that it is at least as likely as not that the individual high-ranking defendants either orchestrated the alleged fraud (and thus always knew about it), learned about the alleged fraud, or were otherwise severely reckless in not learning of the alleged fraud when they made the purportedly false or misleading statements." *Richard Thorpe*, 111 F. Supp. 3d at 1359 (citing *Mizzaro*, 544 F.3d at 1247). *See also Brophy v. Jiangbo Pharm., Inc.*, 781 F.3d 1296, 1302 (11th Cir. 2015) ("Accordingly, [a] complaint will survive [a motion to dismiss] only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged . . . . Although we draw any reasonable inferences available on the face of the complaint in the investors' favor, we also must look to plausible, nonculpable explanations for the defendant's conduct in evaluating an inference of scienter.") (internal quotation marks and citation omitted).

In the Report, Magistrate Judge Reinhart states the correct scienter standard and concludes that the allegations in the Amended Complaint do not rise to the level of a "strong inference" of scienter that is at least as compelling as opposite inferences. *See* Report at 10–11, 25–29. With respect to allegations that the Individual Defendants "knew that there was a massive glut of Celsius products sitting unsold in Pepsi's warehouses because Defendants had access to Pepsi's inventory data" and that they "knew of the slowdown in orders from Pepsi" (Am. Compl. ¶¶ 61, 64), Magistrate Judge Reinhart concludes that "there are no allegations that the individual Defendants had these logins or accessed these programs, or that any employee provided them with information gained through this access." Report at 27. Upon a *de novo* review of the allegations, the undersigned agrees. The Amended Complaint contains no allegations that each of the Individual Defendants *themselves* monitored Pepsi's inventory levels and were aware of the "severe excess of 'several million more cases' of unsold product" to give rise to a "strong inference" that each Defendant acted purposefully or with severe recklessness. Further, as discussed in the Report, the allegations that the Individual Defendants attended meetings and were copied in emails relating to distribution and financial data, including Pepsi's inventory data (Am. Compl. ¶¶ 65, 66, 112), are insufficient to satisfy the high standard for establishing scienter in the Eleventh Circuit. *See* Report at 28–29 (citing cases).

"Moreover, the complaint must allege facts supporting a strong inference of scienter for *each defendant* with respect to *each violation*." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1238 (11th Cir. 2008) (emphasis added) (citing *Phillips v. Scientific–Atlanta, Inc.*, 374 F.3d 1015, 1016 (11th Cir. 2004)). Thus, the group pleading doctrine does not apply to the PSLRA's scienter requirements. *In re Sunbeam Sec. Litig.*, 89 F. Supp. 2d 1326, 1341 (S.D. Fla. 1999)

12

(Middlebrooks, J.) (holding that the group pleading doctrine survives the PSLRA as to Rule 9(b)'s particularity requirements, but does not apply to the PSLRA's scienter requirements).

Here, the Amended Complaint includes scienter allegations that improperly group the Defendants as "Individual Defendants" or "Defendants" instead of clearly distinguishing how *each* defendant acted purposefully or with severe recklessness. *See, e.g.*, Am. Compl. ¶¶ 29, 64, 85, 93, 125, 134. These allegations are insufficient under Rule 9(b) and the PSLRA, which requires Plaintiff to allege what each Defendant knew, how the Defendant knew that information and when each Defendant knew or should have known that information. *See City of St. Clair Shores Gen. Emps. Ret. Sys. v. Lender Processing Servs., Inc.*, No. 3:10–cv–1073–J–32JBT, 2012 WL 1080953, at *4 (M.D. Fla. Mar. 20, 2012) (dismissing complaint without prejudice because plaintiff failed to allege scienter with respect to each defendant); *Durham v. Whitney Info. Network, Inc.*, No. 06–CV–00687, 2009 WL 3783375, at *17 (M.D. Fla. Nov. 10, 2009) ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.") (internal quotation marks and citation omitted).

Therefore, to the extent allegations supporting scienter are not attributed to a specific Defendant, those allegations are also subject to dismissal for this reason, in addition to the reasons set forth in the Report. Lead Plaintiff also objects to the Magistrate Judge's findings and conclusions with respect to the allegations of the Individual Defendants' suspicious trading. However, because the undersigned finds that Lead Plaintiff has not adequately alleged particularized facts to support a strong inference of scienter for *each* defendant as an

13

independent basis for dismissal, the undersigned will not address the remainder of Plaintiff's Objections regarding the suspicious trading allegations.

### C. Leave To Amend.

In both the Response to the Motion and in the Objections to the Report, Lead Plaintiff requests an opportunity to amend the pleadings. Resp. at 25; Obj. at 6. Inclusion of this request for affirmative relief in the response rather than filing a motion is improper. *See* Fed. R. Civ. P. Rule 7(b)(1); *see also Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.") (quoting *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999)).

Nonetheless, having carefully considered the allegations and Lead Plaintiff's arguments in opposition to the Motion to Dismiss and in the Objections to the Report, this Court finds that it is possible that a more carefully drafted pleading including additional factual support may satisfy the pleading requirements discussed in the Report and above. "Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (cleaned up). Mindful that courts "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), this Court concludes that Lead Plaintiff should be permitted an opportunity to file a second amended complaint to correct the deficiencies discussed herein.

14

## IV.   CONCLUSION

Therefore, upon a *de novo* review, this Court finds Magistrate Judge Reinhart's Report to be thorough, well-reasoned, and correct. This Court fully agrees with the analysis in Judge Reinhart's Report and adopts the conclusions stated therein.

Accordingly, for the reasons stated in Magistrate Judge Reinhart's Report, and upon a *de novo* review, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation **[ECF No. 74]** is **AFFIRMED AND ADOPTED** in its entirety and incorporated by reference for all purposes, including appellate review.

2. Defendants' Motion to Dismiss **[ECF No. 64]** is **GRANTED**.

3. The Amended Complaint [ECF No. 57] is **DISMISSED WITHOUT PREJUDICE and with leave to amend**.

If Lead Plaintiff intends to file a Second Amended Complaint, Lead Plaintiff shall do so within **twenty (20) days** of the date of this Order and is admonished to address the issues raised in the Magistrate Judge's Report and incorporated herein in any amended pleading.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 31st day of March, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

15